---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of  Delaware
_____(State)

Case number (*If known*): _____  Chapter  11

☐ Check if this is an
   amended filing

---

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's name** | TPC Group Inc._____ |

| | |
|---|---|
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | TPC, TPC Group, Texas Petrochemicals<br>_____<br>_____<br>_____<br>_____ |

| | |
|---|---|
| 3. **Debtor's federal Employer Identification Number (EIN)** | 2 0 – 0 8 6 3 6 1 8 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| One Allen Center<br>500 Dallas Street, Suite 200 | |
| Number        Street | Number        Street |
| Attn:  Bart de Jong | |
| | P.O. Box |
| Houston, TX 77002 | |
| City            State    ZIP Code | City            State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Harris | |
| County | Number        Street |
| | |
| | City            State    ZIP Code |

| | |
|---|---|
| 5. **Debtor's website** (URL) | www.tpcgrp.com |

---

Debtor    _TPC Group Inc._____    Case number *(if known)*_____
                                          Name

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding  LLP)
☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
   http://www.uscourts.gov/four-digit-national-association-naics-codes .

   _3_  _2_  _5_  _1_

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    TPC Group Inc.
_____    Case number (*if known*)_____
Name

---

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No

   ☐ Yes.  District _____  When _____  Case number _____
                                          MM / DD / YYYY

           District _____  When _____  Case number _____
                                          MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No

    ☒ Yes.  Debtor  See Schedule 1 _____  Relationship  See Schedule 1 _____

            District  District of Delaware _____  When  See Schedule 1 _____
                                                                  MM  /  DD  / YYYY

            Case number, if known  _____

---

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No

    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

      What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number        Street

                              _____

                              _____  _____
                              City                              State ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

          Contact name _____

          Phone _____

---

| | **Statistical and administrative information** |
|---|---|

---

Debtor    TPC Group Inc._____    Case number (*if known*)_____
          Name

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    06/01/2022
               MM / DD / YYYY

✘ */s/ Bart de Jong*_____    Bart de Jong_____
Signature of authorized representative of debtor    Printed name

Title    Senior Vice President and Chief Financial Officer_____

| Debtor | TPC Group Inc. | Case number *(if known)* |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✗ /s/ Robert J. Dehney

Signature of attorney for debtor

Date 6/1/2022

MM / DD / YYYY

Robert J. Dehney

Printed name

Morris Nichols Arsht & Tunnell LLP

Firm name

1201 North Market Street, 16th Floor, P.O. Box 1347

Number        Street

Wilmington                                               DE          19899-1347

City                                                          State        ZIP Code

302-351-9353                                    rdehney@morrisnichols.com

Contact phone                                    Email address

____3578___  _____  _____  _____ __Delaware____

Bar number                                                                         State

## Schedule 1

TPC Group LLC

TPC Group Inc.

TPC Holdings, Inc.

TPC Phoenix Fuels LLC

TP Capital Corp.

Texas Olefins DISC

Texas Butylene Chemical Corporation

Port Neches Fuels, LLC

**SECRETARY'S CERTIFICATE OF**

**TPC HOLDINGS, INC. AND TPC GROUP INC.**

May 31, 2022

This Certificate is being executed and delivered in connection with the filing of voluntary petitions for Chapter 11 relief by TPC, Holdings, and the Chapter 11 Debtor Subsidiaries. Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Board Resolutions (as defined below).

The undersigned hereby certifies that he is the duly elected and qualified Assistant Secretary of TPC and Holdings and, solely in his official capacity as an officer of TPC and Holdings and not in his individual capacity, is authorized to execute and deliver this Certificate on behalf of each Company, and further certifies as follows:

Attached hereto as <u>Exhibit A</u> is a true, correct and complete copy of the resolutions adopted at a meeting of the Board of Directors of each Company duly held on May 31, 2022 (the "<u>Board Resolutions</u>"), authorizing each Company and the Chapter 11 Debtor Subsidiaries to, among other things, (i) enter into the Amended RSA, (ii) file the Chapter 11 Cases in Bankruptcy Court, (iii) engage certain professionals in connection with the Chapter 11 Cases, and (iv) enter into the other documents, instruments and agreements in connection therewith. The Board Resolutions have not been modified, amended or rescinded since their adoption, and remain in full force and effect as of the date hereof.

*[Signature Page Follows]*

IN WITNESS WHEREOF, I have signed this Secretary's Certificate as of the date first above written.

_____
Patrick Hurt
Assistant Secretary

EXHIBIT A

Board Resolutions



## RESOLUTIONS OF THE BOARDS OF DIRECTORS
## OF
## TPC HOLDINGS INC.
## TPC GROUP INC.

### May 31, 2022

**WHEREAS**, the Board of Directors (in each case, the "<u>Board</u>") of each of TPC Group Inc., a Delaware corporation ("<u>TPC</u>") and TPC Holdings, Inc., a Delaware corporation ("<u>Holdings</u>" and each of TPC and Holdings, individually, a "<u>Company</u>"), has, with the benefit of (i) financial advice from such Company's financial advisors and management, (ii) legal advice from outside counsel and the general counsel to such Company, (iii) operational advice from management of such Company, and (iv) recommendations from the Special Committee of the Board of such Company (each, a "<u>Special Committee</u>"), fully considered each of the strategic alternatives available to such Company and has had the opportunity to ask questions about the materials presented by management of and the legal and financial advisors to such Company regarding the liabilities and liquidity of such Company and the strategic alternatives available to it;

**WHEREAS**, each of TPC Group LLC, a Texas limited liability company, Texas Butylene Chemical Corporation, a Texas corporation, Texas Olefins Domestic International Sales Corporation, a Texas corporation, TPC Phoenix Fuels LLC, a Texas limited liability company, Port Neches Fuels, LLC, a Delaware limited liability company, and TP Capital Corp., a Delaware corporation, is, directly or indirectly, a wholly owned subsidiary of each Company (collectively, the "<u>Chapter 11 Debtor Subsidiaries</u>" and together with the Company, the "<u>Company Parties</u>");

**WHEREAS**, the Board has determined that taking the actions set forth below is advisable and in the best interests of the Company Parties and, therefore, approves the following resolutions with respect to each Company:

<u>**Amended and Restated Restructuring Support Agreement**</u>

**WHEREAS**, the Company Parties entered into that certain Restructuring Support Agreement and related documents, dated as of May 6, 2022 (the "<u>RSA</u>"); and

**WHEREAS**, the parties thereto propose that the RSA be amended and restated in substantially the form previously provided to the Board (the "<u>Amended RSA</u>");

**WHEREAS**, the Board hereby deems it advisable and in the best interests of each of the Company Parties that the Company Parties enter into the Amended RSA and to consummate the transactions contemplated therein;

**NOW, THEREFORE, BE IT RESOLVED**, that the Amended RSA is approved and adopted, and that the Chief Executive Officer, the Chief Operating Officer, the Chief Financial Officer, Executive Vice President, Senior Vice President, or Treasurer of each Company (each, an "<u>Authorized Person</u>"), and all officers of each of the Company Parties acting on the instruction or behalf of an Authorized Person are authorized and directed, in the name and on behalf of such Company Party, to enter into the Amended RSA.



**Commencement of Chapter 11 Cases**

NOW, **THEREFORE, BE IT RESOLVED**, that the Board has determined, after due consultation with the management of and the legal and financial advisors to each Company, that it is desirable and in the best interests of each of the Company Parties, their respective creditors, and other parties in interest, that a petition be filed by each Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code; and be it further

**RESOLVED**, that each Authorized Person, in each case, acting singly or jointly, is authorized, empowered, and directed to execute and file in the name and on behalf of such Company, and to execute and file, or cause to be executed and filed, in the name and on behalf of such Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take any and all further acts and deeds which such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Company chapter 11 cases (the "Chapter 11 Cases"), including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection with the successful prosecution of the Chapter 11 Cases, including the professional retentions set forth in this resolution.

**Debtor-in-Possession Financing – Term Loan**

**WHEREAS**, the Board has determined it is advisable and in the best interests of each of the Company Parties that TPC borrow an aggregate principal amount of Superpriority Secured Term Loans consisting of (x) up to $85,000,000.00 of new money term loans (the "New Money Loans") and (y) roll up term loans pursuant to which certain of TPC's existing senior priority notes outstanding will be deemed "rolled up" and converted into term loans, on a cashless dollar-for-dollar basis (the "Roll Up Loans"; together with the New Money Loans, the "DIP Term Loans"), which will be unconditionally guaranteed on a senior secured basis (the "DIP Term Loan Guarantees") by Holdings and the Chapter 11 Debtor Subsidiaries (the "Guarantors");

**WHEREAS**, TPC proposes to enter into (A) the Senior Secured Super-Priority Priming Debtor-in-Possession Credit Agreement, to be dated on or about the date hereof (the "DIP Term Loan Credit Agreement"), among TPC, the Guarantors, the several banks and other financial institutions or entities from time to time parties thereto as lenders (the "DIP Term Loan Lenders"), GLAS USA LLC, as administrative agent (the "DIP Term Loan Administrative Agent") and GLAS Americas LLC as collateral agent (the "DIP Term Loan Collateral Agent" and together with the DIP Term Loan Administrative Agent, the "DIP Term Loan Agents") for the DIP Term Loan Lenders and (B) the other Loan Documents (as defined in the DIP Term Loan Credit Agreement), pursuant to which, among other things, TPC will receive commitments from the Lenders to lend the DIP Term Loans;

**WHEREAS**, the terms of the DIP Term Loan Credit Agreement, DIP Term Loan Pledge and Security Agreement (as defined below), DIP Term Loan Document Guarantee (as defined below), DIP Term Loan Intercreditor Agreement Joinder (as defined below), and the other Loan Documents have been summarized to the Board, and unless otherwise defined in these resolutions, capitalized terms used but not defined in this section shall have the respective meanings set forth in the DIP Term Loan Credit Agreement;



WHEREAS, TPC proposes to enter into a Guarantee, dated as of the date of the DIP Term Loan Credit Agreement (the "DIP Term Loan Document Guarantee"), among TPC, the Guarantors and the DIP Term Loan Administrative Agent for the benefit of the Secured Parties (as defined therein), pursuant to which the Guarantors shall provide the DIP Term Loan Guarantees; and

WHEREAS, TPC proposes to enter into the DIP Term Loan Pledge and Security Agreement, dated as of the date of the DIP Term Loan Credit Agreement (the "DIP Term Loan Pledge and Security Agreement"), between TPC, the Guarantors and the DIP Term Loan Collateral Agent, as the collateral agent, pursuant to which, among other things, the Lenders shall become Secured Parties under the DIP Term Loan Pledge and Security Agreement and the DIP Term Loan Collateral Agent shall be appointed as the agent of the Secured Parties with respect to the DIP Term Loan Pledge and Security Agreement and the other Security Documents;

NOW, THEREFORE, BE IT RESOLVED, that TPC is authorized, and each Authorized Person and all officers of TPC acting on the instruction or behalf of an Authorized Person are, authorized and directed, in the name and on behalf of TPC, to incur the DIP Term Loans.

### Debtor-in-Possession Financing – ABL

WHEREAS, the Board hereby deems it advisable and in the best interests of each of the Company Parties that TPC enter into a Debtor-in-Possession Credit Agreement (the "ABL DIP Credit Agreement" and together with the DIP Term Loan Credit Agreement, the "DIP Credit Agreements") among TPC, the Guarantors, the several banks and other financial institutions or entities from time to time parties thereto (the "ABL DIP Lenders" and together with the DIP Term Loan Lenders, the "Lenders"), Eclipse Business Capital LLC., as administrative agent (in such capacity, the "ABL DIP Administrative Agent") for the ABL DIP Lenders and as collateral agent (in such capacity, the "ABL DIP Collateral Agent" and together with the ABL DIP Administrative Agent, the "ABL DIP Agent"; the ABL DIP Agent, together with the DIP Term Loan Agents, the "Agents") for the ABL DIP Lenders, and each of the other agents and arrangers party thereto and (B) the other Loan Documents (as defined in the ABL DIP Credit Agreement), pursuant to which, among other things, TPC and the other borrowers will receive commitments to borrow revolving loans, swingline loans, and/or to have letters of credit issued on their behalf in an initial aggregate principal amount of up to $200,000,000 (the "ABL DIP Revolving Facility"), which will be unconditionally guaranteed on a senior secured basis (the "ABL DIP Guarantees" and, together with the DIP Term Loan Guarantees, the "Guarantees") by the Guarantors;

WHEREAS, the terms of the ABL DIP Credit Agreement, ABL DIP Pledge and Security Agreement (as defined below), ABL DIP Loan Document Guarantee (as defined below), DIP ABL Intercreditor Agreement Joinder (as defined below), and the other Loan Documents have been summarized to the Board, and unless otherwise defined in these resolutions, capitalized terms used but not defined in this section shall have the respective meanings set forth in the ABL DIP Credit Agreement;

WHEREAS, TPC proposes to enter into a Guarantee, dated as of the date of the ABL DIP Credit Agreement (the "ABL DIP Loan Document Guarantee" and together with the DIP Term Loan Document Guarantee, the "Loan Document Guarantees"), among TPC, the Guarantors and the ABL DIP Administrative Agent for the benefit of the Secured Parties (as defined therein), pursuant to which the Guarantors shall provide the ABL DIP Guarantees; and



**WHEREAS**, TPC proposes to enter into the ABL DIP Pledge and Security Agreement, dated as of the date of the ABL DIP Credit Agreement (the "<u>ABL DIP Pledge and Security Agreement</u>" and together with the DIP Term Loan Pledge and Security Agreement, the "<u>Pledge and Security Agreements</u>"), between TPC, the Guarantors and the ABL DIP Collateral Agent, as the collateral agent, pursuant to which, among other things, the ABL DIP Lenders shall become Secured Parties under the ABL DIP Pledge and Security Agreement and the ABL DIP Loan Collateral Agent shall be appointed as the agent of the Secured Parties with respect to the ABL DIP Pledge and Security Agreement and the other Security Documents;

**NOW, THEREFORE, BE IT RESOLVED**, that TPC is authorized, and each Authorized Person and all officers of TPC acting on the instruction or behalf of an Authorized Person are, authorized and directed, in the name and on behalf of TPC, to enter into the ABL DIP Revolving Facility; and be it further

**RESOLVED**, that the form, terms and provisions of the DIP Credit Agreements, to be entered into by TPC, the Guarantors, the respective Agents and the respective Lenders, which terms have been summarized to the Board, and the transactions contemplated thereby, are approved and adopted in all respects, and that the Authorized Persons of TPC are, authorized and directed to (a) execute and deliver, in the name and on behalf of TPC, to the extent they are party thereto, each DIP Credit Agreement and any other agreements or documents required in connection therewith in substantially the form hereby approved with such changes therein or amendments thereto (substantial or otherwise) as the officer executing the same does, by execution thereof, approve, and (b) perform the obligations and carry out the duties of TPC thereunder (including any borrowing by the Company) and under all such other agreements and documents required to be executed and delivered in connection therewith; and be it further

**RESOLVED**, that the form, terms and provisions of the Loan Document Guarantees, guaranteeing the obligations of TPC and its affiliates party thereto under the respective DIP Credit Agreement and the other Loan Documents, by TPC in favor of the respective Agent for the benefit of the respective Secured Parties, which terms have been summarized to the Board, and the transactions contemplated thereby, are approved and adopted in all respects, and that the Authorized Persons of TPC be, and each of them individually are authorized, empowered and directed for, and in the name and on behalf of, TPC to (a) execute and deliver each Loan Document Guarantee and any other agreements or documents required in connection therewith in substantially the form hereby approved with such changes therein or amendments thereto (substantial or otherwise) as the officer executing the same does, by execution thereof, approve and (b) perform the obligations and carry out the duties of TPC thereunder and under all such other agreements and documents required to be executed and delivered in connection therewith.

**<u>Intercreditor Agreements Joinders</u>**

**WHEREAS**, TPC proposes to enter into a Collateral Agent Joinder Agreement, dated as of the date of the DIP Term Loan Credit Agreement (the "<u>DIP Term Loan Intercreditor Agreement Joinder</u>"), between TPC and the DIP Term Loan Agents, pursuant to which the DIP Term Loan Agents shall accede and become parties to the Intercreditor Agreement as a Notes Representative (as defined in the Intercreditor Agreement) and the indebtedness incurred pursuant to the DIP Term Loan Credit Agreement shall be designated as Notes Obligations (as defined in the Intercreditor Agreement), the DIP Term Loan Credit Agreement being an Additional Pari Passu Agreement (as defined in the Intercreditor Agreement);

**WHEREAS**, TPC proposes to enter into a Collateral Agent Joinder Agreement, dated as of the date of the ABL DIP Term Loan Credit Agreement (the "<u>ABL DIP Intercreditor Agreement Joinder</u>" and together



with the DIP Term Loan Intercreditor Agreement Joinder, the "Intercreditor Agreement Joinders"), between TPC and the ABL DIP Agent, pursuant to which the ABL DIP Agent shall accede and become party to the Intercreditor Agreement as a Notes Representative (as defined in the Intercreditor Agreement) and the indebtedness incurred pursuant to the ABL DIP Credit Agreement shall be designated as Notes Obligations (as defined in the Intercreditor Agreement), the ABL DIP Credit Agreement being an Additional Pari Passu Agreement (as defined in the Intercreditor Agreement); and

**WHEREAS**, the Board hereby deems it to be advisable and in the best interests of each Company that TPC takes such actions with respect to the following transactions and all other transactions related thereto or contemplated thereby as hereinafter set forth in these resolutions;

**NOW, THEREFORE, BE IT RESOLVED**, that the form, terms and provisions of the Intercreditor Agreement Joinders, to be entered into by TPC and the respective Agents, which terms have been summarized to the Board, and the transactions contemplated thereby, are approved and adopted in all respects, and that the Authorized Persons of TPC be, and each of them individually are authorized, empowered and directed for, and in the name and on behalf of, TPC to (a) execute and deliver the Intercreditor Agreement Joinders and any other agreements or documents required in connection therewith in substantially the form hereby approved with such changes therein or amendments thereto (substantial or otherwise) as the officer executing the same does, by execution thereof, approve and (b) perform the obligations and carry out the duties of TPC thereunder and under all such other agreements and documents required to be executed and delivered in connection therewith.

## Debtor-in-Possession Financing – Commitment Letters

**WHEREAS**, the Board deems it to be advisable and in each Company's best interest that (i) TPC enter into a commitment letter (the "ABL Commitment Letter") with Eclipse Business Capital LLC (together with its affiliates, "Eclipse") whereby Eclipse commits to provide to TPC (x) the ABL DIP Facility and (y) an exit ABL facility with commitments to borrow revolving loans, swingline loans, and/or to have letters of credit issued on their behalf in an initial aggregate principal amount of up to $200,000,000 (the "ABL Exit Facility") and (ii) each Company enter into a commitment letter (the "DIP Term Loan Commitment Letter" and together with the ABL Commitment Letter, the "Commitment Letters") with DIP Term Loan Lenders whereby DIP Term Loan Lenders commit to provide to TPC the DIP Term Loan Facility;

**NOW, THEREFORE, BE IT RESOLVED**, that the form, terms and provisions of each ABL Commitment Letter, to be entered into by TPC and Eclipse and the DIP Term Loan Commitment Letter, to be entered into by each Company and the DIP Term Loan Lenders, which, in each case, terms have been summarized to each Board of Directors, and the transactions contemplated thereby, are approved and adopted in all respects, and that the Authorized Officers of each Company is, and each authorized and directed to (a) execute and deliver, in the name and on behalf of such Company party thereto each Commitment Letter and any other agreements or documents required in connection therewith in substantially the form hereby approved with such changes therein or amendments thereto (substantial or otherwise) as the officer executing the same shall, by execution thereof, approve, and (b) perform the obligations and carry out the duties of each thereunder and under all such other agreements and documents required to be executed and delivered in connection therewith.

## Other Collateral Documents Relating to the DIP Credit Agreements

**NOW, THEREFORE, BE IT RESOLVED**, that TPC is authorized, empowered and directed



to secure the respective Notes Obligations (including, without limitation, principal, interest thereon and fees and expenses related thereto) by granting security interests in, and pledging, with respect to, its right, title and interest in and to all of its properties and assets (including but not limited to TPC's accounts, chattel paper, contracts, documents of title, fixtures, equipment, negotiable instruments, securities, inventory and other personal property (including general intangibles); its trademarks, trade secrets, patents, copyrights and licenses therefor; the capital stock of or equity interests in its subsidiaries; and the proceeds of any of the foregoing) to the respective Agents for the benefit of the respective Secured Parties as contemplated by the DIP Credit Agreements, the Pledge and Security Agreements, the Loan Document Guarantees, any other Security Documents and any of the other agreements entered into pursuant thereto or in connection therewith, or as any of the Authorized Persons may deem necessary or advisable to carry out the terms, intents and purposes of the DIP Credit Agreements, the Pledge and Security Agreements, the Loan Document Guarantees and any other Security Documents and the transactions contemplated thereby.

**First Day Declarant**

**NOW, THEREFORE, BE IT RESOLVED**, that in light of the tenure of FTI Consulting's ("FTI") engagement by each Company and, through such engagement, the familiarity and experience of Mr. Robert A. Del Genio ("Mr. Del Genio"), Senior Managing Director, with each Company, it's day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Cases, and each Company's negotiations with its key stakeholders to date, the Board has determined it is appropriate and in the best interest of each Company to authorize Mr. Del Genio to serve as a declarant and provide testimony on behalf of each Company with respect to each Company's need for the relief requested in the "first day" pleadings (the "First Day Relief") to be filed in connection with commencement of the Chapter 11 Cases; and be it further

**RESOLVED,** that Mr. Del Genio is hereby authorized and empowered, on behalf of each Company, to provide testimony, including by declaration, on behalf of each Company regarding each Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Cases, and negotiations with each Company's key stakeholders and each Company's determination regarding the need for First Day Relief.

**Retention of Advisors**

**NOW, THEREFORE, BE IT RESOLVED**, that Moelis & Company, located at 399 Park Avenue, New York, NY 10022, is retained as investment bank to each Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that FTI Consulting, Inc., located 1166 Avenue of the Americas, New York, NY 10036, is retained as financial advisor to each Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Baker Botts L.L.P., located at (i) 30 Rockefeller Plaza, New York, NY 10112, (ii) 910 Louisiana Street, Houston, TX 77002 and (iii) 2001 Ross Avenue, Dallas, TX 75201, is retained as counsel to each Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further



**RESOLVED**, that Simpson Thacher & Bartlett LLP, located at 425 Lexington Avenue, New York, NY 10017, is retained as special finance counsel to each Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Kroll Restructuring Administration, located at 55 East 52nd Street 17 Fl, New York, NY 10055, is retained as claims, noticing and solicitation agent for each Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Province, LLC, located at 700 Canal Street, Suite 12E, Stamford, CT 06902, by and through David Dunn, Principal, is retained as VP of Restructuring to each Company in the Chapter 11 Cases, subject to Bankruptcy Court approval.

## Other Actions, Authorizations, Documents

**NOW, THEREFORE, BE IT RESOLVED**, that TPC is authorized, and each Authorized Person and all officers of TPC acting on the instruction or behalf of an Authorized Person are, authorized and empowered, in the name and on behalf of TPC, to (i) take or cause to be taken, and (ii) cause the Chapter 11 Debtor Subsidiaries to take or cause to be taken, all such further actions and to execute and deliver or cause to be executed and delivered, in the name and on behalf of TPC or such subsidiary, all such further agreements, promissory notes or other evidences of indebtedness, amendments, recorded and/or filed documents, UCC financing statements and amendments, pledged securities and stock powers, certificates and undertakings and to incur and pay all such costs, fees and expenses and to engage such persons as in their judgment shall be necessary, appropriate or convenient to carry into effect the purposes and intent of any and all of the foregoing resolutions and the execution by such officer or officers or the payment of any such fees and expenses or the engagement of such persons or the doing by them of any act or thing in connection with the foregoing matters shall conclusively establish their authority therefore and the approval and ratification of the certificates, instruments, documents or papers so executed, the fees and expenses so paid, the persons so engaged and the acts or things so done; and be it further

**RESOLVED**, that each Authorized Person and all officers of TPC acting on the instruction or behalf of an Authorized Person are authorized to prepare any amendments, supplements, modifications, restatements, waivers or consents under any of the Loan Documents as may be necessary or appropriate from time to time, which amendments, supplements, modifications, restatements, waivers or consents to such agreements or documents may provide for consent payments, fees or other amounts payable or other modifications of relief under such agreements or documents, the purpose of such amendments, supplements, modifications, restatements, waivers or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or otherwise; and that the Authorized Persons, or any officer of TPC acting at the direction of the Authorized Person, are authorized, endorsed, empowered and directed to execute and deliver, or cause to be executed and delivered, in the name and on behalf of TPC, the amendments, supplements, modifications, restatements, waivers or consents under such agreements or documents as such Authorized Person or Authorized Persons shall determine to be necessary or appropriate, in the forms negotiated by such Authorized Person or Authorized Persons; and be it further

**RESOLVED**, that in addition to the specific authorizations set forth in any of the foregoing resolutions, each Authorized Person and all officers of TPC acting on the instruction or behalf of an Authorized Person are authorized to take from time to time, in the name and on behalf of TPC, any and all such actions and to execute and deliver from time to time any and all such agreements, instruments, requests, receipts, notes,



applications, reports, certificates and other documents and to obtain such consents and to take all other actions as may be necessary or appropriate in their opinion to effectuate and comply with the purpose and intent of any or all of the foregoing resolutions; and be it further

**RESOLVED**, that TPC is authorized to cause each of the Chapter 11 Debtor Subsidiaries to (a) execute and deliver each of the following documents to which any such subsidiaries are parties: (i) the DIP Credit Agreements, (ii) the Pledge and Security Agreements, (iii) Loan Document Guarantees and (iv) any other Loan Document, (b) unconditionally guarantee the obligations of TPC (and the other Borrowers, in the case of the ABL BIP Loan Document Guarantee) as contemplated by the Loan Document Guarantees and any of the other agreements entered into pursuant thereto or in connection therewith (and hereby consents to such guarantee), (c) pledge and otherwise encumber all or substantially all of such subsidiary's assets as contemplated by the DIP Credit Agreements, the Pledge and Security Agreements, the Loan Document Guarantees, any other Security Documents and any of the other agreements entered into pursuant thereto or in connection therewith (and hereby consents to such pledge or other encumbrance) and (d) take all other actions and incur all other obligations required by each such document as TPC may deem necessary in connection with the consummation of the transactions contemplated thereby.

**Fees**

**NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person is authorized and directed in the name and on behalf of each Company to pay all proper fees, expenses and taxes incident to making the filings referred to in these resolutions and such other proper fees and expenses in connection with entry into the DIP Credit Agreements and the other Loan Documents or related documents, including without limitation, any fees of the Agents, the Lenders and their legal counsel and accountants, and any fees or expenses related to the granting and perfecting of security.

**General Authority to Implement the Foregoing Resolutions**

**NOW, THEREFORE, BE IT RESOLVED**, that Authorized Persons are, in the name of and on behalf of each Company, authorized, empowered and directed to do and perform, or cause to be done and performed, all such acts, deeds and things and to make, negotiate, prepare and execute, deliver and file, or cause to be made, prepared, executed, delivered, recorded and/or filed, all such agreements, amendments, certificates, statements, reports, documents, instruments and papers as such Authorized Persons may deem necessary or advisable to carry out the purposes and intent of the foregoing resolutions, or required to be prepared, executed or filed by such Company in order for such Company to comply with all applicable requirements and regulations of applicable law and any administrative or governmental agency in connection with any matter contemplated by these resolutions, with the making of any such filing, the taking of any such action or the execution and/or delivery of any such agreement, amendment, certificate, statement, report, instrument, document or paper constituting conclusive evidence of such Authorized Person's authority therefor and of the approval of such Board, and to take such other actions as any such Authorized Person may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the agreements and transactions contemplated by, and the intent and purposes of, any of the foregoing resolutions; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document, instrument or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the



Authorized Persons to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

        **RESOLVED**, that the signatures of the Authorized Persons in any documents described or contemplated herein may be the facsimile or .pdf signatures of the Authorized Persons and may be imprinted or otherwise reproduced thereon, each Company hereby adopts for such purpose each facsimile or .pdf signature as binding upon it, and in case any Authorized Person who had signed or whose facsimile or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by each Company with the same effect as if that person were such officer at the date of issue; and be it further

        **RESOLVED**, that each Authorized Person be authorized, empowered and directed, in the name of and on behalf of each Company, to take all such actions and to execute and deliver, or cause to be executed and delivered, all such further agreements, instruments, filings and documents, in the name of and behalf of each Company, under its corporate seal or otherwise, and to pay all such costs, fees, expenses and taxes as such Authorized Person or Authorized Persons may deem necessary, proper and advisable in order to fully carry out the intent and to accomplish the purposes of the foregoing resolutions, with the taking of any such action or the execution and delivery of any such agreement, instrument or document constituting conclusive evidence, binding upon each Company, of such Authorized Person authority and of the approval of the Company; and be it further

        **RESOLVED**, that each of the Authorized Persons of each Company be authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and be it further

        **RESOLVED**, that all acts and things heretofore done by any Authorized Person or by any employees or agents of each Company, on or before the date hereof in connection with the transactions contemplated by the foregoing resolutions are ratified, approved and confirmed in all respects.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TPC GROUP INC. | Case No. 22-____ (___) |
| Debtor. | (Joint Administration Requested) |

## STATEMENT OF CORPORATE OWNERSHIP

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the undersigned authorized officer of the Debtor certifies that the following corporate entities/individuals own 10% or more of the Debtor's equity interest.

| Shareholder | Percentage of Total Shares |
|---|---|
| TPC Holdings, Inc. | 100% (common stock) |

**Fill in this information to identify the case:**

Debtor name _____ TPC GROUP INC., et al., _____

United States Bankruptcy Court for the:  _District of_ _Delaware_

Case number (If known): 22-_____   _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. Bank National Association Global Corporate Trust Services 13737 Noel Road, Suite 800 Dallas, Texas 75240 | Mark Radtke Foley & Lardner LLP Tel: (312) 832-4966 mradtke@foley.com | Deficiency Claim; 10.5% secured notes due 2024 | | $1,086,300,000 | $519,300,000 | $567,000,000 |
| 2 | Formosa Plastics Corporation 9 Peachtree Hill Road Livingston, NJ 07039 | Andrew Yen Formosa Plastics Corporation Tel: (973) 716-7567 ayen@fpcusa.com | Trade Debt | | | | $12,127,212 |
| 3 | Chevron-Phillips Chemical Company  LP 10001 Six Pines Drive The Woodlands, TX 77538 | Kevin Ristroph Chevron-Phillips Chemical Company LP Tel: (832) 728-9224 kevin.ristroph@cpchem.com | Trade Debt | | | | $9,684,790 |
| 4 | Westlake Petrochemicals LLC 2801 Post Oak Boulevard, Suite 600 Houston, TX 77056 | Lowell Sykes Westlake Petrochemicals LLC Tel: (270) 519-4112 lsykes@westlake.com | Trade Debt | | | | $8,118,075 |
| 5 | Sasol Chem N.A. LLC 12120 Wickchester Lane Houston, TX 77079 | Taylor Lombardi Sasol Chem N.A. LLC Tel: (832) 840-4056 taylor.lombardi@us.sasol.com | Trade Debt | | | | $6,752,065 |
| 6 | Nova Chemicals Inc. 1555 Coraopolis Heights Road Moon Township, PA 15108 | Kevin Blanc Nova Chemicals Inc Tel: (412) 490-4000 kevin.blanc@novachem.com | Trade Debt | | | | $6,521,087 |
| 7 | Oci Methanol Marketing LLC 9 Greenway Plaza, Suite 800 Houston, TX 77046 | Mark Sanders Oci Methanol Marketing LLC Tel: (832) 570-3141 mark.sanders@oci.nl | Trade Debt | | | | $4,541,361 |
| 8 | Southern Chemical Corp. 2 Northpoint Drive, Suite 975 Houston, TX 77060 | Adrian Spencer Southern Chemical Corp. Tel: (281) 798-0366 aspencer@southernchemical.com | Trade Debt | | | | $3,117,225 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9    Nova Chemicals Olefins LLC 2800 Post Oak Blvd., Suite 425 Houston, TX 77478 | Jans Veldkamp Nova Chemicals Olefins LLC Tel: (713) 854-8655 jans.veldkamp@novachem.com | Trade Debt | | | | $1,856,575 |
| 10   Irisndt Inc. 4649 S. Sam Houston Parkway E. Houston, TX 77048 | Mike Bazzi Irisndt Inc. Tel: (713) 209-2710 mike.bazzi@irisndt.com | Trade Debt | | | | $1,763,360 |
| 11   Shintech Incorporated #3 Greenway Plaza, Suite 1150 Houston, TX 77046 | Tomoniro Hasegawa Shintech Incorporated Tel: (713) 965-0713 thasegawa@shin-tech.com | Trade Debt | | | | $1,714,771 |
| 12   Clean Harbors Industrial Services Inc PO Box 3442 Boston, MA 02241-3442 | Tammy Hudson Clean Harbors Industrial Services Inc. Tel: (832) 780-1057 hudson.tammy@cleanharbors.com | Trade Debt | | | | $1,521,152 |
| 13   Cokinos Energy Corporation 5718 Westheimer, Suite 900 Houston, TX 77057 | Kevin Cokinos Tel: (713) 974-0101 kevin@cokinosenergy.com | Trade Debt | | | | $1,402,964 |
| 14   Linde Inc PO Box 417518 Boston, MA 02241-7518 | Tim Bowling Tel: (281) 203-3604 tim.bowling@linde.com | Trade Debt | | | | $1,277,842 |
| 15   Burrow Global Services, LLC Department 560, PO Box 4652 Houston, Tx 77210 | Dan Moser Tel: (408) 348-6089 daniel.moser@burrowglobal.com | Trade Debt | | | | $1,229,228 |
| 16   Sabic Petrochemicals Holdings US LLC 2500 Citywest Blvd, Suite 100 Houston, TX 77042 | Deepak Veluru Tel: (832) 434-5781 dveluru@sabic.com | Trade Debt | | | | $1,028,148 |
| 17   Indorama Ventures Oxides LLC 2701 Spur 136 Port Neches, TX 77651 | Cindy Wu Tel: (346) 365-6096 cindy.wu@us.indorama.net | Trade Debt | | | | $999,483 |
| 18   Evoqua Water Technologies LLC 28563 Network Place Chicago, IL 60673-1285 | Megan Link McHolick Tel: (936) 520-8596 megan.link@evoqua.com | Trade Debt | | | | $949,564 |
| 19   Indorama Ventures PCL 2701 Spur 136 Port Neches, TX 77651 | John Maniscalco Gette Law PLLC Tel: (214) 447-0637 jmaniscalco@gettelaw.com | Litigation; Cause No. A2020-0236-MDL 128th Judicial District Court of Orange County, Texas | CUD | | | Undetermined |
| 20   Factory Mutual Insurance Company 1 Cowboys Way, Suite 600 Frisco, TX 75034 | John Maniscalco Gette Law PLLC Tel: (214) 447-0637 jmaniscalco@gettelaw.com | Litigation; Cause No. A2020-0236-MDL 128th Judicial District Court of Orange County, Texas | CUD | | | Undetermined |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 Lion Elastomers LLC 88286 Expedite Way Chicago, IL 60695-0001 | Timothy C. Shelby; Rey Flores; Alexander M. Dvorscak Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, PC Tel: (713) 655-1101 tshelby@azalaw.com; rflores@azalaw.com; advorscak@azalaw.com | Litigation; Cause No. A2020-0236-MDL 128th Judicial District Court of Orange County, Texas | CUD | | | Undetermined |
| 22 Farmers Insurance Exchange PO Box 4665 Carol Stream, IL 60197 | William D. Mahoney Boteler, Mahoney & Gray, LLP Tel: (972) 719-9191 wmahoney@bmg-law.com | Litigation; Cause No. A2020-0236-MDL 128th Judicial District Court of Orange County, Texas | CUD | | | Undetermined |
| 23 Ace American Insurance Company 436 Walnut Street, Po Box 1000 Philadelphia, PA 19106 | Jason S. Schulze Cozen O'Connor Tel: (832) 214-3916 jschulze@cozen.com | Litigation; Cause No. A2020-0236-MDL 128th Judicial District Court of Orange County, Texas | CUD | | | Undetermined |
| 24 Air Liquide Large Industries U.S. LP 2700 Post Oak Boulevard, Suite 1800 Houston, TX 77056 | Jay W. Brown; Bruce R. Wilkin Shackelford, Bowen, McKinley & Norton LLP Tel: (832) 415-1801 jbrown@shackelford.law; bwilkin@shackelford.law | Litigation; Cause No. A2020-0236-MDL 128th Judicial District Court of Orange County, Texas | CUD | | | Undetermined |
| 25 Ferguson Law Firm, LLP 350 Pine Street, Suite 1440 Beaumont, TX 77701 | Mark C. Sparks, Jane S. Leger, Paul F. Ferguson Jr., Cody A. Dishon Ferguson Law Firm, LLP Tel: (409) 832-9700 mark@thefergusonlawfirm.com; jleger@thefergusonlawfirm.com; cferguson@thefergusonlawfirm.com; cdishon@thefergusonlawfirm.com | Litigation;Cause No. A2020-0236-MDL128th Judicial District Court of Orange County, Texas | CUD | | | Undetermined |
| 26 Brent Coon & Associates 215 Orleans Street Beaumont, TX 77701 | Brent Coon, Eric Newell Brent Coon & Associates Tel: (409) 835-2666 brent@bcoonlaw.com; eric_newell@bcoonlaw.com | Litigation; Cause No. A2020-0236-MDL 128th Judicial District Court of Orange County, Texas | CUD | | | Undetermined |
| 27 Cristobal M. Galindo, PC 4151 Southwest Freeway, Suite 602 Houston, TX 77027 | Cristobal M. Galindo, Joseph Gibson IV Cristobal M. Galindo, PC Tel: (713) 228-3030 service@galindowlaw.com | Litigation; Cause No. A2020-0236-MDL 128th Judicial District Court of Orange County, Texas | CUD | | | Undetermined |
| 28 Bailey Cowan Heckaman PLLC 1360 Post Oak Boulevard, Suite 2300 Houston, TX 77056 | Aaron H. Heckaman, K. Camp Bailey, Robert W. Cowan, Laurence G. Tien Bailey Cowan Heckaman PLLC Tel: (713) 425-7100 aheckaman@bchlaw.com; cbailey@bchlaw.coom; rcowan@bchlaw.com; ltien@bchlaw.com | Litigation; Cause No. A2020-0236-MDL 128th Judicial District Court of Orange County, Texas | CUD | | | Undetermined |
| 29 Weller, Green, Toups & Terrell LLP PO Box 350 Beaumont, TX 77704 | Mitchell A. Toups Weller, Green, Toups & Terrell LLP Tel: (409) 832-1800 matoups@wgttlaw.com | Litigation; Cause No. A2020-0236-MDL 128th Judicial District Court of Orange County, Texas | CUD | | | Undetermined |
| 30 Farrar & Ball LLP 1117 Herkimer Street Houston, TX 77008 | Bill Ogden Farrar & Ball LLP Tel: (713) 221-8300 bill@fbtrial.com | Litigation; Cause No. A2020-0236-MDL 128th Judicial District Court of Orange County, Texas | CUD | | | Undetermined |

**Fill in this information to identify the case and this filing:**

Debtor Name _____

United States Bankruptcy Court for the: _____ District of _____
                                                                              (State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____         ✘ _____
                  MM / DD / YYYY                     Signature of individual signing on behalf of debtor

                                      _____
                                      Printed name

                                      _____
                                      Position or relationship to debtor