# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| **TPC GROUP INC.**, *et al.*, | Case No. 22-10493 (___) |
| Debtors.[1] | Joint Administration Requested |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO (I) FILE (A) A CONSOLIDATED LIST OF CREDITORS AND (B) A CONSOLIDATED LIST OF DEBTORS' TOP THIRTY CREDITORS, AND (II) PROVIDE NOTICES, INCLUDING NOTICES OF <u>COMMENCEMENT OF CASES AND SECTION 341 MEETING</u>**

TPC Group Inc. and its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (this "**Motion**"):

## BACKGROUND

1. On the date hereof (the "**Petition Date**"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors have requested joint administration of their chapter 11 cases for procedural purposes. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or official committee has been appointed in these cases.

2. The Debtors are a leading North American producer and processor of intermediate and specialty chemicals and fuel derivatives. Their products are critical to a wide

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77002.

range of end-markets and applications, including synthetic rubber, fuels, lubricants, plastics, and surfactants. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Del Genio in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.[2]

## JURISDICTION AND VENUE

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Debtors consent pursuant to rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "**Local Rules**") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. The statutory bases for the relief requested herein is sections 105(a), 107(c), 341 and 521(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and section 156(c) of title 28 of the United States Code, as supplemented by rules 1007(b) and (c) of

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rules 1001-1(c), 1007-1(b) and 2002-1.

## RELIEF REQUESTED

6. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors or their noticing and claims agent, as applicable, to (i) file (a) a consolidated list of creditors and (b) a consolidated list of the Debtors' 30 largest unsecured creditors;[3] (ii) complete all mailings of notices, including notices of the commencement of these cases and of the meeting of creditors pursuant to section 341 of the Bankruptcy Code (as defined below); and (iii) granting such other and further relief as the Court deems just and proper. In support of the Motion, the Debtors rely upon and incorporate by reference the First Day Declaration.

## BASIS FOR RELIEF

**I.    Request for authority to file consolidated list of creditors.**

7. The Debtors have identified hundreds of entities and individuals to which notice of certain events or requests for relief in these chapter 11 cases may need to be provided. The Debtors anticipate that such notice of events will include, without limitation, notice of: (a) the filing of the Debtors' voluntary petitions under chapter 11 of the Bankruptcy Code; (b) the initial meeting of the Debtors' creditors in accordance with section 341 of the Bankruptcy Code; and (c) applicable bar dates for the filing of claims (collectively, the "**Notices**").

8. Bankruptcy Rule 1007(a)(1) provides, among other things, that "the debtor shall file with a petition a list containing the name and address of each entity included or to be included on" a list of a debtor's unsecured creditors. Similarly, Local Rule 1007-2 provides that

---

[3]    In connection with this request, the Debtors also request authority to submit one declaration under Bankruptcy Rule 1008 verifying the validity of the consolidated list of creditors and the validity of the Consolidated Top 30 List (as defined below).

3

the debtor must file "a list containing the name and complete address of each creditor in such format as directed by the Clerk's Office Procedures."  The Debtors presently maintain various computerized lists of the names and addresses of their respective creditors, contract and lease counterparties and other parties that are or may be entitled to receive the Notices and other documents in these chapter 11 cases.  The Debtors believe that the information, as maintained in their computer files (or those of their agents), may be consolidated and utilized efficiently to provide interested parties with the Notices and other similar documents, as contemplated by Local Rule 1007-2.  Accordingly, by this Motion, the Debtors seek authority to file the lists on a consolidated basis, identifying their creditors and other parties in the format or formats currently maintained or developed in the ordinary course of the Debtors' businesses.

9. Moreover, concurrently with this Motion, the Debtors have filed an application (the "**Claims and Noticing Agent Application**") seeking the retention and appointment of Kroll Restructuring Administration LLC ("**Kroll**" or "**Agent**") as claims and noticing agent in these chapter 11 cases.  If the Claims and Noticing Agent Application is granted, the Agent will, among other things, (a) assist with the consolidation of the Debtors' computer records into a creditor and security holder database and (b) complete the mailing of the Notices to the parties in these databases.  After consultation with the Agent, the Debtors believe that filing the lists in the format or formats currently maintained in the ordinary course of business will be sufficient to permit the Agent to notice promptly all applicable parties as required by Local Rule 1007-2.

II. **Request for authority to file consolidated list of debtors' top 30 unsecured creditors.**

10. Pursuant to Bankruptcy Rule 1007(d), a chapter 11 debtor must file with its voluntary petition a list setting forth the names, addresses and claim amounts of the creditors, excluding insiders, that hold the 20 largest unsecured claims in the debtor's case (a "**Top 20**

**List**"). The Top 20 List is primarily used by the United States Trustee (the "**U.S. Trustee**") to evaluate the types and amounts of unsecured claims against the debtor and thus identify potential candidates to serve on an official committee of unsecured creditors appointed pursuant to section 1102 of the Bankruptcy Code.[4]

11. The Debtors submit that a single consolidated list of their combined 30 largest unsecured creditors in these cases would be more reflective of the body of unsecured creditors that have the greatest stake in these cases than separate lists for each of the Debtors. In light of the foregoing, any marginal benefit to preparing individual creditor lists for each of the Debtors is far outweighed by its burden and expense. Therefore, the Debtors respectfully request authorization to file a single consolidated list of their thirty (30) largest unsecured creditors in these cases (the "**Consolidated Top 30 List**").

12. The Debtors believe that such relief is not only appropriate under the circumstances, but necessary for the efficient and orderly administration of these cases.

**III.   Mailings.**

13. In lieu of effecting service through the Office of the Clerk of this Court, the Debtors also request that they (or the Agent) be approved and authorized to complete all mailings to creditors and equity holders in these cases, including notice of the commencement of these cases and notice of the meeting of creditors pursuant to section 341 of the Bankruptcy Code. Indeed, Local Rule 2002-1(f) requires the Debtors to file a motion for the retention of a claims and noticing agent because the Debtors have more than 200 creditors. Allowing the

---

[4] "The purpose of the separate list of 20 largest creditors required by this provision in the rules is to enable the clerk to identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. § 1102(a)(1)." *In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986); *see also* 9 COLLIER ON BANKRUPTCY ¶ 1007.04 (Alan N. Resnick et al. eds., 16th ed. rev. 2012) ("[T]he larger [unsecured creditor] list and information about the claims of the creditors on the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed.").

Debtors (or their Agent) to complete their own mailings will save significant time, cost and expense for the Court and its personnel.

## NOTICE

14. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iii) counsel to the ABL Agent, (x) Haynes and Boone, LLP, 1221 McKinney Street, Suite 4000, Houston, TX 77010, Attn: Charles A Beckham, Jr. (charles.beckham@haynesboone.com), and (y) Haynes and Boone, LLP, 2323 Victory Avenue, Suite 700, Dallas, TX 75219, Attn: J. Frasher Murphy (frasher.murphy@haynesboone.com); (iv) counsel to the Ad Hoc Noteholder Group, Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 (Attn: Kristopher M. Hansen, Jonathan D. Canfield and Gabriel Sasson), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801 (Attn: Matthew B. Lunn, Sean M. Beach and Robert F. Poppiti, Jr.); (v) the United States Attorney's Office for the District of Delaware; (vii) the Securities and Exchange Commission; (vi) any other party entitled to notice pursuant to Bankruptcy Rule 2002; and (vii) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(m) (collectively, the "**Notice Parties**").

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached as **Exhibit A,** granting the relief requested in this Motion, and grant such other relief as is just and proper under the circumstances.

Dated: June 1, 2022
       Wilmington, Delaware

| | |
|---|---|
| **BAKER BOTTS L.L.P.**<br>James R. Prince (*pro hac vice* admission pending)<br>Kevin Chiu (*pro hac vice* admission pending)<br>2001 Ross Avenue, Suite 900<br>Dallas, Texas 75201-2980<br>Telephone:   (214) 953-6500<br>Facsimile:   (214) 953-6503<br>Email: jim.prince@bakerbotts.com<br>       kevin.chiu@bakerbotts.com<br><br>-and-<br><br>BAKER BOTTS L.L.P.<br>Scott R. Bowling (*pro hac vice* admission pending)<br>30 Rockefeller Plaza<br>New York, New York 10112<br>Telephone:   (212) 408-2500<br>Facsimile:   (212) 259-2501<br>Email: scott.bowling@bakerbotts.com<br><br>-and-<br><br>BAKER BOTTS L.L.P.<br>David R. Eastlake (*pro hac vice* admission pending)<br>Lauren N. Randle (*pro hac vice* admission pending)<br>910 Louisiana Street<br>Houston, Texas 77002<br>Telephone:   (713) 229-1234<br>Facsimile:   (713) 229-1522<br>Email: david.eastlake@bakerbotts.com<br>       lauren.randle@bakerbotts.com | */s/ Robert J. Dehney*<br>**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br>Robert J. Dehney (No. 3578)<br>Curtis S. Miller (No. 4583)<br>Daniel B. Butz (No. 4227)<br>Matthew O. Talmo (No. 6333)<br>Brian Loughnane (No. 6853)<br>1201 N. Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>Email:   rdehney@morrisnichols.com<br>          cmiller@ morrisnichols.com<br>          dbutz@ morrisnichols.com<br>          mtalmo@ morrisnichols.com<br>          bloughnane@ morrisnichols.com<br><br>*Proposed Attorneys for Debtors and Debtors in Possession* |