**Exhibit B**

Proposed Final Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br>**TPC GROUP INC.**, *et al.*,<br>　　　　　　　Debtors.[1] | Chapter 11<br>Case No. 22-10493 (___)<br>Joint Administration Requested |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO PAY CERTAIN PREPETITION
TAXES AND ASSESSMENTS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion"),[2] of the above-captioned debtors (collectively, the "Debtors") for entry of an interim order (the "Interim Order") and this final order (the "Final Order"), for (i) authority to pay (or use tax credits to offset) certain prepetition Taxes and (ii) related relief, pursuant to sections 363(b), 507(a), 541(d), and 105(a) of the Bankruptcy Code, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having entered the Interim Order; and the Court having held a hearing on the Motion; and all objections, if any, to the Motion, having been withdrawn, resolved, or overruled; and the Court having determined that the legal and

---

[1]　The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77002.

[2]　Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a FINAL BASIS as set forth in this Final Order.

2. The Debtors are authorized but not directed, pursuant to sections 363(b), 507(a), 541(d), and 105(a) of the Bankruptcy Code, to pay (or use tax credits to offset) all prepetition Taxes due and owing to the Taxing Authorities including, without limitation, those Taxing Authorities listed on **Exhibit 1** annexed hereto, that arose prior to the Petition Date, including all Taxes subsequently determined upon audit or otherwise to be owed for periods prior to the Petition Date, in an aggregate amount not to exceed $3,131,748.

3. The Banks are authorized and directed to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfer requested, or to be requested, by the Debtors relating to the obligations, to the extent that sufficient funds are on deposit in available funds in the applicable bank accounts to cover such payments. The Banks are authorized and directed to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

4. The Debtors are further authorized to issue postpetition checks, or to effect postpetition funds transfer requests, in replacement of any checks or funds transfer requests that

are dishonored as a consequence of these chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Final Order.

5.      If any party accepts payment from the Debtors on account of a Tax obligation pursuant to this Final Order, and it is later determined by the Court after notice and a hearing that the Debtors' interests in such payment constitute property of the Debtors' estates, the Debtors are authorized to seek at such hearing to avoid such payment as a postpetition transfer under section 549 of the Bankruptcy Code.

6.      Notwithstanding anything in the Motion or this Final Order to the contrary, (a) any payment made or authorization hereunder shall be subject in all respects to the terms and conditions of any orders of this Court authorizing the Debtors to obtain debtor-in-possession financing and/or use cash collateral in these chapter 11 cases (as may be modified, amended, or supplemented, the "**DIP Orders**"), including, without limitation, any budget in connection therewith, and (b) to the extent there is any inconsistency between the terms of the DIP Orders and the Motion or this Final Order, the terms and conditions of such DIP Orders shall control

7.      Nothing contained in this Order or any payment made pursuant to the authority granted by this Final Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party-in-interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, or (iv) an approval, adoption, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

8.      The requirements of Bankruptcy Rule 6003(b) have been satisfied.

9. Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

10. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

11. Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

12. The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Final Order.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

**<u>Exhibit 1</u>**

**List of Taxing Authorities**

Case 22-10493-CTG    Doc 6-2    Filed 06/01/22    Page 6 of 8

**List of Taxing Authorities**

| Taxing Authority | Type of Tax | Address |
|---|---|---|
| Barbers Hills ISD | Property Taxes | PO Box 1108<br>Mont Belvieu, TX 77580 |
| Brazoria County Tax Assessor-Collector | Property Taxes | PO Box 1586<br>Lake Jackson, TX 77566 |
| Calcasieu Parish Sheriff & Tax Collector | Property Taxes | P.O. Box 1450<br>Lake Charles, LA 70602-1450 |
| Chambers County Tax Collector | Property Taxes | PO Box 519 405 S Main St<br>Anahuac, TX 77514 |
| Clear Creek ISD Tax Office | Property Taxes | PO Box 799<br>League City, TX 77574-0799 |
| CT Corporation[1] | Regulatory Assessments and Other Taxes | PO Box 4349<br>Carol Stream IL 60197-4349 |
| Cypress-Fairbanks ISD Tax Assessor-Collector | Property Taxes | 10494 Jones Rd, Suite 106<br>Houston, TX 77065 |
| Galveston County Tax Collector | Property Taxes | 722 Moody<br>Galveston, TX 77550 |
| Goose Creek CISD Tax Services | Property Taxes | PO Box 2805<br>Baytown, TX 77522 |
| Gregg County Tax Assessor-Collector | Property Taxes | 101 E Methvin St # 215<br>Longview, TX 75601 |
| Harris County Tax Assessor-Collector | Property Taxes | PO Box 799<br>League City, TX 77574-0799 |
| Harris Galveston Subsidence District | Regulatory Assessments and Other Taxes | 1660 W Bay Area Blvd<br>Friendswood, Tx 77546 |
| Internal Revenue Services | Income Taxes | Department of the Treasury, Internal Revenue Service<br>Ogden, UT 84201-0012 |
| Jefferson County Tax Assessor-Collector | Property Taxes | PO Box 2112<br>Beaumont, TX 77704-2112 |
| Louisiana Department of Environmental Quality | Regulatory Assessments and Other Taxes | Po Box 82281<br>Baton Rouge, LA 70884-2281 |
| Louisiana Department of Revenue | Franchise Taxes | 617 N 3rd St<br>Baton Rouge, LA 70802 |

---

[1] While not a direct Taxing Authority, CT Corporation receives payment from the Debtors to serve as a registered agent to facilitate statutory periodic reporting in Delaware, Louisiana and Texas.

1

2

| | | |
|---|---|---|
| Pasadena ISD | Property Taxes | PO Box 1318<br>Pasadena, TX 77501-1318 |
| Pine Tree ISD | Property Taxes | PO Box 5878<br>Longview, TX 75608 |
| Port Neches-Groves ISD | Property Taxes | 620 Avenue C<br>Port Neches, TX 77651 |
| Sheldon ISD - Tax Collector | Property Taxes | 11411 C.E. King Parkway Suite A<br>Houston, TX 77044-7192 |
| Spring Branch ISD Tax Assessor/Collector | Property Taxes | PO Box 19037<br>Houston, TX 77224-9037 |
| State of Delaware, Delaware Department of State[2] | Franchise Taxes | The Delaware Department of State, Division of Corporations<br>PO Box 898<br>Dover, DE 19903 |
| Texas City ISD | Property Taxes | PO Box 48<br>Houston, TX 77001-0048 |
| Texas Commission on Environmental Quality | Regulatory Assessments and Other Taxes | PO Box 13089<br>Austin Tx, 78711 |
| Texas Comptroller of Public Accounts | Sales and Use Taxes | Lyndon B. Johnson State Office Building<br>111 East 17th Street<br>Austin, Texas 78774 |
| Texas Department of State Health Services | Regulatory Assessments and Other Taxes | PO Box 12190<br>Austin Tx, 78711 |
| U.S. Customs and Border Protection | Import and Customs Duties | PO Box 530071<br>Atlanta, GA 30353-0071 |

---

[2] In the ordinary course of business, the Debtors pay CT Corporation to facilitate electronic filing of annual domestic Franchise Tax returns to the State of Delaware, including payment of any Franchise Taxes owed.

2