## Exhibit B

**Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| **TPC GROUP INC.**, *et al.*, | Case No. 22-10493 (___) |
| Debtors.[1] | Joint Administration Requested |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) PAY
PREPETITION WAGES, SALARIES, REIMBURSABLE EXPENSES,
AND OTHER OBLIGATIONS ON ACCOUNT OF COMPENSATION
AND BENEFITS PROGRAMS AND (B) CONTINUE COMPENSATION
AND BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] filed by the above-captioned debtors (collectively, the "**Debtors**") for entry of an order (this "**Final Order**"), pursuant to sections 105(a), 362(d), 363(b) and 507(a) of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, (i) authorizing the Debtors to (a) pay Employee Compensation Obligations, Employee Benefit Obligations, Supplemental Workforce Obligation, and related expenses, and fees and costs incident to the foregoing, including amounts owed to third-party service providers and administrators and tax authorities, and (b) maintain, continue to honor, and pay amounts with respect to the Debtors' business practices, programs, and policies for their employees as such were in effect as of the Petition Date and as such may be modified or supplemented from time to time

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77002.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

in the ordinary course of business and (ii) granting related relief pursuant to sections 105(a), 363, and 507(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

   **IT IS HEREBY ORDERED THAT**:

    1. This Motion is granted on a final basis to the extent set forth in this Final Order.

    2. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), and 507(a) of the Bankruptcy Code to (i) pay the prepetition Employee Compensation Obligations, Employee Benefit Obligations, and Supplemental Workforce Obligations and (ii) maintain and continue to honor and pay the postpetition Employee Compensation Obligations,

Employee Benefit Obligations, Supplemental Workforce Obligations, as such were in effect as of the commencement of these chapter 11 cases and as such may be modified or supplemented from time to time in the ordinary course of business. Notwithstanding anything to the contrary in this Final Order, the aggregate of cash payments of prepetition Employee Obligations shall not exceed $15,150 per individual Employee as provided in sections 507(a)(4) - (5) of the Bankruptcy Code. For the avoidance of doubt, this authority is inclusive of any prepetition amounts that may become payable under this Final Order to third-party service providers that administer, insure or otherwise facilitate the Employee Obligations.

3.      Notwithstanding any other provision in this Final Order, the Debtors are authorized to seek approval of any awards under the Incentive Programs by separate motion on full notice.

4.      The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit in available funds in the applicable bank accounts to cover such payments.  The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

5.      The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement

of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Final Order.

6.      The Debtors shall provide five (5) days' advance notice to the U.S. Trustee, any statutory committee appointed in these Chapter 11 Cases and counsel to the Ad Hoc Noteholders Group if any Employee is anticipated to receive prepetition payments under this Final Order in excess of the priority caps set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code; *provided*, that if the U.S. Trustee, any statutory committee appointed in these Chapter 11 Cases or the Ad Hoc Noteholder Group objects to such payment, the Debtors shall not make such payments in excess of the priority caps set forth in sections 507(a)(4) and 507(a)(5) without further order of this Court.

7.      Notwithstanding anything in the Motion of this Final Order to the contrary, nothing in this Final Order shall authorize the Debtors to (a) make any payments subject to section 503(c) of the Bankruptcy Code, including, for the avoidance of doubt, payment of any bonus or severance obligations to or on behalf of any Insider or (b) violate or permit a violation of section 503(c) of the Bankruptcy Code.

8.      Notwithstanding anything in the Motion or this Final Order to the contrary, (a) any payment made or authorization hereunder shall be subject in all respects to the terms and conditions of any orders of this Court authorizing the Debtors to obtain debtor-in-possession financing and/or use cash collateral in these chapter 11 cases (as may be modified, amended, or supplemented, the "**DIP Orders**"), including, without limitation, any budget in connection therewith, and (b) to the extent there is any inconsistency between the terms of the DIP Orders and the Motion or the Interim or Final Order, the terms and conditions of such DIP Orders shall control.

9. Authorization to pay, and the payment of, any amounts on account of Employee Compensation Obligations, Employee Benefit Obligations, and Supplemental Workforce Obligations, shall not affect the Debtors' or any party in interest's right to contest the amount or validity of any prepetition obligations related thereto, including without limitation, any amounts that may be due to any taxing authority.

10. The Debtors will provide notice to the U.S. Trustee, any statutory committee appointed in these Chapter 11 Cases, and counsel to the Ad Hoc Noteholders Group of any changes to the Employee-related obligations or programs, or of any new programs, policies, and benefits.

11. Neither the provisions of this Final Order, nor any payments made or not made by the Debtors pursuant to this Final Order, shall be deemed an assumption or rejection of any program, agreement or contract, or otherwise affect the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract between the Debtors and any Employee, or other person. Notwithstanding anything to the contrary in this Final Order, the Debtors retain their right to modify or terminate any program to the extent that such right exists under the terms of the program or as may be required by applicable law and to implement new programs, policies, and benefits in the ordinary course of business during these Chapter 11 Cases without further court approval, subject to applicable law; *provided*, however, that the Debtors shall seek court approval, on notice, of any modification that would implicate any portion of section 503(c) of the Bankruptcy Code.

12. Nothing contained in the Motion or this Final Order, nor any payment made pursuant to the authority granted by this Final Order, is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors'

or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (d) an agreement or obligation to pay any claims, (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (f) an admission as to the validity of any liens satisfied pursuant to this Motion, or, or (g) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

13.     Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

14.     The requirements of Bankruptcy Rule 6003(b) are satisfied and the relief requested herein is necessary to avoid immediate and irreparable harm.

15.     Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Rules.

16.     Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

17.     The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Final Order.

18.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.