**Exhibit A**

Proposed Interim Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| **TPC GROUP INC.**, *et al.*, | Case No. 22-10493 (___) |
| Debtors.[1] | Joint Administration Requested |

**INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE INSURANCE PROGRAMS AND SURETY BOND PROGRAM, (B) PAY ALL OBLIGATIONS WITH RESPECT THERETO, AND (C) PERFORM UNDER, RENEW, REPLACE, AND/OR ENTER INTO NEW PREMIUM FINANCE AGREEMENTS; AND
(II) GRANTING RELATED RELIEF**

This matter coming before this Court upon the motion (the "**Motion**"),[2] filed by the above-captioned debtors (collectively, the "**Debtors**") for entry of an order (this "**Interim Order**"), pursuant to sections 105(a), 362(d), 363(b), 363(c), 364 and 507(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), (i) authorizing the Debtors to (a) continue maintaining their Insurance Programs and Surety Bond Program, (b) honor their Insurance Obligations and Surety Bond Obligations in the ordinary course of business during the administration of these chapter 11 cases, including payment any prepetition Surety Bond Obligations and Insurance Obligations, including amounts owed to the Insurance Service Providers, (c) perform under, renew, replace, and/or enter into new premium finance arrangements, and (d) modify the automatic stay if necessary to permit the Debtors' employees to proceed with any claims they may have under the Workers' Compensation Program; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77002.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis to the extent set forth in this Interim Order.

2. The Debtors are authorized pursuant to sections 362(d), 363(b), 363(c), 503(b), and 105(a) of the Bankruptcy Code and Bankruptcy Rules 4001, 6003, and 6004, to continue their Insurance Programs and Surety Bond Program and to perform their obligations with respect thereto, without regard to whether such Insurance Programs are listed on **Exhibit C** to the

Motion, and without regard to whether accruing or relating to the period before or after the Petition Date, on an interim basis in an aggregate amount not to exceed $12.5 million without further order of the Court; *provided*, that the Debtors will notify the U.S. Trustee, counsel to the Ad Hoc Noteholder Group and any statutory committee appointed in these chapter 11 cases if the Debtors increase or decrease existing insurance or surety coverage, change Carriers, enter into any premium finance agreements, or purchase additional insurance or surety coverage.

3. The Debtors are authorized to pay any Insurance Obligations, the Surety Bond Obligations, and any amounts owed in respect of the Premium Finance Agreements, each in the ordinary course of business and consistent with past practice on an interim basis in an aggregate amount not to exceed $12.5 million.

4. The Debtors are authorized to renew the Insurance Programs and Surety Bond Program in the ordinary course of business and consistent with past practices, and, in consultation with the advisors to the Ad Hoc Noteholder Group, to revise, extend, supplement, endorse, or otherwise modify their insurance coverage or surety bonding as needed, including through the purchase, renewal, or replacement of new or existing Insurance Programs or surety bonds, and to take all appropriate actions in connection therewith; *provided*, that the Debtors will notify the U.S. Trustee, counsel to the Ad Hoc Noteholder Group and any statutory committee appointed in these chapter 11 cases if the Debtors increase or decrease existing insurance or surety coverage, change Carriers, renew, replace, or enter into new the premium finance agreements, purchase additional insurance coverage, or enter into new or amended surety bonding arrangements.

5. The Debtors are authorized to pay in the ordinary course of business all postpetition amounts that become due and owing for the Premium Finance Agreements and, in

consultation with the advisors to the Ad Hoc Noteholder Group, renew the Premium Finance Agreements and/or enter into new premium finance arrangements as needed in the ordinary course of business, including the 2022 Premium Finance Agreement.

6. The Debtors are authorized to honor all Surety Bond Obligations, including, without limitation, any new Surety Bond Obligations, regardless of whether accruing or relating to the period before or after the Petition Date, and without regard to whether accruing or relating to the period before or after the Petition Date, on an interim basis in an aggregate amount not to exceed $50,000 without further order of the Court.

7. Nothing herein or in the Motion (a) alters, amends or modifies the terms and conditions of the Insurance Programs; (b) relieves the Debtors of any of their obligations under the Insurance Programs; (c) creates or permits a direct right of action against a Carrier or third party administrator; or (d) precludes or limits, in any way, the rights of any Carrier to contest and/or litigate the existence, primacy and/or scope of available coverage under the Insurance Programs.

8. The Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Interim Order, including the following information: (a) the names of the payee; (b) the amount of the payment; (c) the category or type of payment, as further described and classified in the Motion; (d) the Debtor or Debtors that made the payment; and (e) the payment date. The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee, counsel to the Ad Hoc Noteholder Group, and the professionals retained by any official committee of unsecured creditors appointed in these chapter 11 cases upon receipt of written request by such party after entry of this Interim Order.

9. The automatic stay of section 362(a) of the Bankruptcy Code, if and to the extent applicable, is modified to the extent necessary to permit, in the Debtors' discretion, the Debtors' employees to proceed against applicable Carriers with respect to any claims they may have (whether arising prior to or subsequent to the Petition Date) in the appropriate judicial or administrative forum under the Workers' Compensation Program

10. The Banks are authorized and directed to receive, process, honor, and pay any and all checks issued or to be issued, and electronic funds transfers requested or to be requested, by the Debtors relating to the Insurance Obligations and the Premium Finance Agreements, to the extent that sufficient available funds are on deposit in the applicable bank accounts to cover such payments. The Banks are authorized and directed to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this Interim Order or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or after the Petition Date, without any duty to inquire otherwise.

11. The Debtors are further authorized to issue postpetition checks and to effect postpetition funds transfer requests in replacement of any checks or funds transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Interim Order.

12. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due in respect of the Insurance Programs and Surety Bond Program (including Insurance Service Provider fees and amounts owed under the Premium Financing Agreements).

13. Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order, is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (d) an agreement or obligation to pay any claims, (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (f) an admission as to the validity of any liens satisfied pursuant to this Motion, or (g) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

14. Notwithstanding anything in the Motion or this Interim Order to the contrary, (a) any payment made or authorization hereunder shall be subject in all respects to the terms and conditions of any orders of this Court authorizing the Debtors to obtain debtor-in-possession financing and/or use cash collateral in these chapter 11 cases (as may be modified, amended, or supplemented, the "**DIP Orders**"), including, without limitation, any budget in connection therewith, and (b) to the extent there is any inconsistency between the terms of the DIP Orders and the Motion or this Interim Order, the terms and conditions of such DIP Orders shall control.

15. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

16. The requirements of Bankruptcy Rule 6003(b) are satisfied.

17. The requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived.

18. Notwithstanding the provisions of Bankruptcy Rules 4001(a)(3) and 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

19. Responses or objections to the Motion and entry of a final order with respect to the Motion must: (a) be made in writing; (b) state with particularity the grounds therefor; (c) conform to the Bankruptcy Rules and the Local Rules; and (d) be served upon (i) proposed counsel to the Debtors, Baker Botts LLP, 2001 Ross Avenue, Suite 900, Dallas, Texas 75201-2980, Attn: Jim R. Prince (jim.prince@bakerbotts.com), Scott R. Bowling (scott.bowling@bakerbotts.com), David R. Eastlake (david.eastlake@bakerbotts.com), Lauren N. Randle (lauren.randle@bakerbotts.com), and Kevin Chiu (kevin.chiu@bakerbotts.com) and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware, 19899-1347, Attn: Robert J. Dehney (rdehney@morrisnichols.com), Curtis S. Miller (cmiller@morrisnichols.com); (ii) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Wilmington, Attn: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); and (iii) the Notice Parties.

20. The deadline by which responses or objections to the Motion and the final order must be filed and received by proposed counsel to the Debtors is _____, 2022 at 4:00 p.m. (prevailing Eastern Time). A hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "**Final Hearing**"), if required, on the Motion will be held on _____, 2022 at _____ (prevailing Eastern Time). If no responses or objections are filed to the Motion and entry of this Interim Order on a final basis, the Court may enter a final order without further notice or a hearing.

21. If no objections or responses to the Motion are timely filed and served as set forth herein, the Debtors shall, on or after the Objection Deadline, submit to the Court a final

order substantially in the form of the Proposed Final Order attached to the Motion, which may be entered with no further notice or need for the Final Hearing.

22. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Interim Order.

23. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.