## Exhibit A

Proposed Interim Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| **TPC GROUP INC.**, *et al.*, | Case No. 22-10493 (___) |
| Debtors.[1] | Joint Administration Requested |

**INTERIM ORDER (I) AUTHORIZING DEBTORS**
**TO PAY PREPETITION OBLIGATIONS TO (A) CRITICAL**
**VENDORS, (B) CERTAIN SUPPLIERS, (C) LIEN CLAIMANTS, AND**
**(D) 503(B)(9) CLAIMANTS; AND (II) GRANTING RELATED RELIEF**

This matter coming before this Court upon the motion (the "Motion"),[2] filed by

the above-captioned debtors (collectively, the "Debtors") for entry of an order (this

"Interim Order"), pursuant to sections 105(a), 363(b), and 503(b) of the Bankruptcy Code,

(i) authorizing, but not directing, the Debtors to pay (a) the Critical Vendor Claims, (b) the Lien

Claims, (c) the Supplier Claims, and (d) the 503(b)(9) Claims; and (ii) granting related relief, all

as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to

28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States

District Court for the District of Delaware dated February 29, 2012; and consideration of the

Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77002.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion on an interim basis; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted on an interim basis to the extent set forth herein.

2.      The Debtors are authorized, but not directed, to pay, or cause to be paid, the Critical Vendor Claims in an aggregate amount not to exceed $10,000,000, subject to the terms and conditions of this Interim Order.

3.      The Debtors are authorized, but not directed, to pay, or cause to be paid, the Lien Claims in an aggregate amount not to exceed $28,000,000, subject to the terms and conditions of this Interim Order.

4.      The Debtors are authorized, but not directed, to pay, or cause to be paid, the Supplier Claims in an aggregate amount not to exceed $37,961,660, subject to the terms and conditions of this Interim Order.

5.      The Debtors are authorized, but not directed, to pay, or cause to be paid, the 503(b)(9) Claims in an aggregate amount not to exceed $28,235,598, subject to the terms and conditions of this Interim Order.

6.      The Debtors shall use commercially reasonable efforts to require the Vendor Claimants to enter into trade agreements (the "**Trade Agreements**") with the Debtors that provide trade terms in line with historical practice between the parties for the postpetition delivery of goods and/or services for the duration of these chapter 11 cases.  The Debtors are authorized to negotiate, modify, or amend the form of a Trade Agreement in their reasonable business judgment and in consultation with the advisors to the Ad Hoc Noteholder Group.  A Trade Agreement, once agreed to and accepted by a Vendor Claimant, shall be the legally binding contractual relationship between the parties thereto governing the commercial trade relationship as provided therein.

7.      As a condition to eligibility for payment on account of a Supplier Claim under this Order, in addition to entering into a Trade Agreement with the Debtors, a Vendor Claimant must provide the Debtors with a written certification that such Vendor Claimant constitutes a "forward contract merchant" within the meaning of section 101(26) of the Bankruptcy Code.

8.      Any Vendor Claimant who accepts payment from, or on behalf of, the Debtors of a Vendor Claim (regardless of whether a Trade Agreement has been executed) shall take all actions necessary to remove any liens on the Debtors' assets such party may have based upon such Vendor Claim at such Vendor Claimant's sole expense.

9.      If, either after executing a Trade Agreement or receiving notification of this Interim Order, a Vendor Claimant accepts payment from, or on behalf of, the Debtors of a Vendor Claim and thereafter does not continue to provide goods and/or services to the Debtors on Customary Trade Terms (regardless of whether a Trade Agreement has been executed), then, subject to any

Trade Agreement that may be executed between the Debtors and such Vendor Claimant, 14 days after receipt by the Vendor Claimant of notice of non-performance: (a) such payment may be deemed by the Debtors to be an improper postpetition transfer on account of a prepetition claim and, therefore, will be immediately recoverable by the Debtors in cash upon written request; (b) upon recovery by the Debtors of such payment, any prepetition claim of such Vendor Claimant shall be reinstated as if the payment by the Debtors had not been made in the first instance; and (c) if there exists an outstanding postpetition balance due from the Debtors to such Vendor Claimant, then the Debtors may elect to recharacterize and apply any payment made by the Debtors to such Vendor Claimant pursuant to this Interim Order to such outstanding postpetition balance, and such Vendor Claimant will be required to repay to the Debtors such paid amounts exceeding the postpetition obligations then outstanding from the Debtors to such Vendor Claimant without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

10.     The Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Interim Order, including the following information: (a) the names of the payee; (b) the amount of the payment; (c) the category or type of payment, as further described and classified in the Motion; (d) the Debtor or Debtors that made the payment; and (e) the payment date.  The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee, counsel to the Ad Hoc Noteholder Group, and the professionals retained by any official committee of unsecured creditors appointed in these Chapter 11 Cases upon receipt of written request by such party after entry of this Interim Order.

11.     Notwithstanding anything in the Motion or this Interim Order to the contrary, (a) any payment made or authorization hereunder shall be subject in all respects to the terms and conditions of any orders of this Court authorizing the Debtors to obtain debtor-in-possession

financing and/or use cash collateral in these chapter 11 cases (as may be modified, amended, or supplemented, the "**DIP Orders**"), including, without limitation, any budget in connection therewith, and (b) to the extent there is any inconsistency between the terms of the DIP Orders and the Motion or this Interim Order, the terms and conditions of such DIP Orders shall control.

12.     The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit in available funds in the applicable bank accounts to cover such payments.  The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this Interim Order or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

13.     Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order, is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (d) an agreement or obligation to pay any claims, (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (f) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

14.     Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

15.     The requirements of Bankruptcy Rule 6003(b) have been satisfied.

16.     Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules.

17.     Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

18.     Responses or objections to the Motion and entry of a final order with respect to the Motion must: (a) be made in writing; (b) state with particularity the grounds therefor; (c) conform to the Bankruptcy Rules and the Local Rules; and (d) be served upon (i) proposed counsel to the Debtors, Baker Botts LLP, 2001 Ross Avenue, Suite 900, Dallas, Texas 75201-2980, Attn: Jim R. Prince (jim.prince@bakerbotts.com), Scott R. Bowling (scott.bowling@bakerbotts.com), David R. Eastlake (david.eastlake@bakerbotts.com), Lauren N. Randle (lauren.randle@bakerbotts.com), and Kevin Chiu (kevin.chiu@bakerbotts.com) and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware, 19899-1347, Attn: Robert J. Dehney (rdehney@morrisnichols.com) and Curtis S. Miller (cmiller@morrisnichols.com); (ii) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Wilmington, Delaware 19801, Attn: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); and (iii) the Notice Parties.

19.     The deadline by which responses or objections to the Motion and the final order must be filed and received by proposed counsel to the Debtors is _____ _____, 2022 at 4:00 p.m. (prevailing Eastern Time). A final hearing, if required, on the Motion will be held on _____, 2022 at _____ (prevailing Eastern Time). If no responses or objections are filed to the Motion and entry of this Interim Order on a final basis, the Court may enter a final order without further notice or a hearing.

20.     The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Interim Order.

21.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.