## **Exhibit B**

Proposed Final Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| **TPC GROUP INC.**, *et al.*, | Case No. 22-10493 (___) |
| Debtors.[1] | Joint Administration Requested |

**FINAL ORDER (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE
ASSURANCE OF PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING
PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES,
(III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING,
OR DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF**

Upon the motion dated June 1, 2022 (the "**Motion**")[2] of TPC Group Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an interim order (the "**Interim Order**") and final order (the "**Final Order**") (i) approving the Debtors' proposed form of adequate assurance of payment to Utility Companies, (ii) establishing procedures for resolving objections by Utility Companies relating to the adequacy of the proposed adequate assurance provided by the Debtors, (iii) prohibiting Utility Companies from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors on the basis of the commencement of these chapter 11 cases and/or any outstanding prepetition debts, and (iv) granting related relief, pursuant to sections 366 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77002.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to such terms in the Motion.

(the "**Bankruptcy Rules**"), as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having previously entered the Interim Order; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis as set forth in this Final Order.

2. Pursuant to sections 366 and 105(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, the Debtors' form of Proposed Adequate Assurance is approved.

3. The Adequate Assurance Deposit, together with the Debtor's ability to pay for future Utility Services in the ordinary course of business, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

4. The Debtors shall deposit the Adequate Assurance Deposit in the amount of $1.34 million in the Utility Deposit Account within 20 days after the Petition Date, however,

that the liens granted to the DIP Financing lenders shall extend to the Debtors' and their estates' reversionary interest in the Utility Deposit Account.

5. All Utility Companies, including, without limitation, those listed on **Exhibit 1** annexed hereto, are prohibited from altering, refusing, or discontinuing Utility Services or otherwise discriminating against the Debtors on account of any unpaid prepetition charges or any perceived inadequacy of the Proposed Adequate Assurance.

6. The following Adequate Assurance Procedures are approved:

   a. Within three (3) business days after entry of the Final Order, the Debtors will fax, e-mail, serve by overnight mail, or otherwise expeditiously send a copy of the Final Order and the Motion to the Utility Companies on the Utility Services List.

   b. Subject to entry of the Final Order, the Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $1.34 million, in the Utility Deposit Account within 20 days after the Petition Date.

   c. The funds in the Utility Deposit Account shall constitute adequate assurance for each Utility Company in the amount set forth for such Utility Company in the column labeled "Proposed Adequate Assurance" on the Utility Services List.

   d. If an amount relating to Utility Services provided postpetition by a Utility Company is unpaid and remains unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Utility Deposit Account by giving notice to: (i) proposed counsel to the Debtors, Baker Botts L.L.P., 2001 Ross Avenue, Suite 900, Dallas, TX 75201 (Attn: James R. Prince); Baker Botts L.L.P., 910 Louisiana St., Suite 3200, Houston, TX 77002 (Attn: David Eastlake); Baker Botts L.L.P., 30 Rockefeller Plaza, New York, NY 10112 (Attn: Scott R. Bowling); and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware, 19899-1347, Attn: Robert J. Dehney (rdehney@morrisnichols.com) and Curtis S. Miller (cmiller@morrisnichols.com); (ii) counsel to the ABL Agent, (x) Haynes and Boone, LLP, 1221 McKinney Street, Suite 4000, Houston, TX 77010, Attn: Charles A Beckham, Jr. (charles.beckham@haynesboone.com), and (y) Haynes and Boone, LLP, 2323 Victory Avenue, Suite 700, Dallas, TX 75219, Attn: J. Frasher Murphy (frasher.murphy@haynesboone.com); (iii) counsel

|   |   |
|---|---|
|   | to the Ad Hoc Noteholder Group, Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 (Attn: Kristopher M. Hansen, Jonathan D. Canfield and Gabriel Sasson), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801 (Attn: Matthew B. Lunn, Sean M. Beach and Robert F. Poppiti, Jr.); (iv) counsel to the Supporting Sponsors, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis and David A. Hammerman); and (v) counsel to any statutory committee appointed in these chapter 11 cases (collectively, the "**Utility Notice Parties**").  The Debtors shall honor such request within five business days after the date the request is received by the Debtors, subject to the availability of the Debtors and any such requesting Utility Company to resolve any dispute regarding such request without further order of the Court.  To the extent a Utility Company receives such a disbursement from the Utility Deposit Account under such circumstances, the Debtors will replenish the Utility Deposit Account in the amount so disbursed. |
| e. | The portion of the Adequate Assurance Deposit attributable to each Utility Company will be returned to the Debtors on the earlier of (i) reconciliation and payment by the Debtors of the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Company and (ii) the effective date of any chapter 11 plan confirmed in these cases. |
| f. | Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "**Additional Assurance Request**") on the Utility Notice Parties. |
| g. | The Additional Assurance Request must (i) be made in writing; (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each such account; (iii) explain why the Utility Company believes the Adequate Assurance Deposit is not adequate assurance of payment; (iv) summarize the Debtors' payment history relevant to the affected account(s); (v) certify the amount that is equal to two weeks of the Utility Services provided by the Utility Company to the Debtors, calculated as a historical average over the 12-month period preceding the Petition Date; and (vi) certify that the Utility Company does not already hold a deposit equal to or greater than two weeks of Utility Services provided by such Utility Company. |

h. An Additional Assurance Request may be made at any time. If a Utility Company does not file and serve an Additional Assurance Request, the Utility Company will be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges or requiring additional assurance of payment other than the Proposed Adequate Assurance.

i. Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request.

j. The Debtors may, without further order of the Court and, in consultation with the DIP Financing lenders, resolve an Additional Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment including cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable, subject to the terms of any orders approving the Debtors' proposed DIP Financing.

k. If the Debtors and the Utility Company are not able to reach an alternative resolution within 30 days of the Debtors' receipt of the Additional Assurance Request, the Debtors will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurances of payment with respect to a particular Utility Company (the "**Determination Hearing**") pursuant to section 366(c)(3) of the Bankruptcy Code.

l. Pending resolution of the Determination Hearing, the Utility Company serving such Additional Assurance Request will be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services, a pending Additional Assurance Request or any objections to the Proposed Adequate Assurance.

m. Notwithstanding anything in these procedures to the contrary, the Debtors will request a hearing (the "**Final Adequate Assurance Hearing**") to take place no later than 30 days following the Petition Date to resolve outstanding objections to these procedures in the event any are timely filed by a Utility Company. If no objections are filed at least 24 hours prior to the Final Adequate Assurance Hearing, the Final Adequate Assurance Hearing will be cancelled.

7. Notwithstanding anything in this Final Order to the contrary, upon a timely objection filed and served on the Utility Notice Parties by any Utility Company, the Court shall conduct a hearing on _____, 2022 at __:____ Prevailing Eastern Time (the "**Final Hearing**") to resolve any dispute between the Debtors and such Utility Company regarding the Adequate Assurance Procedures or the Proposed Adequate Assurance. If no objections are filed and served at least 24 hours prior to the Final Hearing, the Final Hearing will be cancelled.

8. The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

9. The Adequate Assurance Deposit shall automatically, without further order of the Court, be available to the Debtors upon the effective date of a chapter 11 plan for the Debtors.

10. The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is or is not a utility within the meaning of such term in section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto. For the avoidance of doubt, nothing in this Interim Order affects the obligations of a Utility Company to comply with section 366 of the Bankruptcy Code, even if it is not included on the Utility Services List.

11. The Debtors are authorized, in consultation with the Ad Hoc Noteholder Group, to amend the Utility Providers List to add or delete any Utility Provider, and this Final Order shall apply to any Utility Provider that is subsequently added to the Utility Service List. Any such amended Utility Service List shall be filed with the Court and served with this Final Order.

12. Within three (3) business days of the addition of a Utility Company to the Utility Services List, the Debtors shall serve a copy of this Final Order and the Motion upon such added Utility Company.

13. The Debtors shall increase the amount of the Adequate Assurance Deposit in the event an additional Utility Company is added to the Utility Services List by an amount equal to two weeks of Utility Services provided by such additional Utility Company, calculated using the historical average for such payments during the past 12 months. The Debtors may terminate the services of any Utility Company and are immediately authorized to reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Company, provided there are no outstanding disputes related to postpetition payments due such Utility Company.

14. The relief granted herein applies to all Utility Companies providing Utility Services to the Debtors and is not limited to those entities listed on the Utility Services List.

15. Notwithstanding anything in the Motion or this Final Order to the contrary, (a) any payment made or authorization hereunder shall be subject in all respects to the terms and conditions of any orders of this Court authorizing the Debtors to obtain debtor-in-possession financing and/or use cash collateral in these chapter 11 cases (as may be modified, amended, or supplemented, the "**DIP Orders**"), including, without limitation, any budget in connection therewith, and (b) to the extent there is any inconsistency between the terms of the DIP Orders and the Motion or this Final Order, the terms and conditions of such DIP Orders shall control.

16. Neither any provision of this Final Order nor any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the rights of the Debtors or any appropriate party in interest to dispute the amount of, basis for, or validity of any claim, (iii) a

waiver of the rights of the Debtors or any appropriate party in interest under the Bankruptcy Code or any other applicable nonbankruptcy law, or (iv) an approval, adoption, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

17. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

18. The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Final Order.

19. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

## **Schedule 1**

Utility Services List

## Utility Services List

| Utility Company | Service(s) Provided | Address | Account Number(s) | Average Monthly Expenditure | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| AT&T | Telecommunication | P.O. Box 5001<br>Carol Stream, IL 60197 | 8310010621487<br>8310006647134<br>3378821380405<br>2459646 | $20,776 | $10,388 |
| City of Houston | Water | P.O. Box 1560<br>Houston, TX 77251-1560 | 7099-3012-5014 | $153,057 | $76,528 |
| City of Port Neches | Water | P.O. Box 758<br>Port Neches, TX 77651-758 | 27-02100-01 | $12,210 | $6,105 |
| Clean Harbors Industrials Services | Waste Removal | P.O. Box 3442<br>Boston, MA 02241-3442 | TP3221 | $665,324 | $332,662 |
| Cokinos Energy Corporation | Natural Gas | 5718 Westheimer Rd, Suite 900<br>Houston, TX 77057 | 591012 | $674,232 | $337,116 |
| Comcast Business | Network/Internet | 1701 JFK Blvd.<br>Philadelphia, PA 19103 | 932763253 | $1,362 | $681 |
| Direct Energy | Electricity | P.O. Box 660749<br>Dallas, TX 75266 | 1098807 | $269,758 | $134,879 |
| Entergy Louisiana LLC | Electricity | 639 Loyola Ave.<br>New Orleans, LA 70113 | 33078882<br>37727831 | $0 | $0 |
| Entergy Texas Inc | Electricity | P.O. Box 679505<br>Dallas, TX 75367 | 3307882<br>37727831<br>171699416<br>138255062<br>139078935<br>139083315<br>139111561<br>139087407<br>138999917<br>139090617 | $55,724 | $27,862 |
| Indorama Ventures Oxides | Wastewater Treatment | 2701 Spur 136<br>Port Neches, TX 77651 | 182974 | $711,011 | $355,506 |
| Kinder Morgan Texas Pipeline LLC | Natural Gas | Dept. 3015, P.O. Box 201607<br>Dallas, TX 75320 | 36-581490-2 KMTP | $2,016,976 | $0[1] |
| Level 3 Communication | Internet | P.O. Box 910182<br>Denver, CO 910182 | 5-DDKWGKH4<br>5-MJML8W6L | $27,470 | $13,735 |
| Symmetry Energy Solutions LLC | Natural Gas | 9811 Katy Freeway<br>Houston, TX 77024 | 50054 | $337,586 | $3,793 |
| Waste Management | Waste Removal | 1910 Afton Rd.<br>Houston, TX 77055 | 14-49580-83009<br>14-51166-23000 | $90,937 | $45,468 |

---

[1] The services provided for are prepaid, thus not requiring an adequate assurance deposit.