## **Exhibit B**

**Steele Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| **TPC GROUP INC.**, *et al.*, | Case No. 22-10493 (CTG) |
| Debtors.[1] | Joint Administration Requested |

**DECLARATION OF BENJAMIN J. STEELE IN SUPPORT
OF DEBTORS' APPLICATION FOR APPOINTMENT OF KROLL RESTRUCTURING
ADMINISTRATION LLC AS CLAIMS AND NOTICING AGENT FOR THE DEBTORS
PURSUANT TO 28 U.S.C. § 156(c), 11 U.S.C. § 105(a) AND LOCAL RULE 2002-1(f)**

I, Benjamin J. Steele, under penalty of perjury, declare as follows:

1.  I am a Managing Director of Kroll Restructuring Administration LLC ("**Kroll**"),[2] a chapter 11 administrative services firm whose headquarters are located at 55 East 52nd Street, 17th Floor, New York, NY 10055. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2.  This Declaration is made in support of the above-captioned debtors' (collectively, the "**Debtors**") *Application for Appointment of Kroll Restructuring Administration LLC as Claims and Noticing Agent for the Debtors Pursuant to 28 U.S.C. § 156(c), 11 U.S.C. § 105(a) and Local Rule 2002-1(f)*, which was filed contemporaneously herewith (the "**Application**").[3]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77042.

[2] Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC. There has not been any change in the company's leadership, ownership, or organizational structure.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

3. Kroll is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Kroll's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Kroll's professionals have acted as debtor's counsel or official claims and noticing agent in many large bankruptcy cases in this District and in other districts nationwide. Kroll's active and former cases include: *Alto Maipo Delaware LLC*, No. 21-11507 (KBO) (Bankr. D. Del); *CalPlant I Holdco, LLC*, No. 21-11302 (JTD) (Bankr. D. Del.); *Alpha Latam Management, LLC*, No. 21-11109 (KJS) (Bankr. D. Del.); *Mallinckrodt plc*, No. 20-12522 (JTD) (Bankr. D. Del.); *The Hertz Corporation*, No. 20-11218 (MFW) (Bankr. D. Del.); *Grupo Posadas S.A.B. de C.V.*, No. 21-11831 (SHL) (Bankr. S.D.N.Y.); *GTT Communications, Inc.*, No. 21-11880 (MEW) (Bankr. S.D.N.Y.); *GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y.); *Seadrill New Finance Limited*, No. 22-90001 (DRJ) (Bankr. S.D. Tex.); *Carlson Travel, Inc.*, No. 21-90017 (MI) (Bankr. S.D. Tex.); *Basic Energy Services, Inc.*, No. 21-90002 (DRJ) (Bankr. D.R.J.); and *PG&E Corporation,* No. 19-30088 (DM) (Bankr. N.D. Cal.).

4. As agent and custodian of Court records pursuant to 28 U.S.C. § 156(c), Kroll will perform, at the request of the Office of the Clerk of the Bankruptcy Court (the "**Clerk**"), the services specified in the Application and the Engagement Agreement, and, at the Debtors' request, any related administrative, technical and support services as specified in the Application and the Engagement Agreement. In performing such services, Kroll will charge the Debtors the rates set forth in the Engagement Agreement, which is attached as **Exhibit A** to the Application.

5. Prior to the Petition Date, the Debtors provided Kroll an advance in the amount of $50,000, which was received by Kroll on February 17, 2022. In addition, on February 17, 2022 and on May 12, 2022, Kroll received payments in the amounts of $35,000 and $16,781.60,

respectively, for actual and/or estimated prepetition fees and expenses. Except as stated in this paragraph, Kroll has not received any payments from the Debtors in the 90 days prior to the Petition Date. Kroll seeks to first apply the advance to all prepetition invoices, and thereafter, to have the advance replenished to the original advance amount, and thereafter, to hold the advance under the Engagement Agreement during these chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

6. Kroll represents, among other things, the following:

   (a) Kroll is not a creditor of the Debtors;

   (b) Kroll will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

   (c) By accepting employment in these chapter 11 cases, Kroll waives any rights to receive compensation from the United States government in connection with these chapter 11 cases;

   (d) In its capacity as the Claims and Noticing Agent in these chapter 11 cases, Kroll will not be an agent of the United States and will not act on behalf of the United States;

   (e) Kroll will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

   (f) Kroll is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

   (g) In its capacity as Claims and Noticing Agent in these chapter 11 cases, Kroll will not intentionally misrepresent any fact to any person;

   (h) Kroll shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

   (i) Kroll will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

   (j) None of the services provided by Kroll as Claims and Noticing Agent in these chapter 11 cases shall be at the expense of the Clerk's office.

7.    To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither Kroll, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors or other relevant parties.  Kroll may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Kroll serves or has served in a neutral capacity as claims and noticing agent and/or administrative advisor for another chapter 11 debtor.

8.    Kroll has reviewed its electronic database to determine whether it has any relationships with the list of entities provided by the Debtors.  Based on the results of such search, at this time, Kroll is not aware of any relationship that would present a disqualifying conflict of interest.  Should Kroll discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Kroll will use reasonable efforts to promptly file a supplemental declaration.

9.    Certain of Kroll's professionals were partners of or formerly employed by firms that are providing or may provide professional services to parties in interest in these cases.  Such firms include Kirkland & Ellis LLP; Weil, Gotshal & Manges LLP; O'Melveny & Myers LLP; Mayer Brown LLP; Fried, Frank, Harris, Shriver & Jacobson LLP; Bracewell LLP; Curtis, Mallet-Prevost, Colt & Mosle LLP; Baker & Hostetler LLP; Togut, Segal & Segal LLP; Gibson, Dunn & Crutcher LLP; Willkie Farr & Gallagher LLP; Jones Day; Shearman & Sterling LLP; KPMG LLP; PricewaterhouseCoopers LLP; Epiq Bankruptcy Solutions, LLC; Donlin, Recano & Company, Inc.; and Kurtzman Carson Consultants LLC.  Except as may be disclosed herein, these professionals did not work on any matters involving the Debtors while employed by their previous firms.  Moreover, these professionals were not employed by their previous firms when these chapter 11 cases were filed.

10. Kroll is an indirect subsidiary of Kroll, LLC ("**Kroll Parent**"). Kroll Parent is the world's premier provider of services and digital products related to governance, risk and transparency. Within the Kroll Parent corporate structure, Kroll operates independently from Kroll Parent. As such, any relationships that Kroll Parent and its affiliates maintain do not create an interest of Kroll's that is materially adverse to the Debtors' estates or any class of creditors or security holders. I understand that Kroll Parent (under its former name, Duff & Phelps, LLC) provided certain valuation services to the Debtors in 2020. I further understand that such services have concluded, and that Kroll Parent has been paid in full for such services and is thus not a creditor of the Debtors. Based on the foregoing, Kroll believes this connection does not present an interest adverse to the Debtors but discloses it out of an abundance of caution.

11. Kroll, as well as its personnel, has and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals, financial institutions, and other parties in interest that may be involved in the Debtors' chapter 11 cases. Kroll may also provide professional services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not directly relate to, or have any direct connection with, these chapter 11 cases or the Debtors.

12. Kroll, and its personnel in their individual capacities, regularly utilize the services of law firms, investment banking and advisory firms, accounting firms and financial advisors. Such firms engaged by Kroll or its personnel may appear in chapter 11 cases representing the Debtors or parties in interest. All engagements where such firms represent Kroll or its personnel in their individual capacities are unrelated to these chapter 11 cases.

13. Based on the foregoing, I believe that Kroll is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged. Moreover, to the best of my knowledge and belief, neither Kroll nor any of its

partners or employees hold or represent any interest materially adverse to the Debtors' estates with respect to any matter upon which Kroll is to be engaged.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Executed on June 1, 2022

                                    */s/ Benjamin J. Steele*
                                    Benjamin J. Steele
                                    Managing Director
                                    Kroll Restructuring Administration LLC
                                    55 East 52nd Street, 17th Floor
                                    New York, NY 10055