# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| **TPC GROUP INC.**, *et al.*, | Case No. 22-10493 (CTG) |
| Debtors.[1] | Joint Administration Requested |
| | **Hearing Date: To be determined.** |
| | **Objection Deadline: June 15, 2022 at 4:00 p.m. (ET)** |
| | **Re: D.I. 49, 54** |

**MOTION TO FILE UNDER SEAL DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE DEBTORS' ASSUMPTION OF COMMERCIAL CONTRACTS, AS AMENDED, AND (II) GRANTING RELATED RELIEF**

TPC Group Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (this "**Motion**"):

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached as **Exhibit A**, (i) authorizing the filing under seal portions of the *Debtors' Motion for Entry of an Order (I) Approving the Debtors' Assumption of Commercial Contracts, as Amended, and (II) Granting Related Relief* [Docket No. 49] (the **"Motion to Assume"**), and (ii) granting such other and further relief as the Court deems just and proper.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77002.

**Jurisdiction and Venue**

2. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

**Relevant Background**

4. On the date hereof (the **"Petition Date"**), the Debtors commenced these chapter 11 cases by filing voluntary petitions with this Court under chapter 11 of title 11 of the United States Code (the **"Bankruptcy Code"**).

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, the Office of the United States Trustee for the District of Delaware (the **"U.S. Trustee"**) has not appointed a creditors' committee in the Chapter 11 Cases, nor has any trustee or examiner been appointed therein.

6. The Debtors are the leading North American producer and processor of intermediate and specialty chemicals and fuel derivatives. Their products are critical to a wide range of end-markets and applications, including synthetic rubber, fuels, lubricants, plastics, and surfactants. Among other things, they are the largest crude C4 processor by installed capacity in North America. Crude C4 processing is the Debtors' primary revenue-generating segment,

accounting for 60% of revenue and 46% of gross profit in 2021. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Del Genio in Support of Debtors' Chapter 11 Petitions and Related Requests for Relief* (the **"First Day Declaration"**), filed contemporaneously herewith and incorporated herein by reference.

7. On the Petition Date, the Debtors filed the Motion to Assume. By the Motion to Assume, the Debtors seek entry of a final order authorizing the Debtors to assume the Agreements[2] governing the Debtors' supply of crude C4, as those Agreements are amended by the 2022 C4 Amendments, by June 8, 2022.[3] The Motion to Assume contains highly sensitive, confidential, commercial information of the Debtors, namely the Agreements and the financial information relating to the rates at which the Debtors will be able to obtain crude C4 under the Agreements as amended by the 2022 C4 Amendments (the **"Confidential Information"**).

8. As a result of the foregoing, the Debtors have filed this Motion seeking authority to file a version of the Motion to Assume that redacts the Confidential Information.

### **Relief Requested Should be Granted**

9. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, the Court may authorize the Debtors to file the Confidential Information under seal. Section 107(b) of the Bankruptcy Code is a codified exception to the general rule of access and protects entities from potential harm caused by the disclosure of confidential information. Specifically, section 107(b) provides, in relevant part:

---

[2] Capitalized terms undefined herein shall have the meaning ascribed to them in the Motion to Assume.

[3] Contemporaneous with the Motion to Assume, the Debtors filed the *Debtors' Motion to Shorten Notice of Debtors' Motion for Entry of an Order (I) Approving the Debtors' Assumption of Commercial Contracts, as Amended, and (II) Granting Related Relief*, seeking expedited consideration of the Motion to Assume.

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information ....

11 U.S.C. § 107(b).

10. Bankruptcy Rule 9018 and Local Rule 9018-1 establish the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . .

Fed. R. Bankr. P. 9018; *accord* Del. Bankr. L.R. 9018-1(b).

11. Once a court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

12. Courts have held that protection under section 107(b) must be granted if the information sought to be protected is "commercial information," which need not rise to the level of a trade secret to be entitled to protection. *See, e.g., Orion Pictures*, 21 F.3d at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Furthermore, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good

cause." *Id*. Nor does section 107(b) of the Bankruptcy Code require a finding of "extraordinary circumstances or compelling need." *Id*. at 27.

13. Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Id*. at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once it is established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *See id*.

14. Sufficient cause exists here for the Court to grant the requested relief. The Confidential Information constitutes commercially sensitive information, thus satisfying one of the categories enumerated in section 107(b) of the Bankruptcy Code. The Confidential Information is highly sensitive with respect to the Debtors' business and ongoing relationship with the Contracting Counterparties. The disclosure of such information would adversely affect the Debtors' business as it would be detrimental to the Debtors' competitive position in the specialty chemicals and fuel derivatives industries.

15. Thus, the Confidential Information represents sensitive, proprietary, confidential, and commercial information that section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to protect. Therefore, the Bankruptcy Court should protect the Confidential Information as contemplated by section 107(b) of the Bankruptcy Code and grant the relief requested in this Motion.

16. Accordingly, the Trustee has filed the *Notice of Filing Proposed Redacted Version of the Debtors' Motion for Entry of an Order (I) Approving the Debtors' Assumption of*

*Commercial Contracts, as Amended, and (II) Granting Related Relief* [Docket No. 54], attaching a proposed version of the Motion to Assume that redacts the Confidential Information.

## NOTICE

17. The Debtors provided notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iii) the Contracting Counterparties; (iv) counsel to the ABL Agent, Haynes & Boone, LLP, 1221 McKinney Street, Suite 4000, Houston, TX 77010 (Attn: Charles A. Beckham, Jr. and Tim Johnston); (v) counsel to the Ad Hoc Group, Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 (Attn: Kristopher M. Hansen, Esq. and Jonathan D. Canfield, Esq.); and (vi) any other party entitled to notice pursuant to Bankruptcy Rule 2002. Due to the urgency of the circumstances surrounding this Motion and the nature of the relief in it, the Debtors respectfully submit that no further notice of this Motion is required.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested in this motion and granting such other and further relief as is appropriate under the circumstances.

[*Signature page follows.*]

Dated: June 1, 2022
      Wilmington, Delaware

|  |  |
|---|---|
| **BAKER BOTTS L.L.P.** | */s/ Robert J. Dehney*<br>**MORRIS, NICHOLS, ARSHT & TUNNELL LLP** |
| James R. Prince (*pro hac vice* admission pending) | Robert J. Dehney (No. 3578) |
| Kevin Chiu (*pro hac vice* admission pending) | Curtis S. Miller (No. 4583) |
| 2001 Ross Avenue, Suite 900 | Daniel B. Butz (No. 4227) |
| Dallas, Texas 75201-2980 | Matthew O. Talmo (No. 6333) |
| Telephone:    (214) 953-6500 | Brian Loughnane (No. 6853) |
| Facsimile:    (214) 953-6503 | 1201 N. Market Street, 16th Floor |
| Email: jim.prince@bakerbotts.com | P.O. Box 1347 |
|            kevin.chiu@bakerbotts.com | Wilmington, Delaware 19899-1347 |
|  | Telephone: (302) 658-9200 |
| -and- | Facsimile: (302) 658-3989 |
|  | Email:    rdehney@morrisnichols.com |
| BAKER BOTTS L.L.P. |            cmiller@ morrisnichols.com |
| Scott R. Bowling (*pro hac vice* admission pending) |            dbutz@ morrisnichols.com |
| 30 Rockefeller Plaza |            mtalmo@ morrisnichols.com |
| New York, New York 10112 |            bloughnane@ morrisnichols.com |
| Telephone:    (212) 408-2500 |  |
| Facsimile:    (212) 259-2501 | *Proposed Attorneys for Debtors* |
| Email: scott.bowling@bakerbotts.com | *and Debtors in Possession* |

-and-

BAKER BOTTS L.L.P.
David R. Eastlake (*pro hac vice* admission pending)
Lauren N. Randle (*pro hac vice* admission pending)
910 Louisiana Street
Houston, Texas 77002
Telephone:    (713) 229-1234
Facsimile:    (713) 229-1522
Email: david.eastlake@bakerbotts.com
      lauren.randle@bakerbotts.com