# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TPC GROUP INC., *et al.*,[1] | Case No. 22-10493 (CTG) |
| Debtors. | (Jointly Administration Requested) |
| | Re: Dkt. No. 36 |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF MOCKINGBIRD CREDIT OPPORTUNITIES COMPANY TO THE DEBTORS' DIP MOTION

Mockingbird Credit Opportunities Company LLC ("Mockingbird") submits this limited objection and reservation of rights (this "Limited Objection") to the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [Docket No. 36] (the "DIP Motion"),[2] and respectfully states as follows:

### RELEVANT BACKGROUND

1. Mockingbird is an affiliate of Trive Capital Partners LP ("Trive"). Trive is a Dallas, Texas based private equity firm with more than $4 billion of regulatory assets under management.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77002.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings given to them in the DIP Motion.

2. Mockingbird holds 10.5% senior secured notes due 2024.[3] Prior to the Debtors' acquisition by their current indirect majority owners, Mockingbird's principals had made investments in the Debtors' term loans, bonds, and equity.

3. On June 1, 2022 (the "Petition Date"), TPC Group Inc. and its debtor affiliates (collectively, the "Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

4. By the DIP Motion, the Debtors seek, among other relief, to convert approximately $59.3 million in obligations under the Prepetition Senior Priority Additional Notes (including a $5 million Redemption Premium) into the Term DIP Loan Facility upon entry of the Interim Order (the "Initial Roll-Up").

**LIMITED OBJECTION**

5. Many bankruptcy courts disfavor roll-ups. *See In re Verasun*, No. 08-12606 (BLS), (Bankr. D. Del. Dec. 3, 2008), Hr'g Tr. at 32:20-25 [Dkt. No. 316] (noting that the Bankruptcy Courts for the District of Delaware, the Southern District of New York, and other courts have found that "roll-ups are not favored. They are strongly discouraged on day one, and the bottom line is that for approval a substantial showing has to be made, and it has to be made on appropriate notice . . . ."). In cases where they are approved, Courts require a "substantial showing" for approval of any roll-up at a "first day" hearing. *Id*.

6. The Initial Roll-Up is not subject to final order and provides for a 1.8:1 ratio of Initial Roll-Up to New Money Commitments (First Borrowing). In the DIP Motion, the Debtors state summarily that the roll-up "is a material component of the consideration required by the DIP

---

[3] Mockingbird is not a signatory to the Restructuring Support Agreement, dated May 31, 2022, a copy of which is attached as Exhibit A to the *Declaration of Robert A. Del Genio in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Dkt. No. 27].

Lenders" and that "[t]he Term DIP Loan Facility would not be available absent the roll-up." DIP Motion ¶¶ 41-42. However, they fail to explain why such roll-up is necessary at this interim stage. Given that parties-in-interest had less than 24 hours to consider the relief sought under the DIP Motion, Mockingbird asserts it is prudent of the Court to wait to approve any roll-up until the final hearing.

## RESERVATION OF RIGHTS

7. Mockingbird hereby reserves any and all rights with respect to the DIP Motion and all bases of objection thereto that it may raise at the hearing on the DIP Motion or in a subsequent objection.

[*Remainder of page intentionally left blank.*]

Dated: June 1, 2022
Wilmington, Delaware

/s/ Gregory W. Werkheiser
| | |
|---|---|
| **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP** | **SIDLEY AUSTIN LLP** |
| Gregory W. Werkheiser (No. 3553) | Charles M. Persons (*pro hac vice* pending) |
| 1313 N. Market Street, Suite 1201 | Maegan Quejada (*pro hac vice* pending) |
| Wilmington, DE 19801 | 2021 McKinney Ave |
| Phone: (302) 442-7010 | Suite 2100 |
| gwerkheiser@beneschlaw.com | Dallas, Texas 75201 |
| | Telephone: (214) 981-3300 |
| | cpersons@sidley.com |
| | mquejada@sidley.com |

*Counsel for Mockingbird Credit Opportunities Company LLC*