**Exhibit 2**

**Email from Kevin Jacobs of Baker Botts L.L.P., attorney for the Debtors, dated June 22, 2022**

| | |
|---|---|
| **Sent:** | Friday, July 8, 2022 8:21 AM |
| **To:** | Mervis, Michael T. |
| **Subject:** | RE: Meet/Confer |

**From:** Jacobs, Kevin <kevin.jacobs@bakerbotts.com>
**Sent:** Wednesday, June 22, 2022 1:07 PM
**To:** Mervis, Michael T. <MMervis@proskauer.com>; Bhan, Nish <nischay.bhan@BakerBotts.com>; Quigley, Brendan <brendan.quigley@bakerbotts.com>; Dehney, Robert <RDehney@morrisnichols.com>
**Cc:** Holinstat, Steven H. <sholinstat@proskauer.com>; Hillman, David <DHillman@proskauer.com>; Bowling, Scott <scott.bowling@bakerbotts.com>
**Subject:** RE: Meet/Confer

*This email originated from outside the Firm.*

Michael,

We have inquired and confirmed that we do not possess any direction letters or similar correspondence (which is typical in this situation). Nevertheless, we have made the inquiries and confirmed.

Kevin


**Kevin Jacobs**
Partner  Bio

Baker Botts L.L.P.
kevin.jacobs@bakerbotts.com
T +1.713.229.1947
F +1.713.229.7847
M +1.281.546.6490

910 Louisiana Street
Houston, Texas 77002
USA



**From:** Mervis, Michael T. <MMervis@proskauer.com>
**Sent:** Tuesday, June 21, 2022 4:25 PM
**To:** Jacobs, Kevin <kevin.jacobs@bakerbotts.com>; Bhan, Nish <nischay.bhan@BakerBotts.com>; Quigley, Brendan <brendan.quigley@bakerbotts.com>; Dehney, Robert <RDehney@morrisnichols.com>
**Cc:** Holinstat, Steven H. <sholinstat@proskauer.com>; Hillman, David <DHillman@proskauer.com>
**Subject:** RE: Meet/Confer

**[EXTERNAL EMAIL]**

Kevin et al. – Would you please send us a copy of the direction letter or letters referenced in the DIP motion at the bottom of p. 55/top of p. 56? Thanks.

**Michael T. Mervis**
**Member of the Firm**
**Commercial Litigation Group Head**
**Bankruptcy Litigation Group Head**

Proskauer
Eleven Times Square
New York, NY 10036-8299
d 212.969.3565
m 917.756.9758
f  212.969.2900


mmervis@proskauer.com



**From:** Jacobs, Kevin <kevin.jacobs@bakerbotts.com>
**Sent:** Monday, June 20, 2022 2:12 PM
**To:** Mervis, Michael T. <MMervis@proskauer.com>; Bhan, Nish <nischay.bhan@BakerBotts.com>; Quigley, Brendan <brendan.quigley@bakerbotts.com>; Dehney, Robert <RDehney@morrisnichols.com>
**Cc:** Holinstat, Steven H. <sholinstat@proskauer.com>; Hillman, David <DHillman@proskauer.com>
**Subject:** RE: Meet/Confer

*This email originated from outside the Firm.*

Are you available at either 4:00 or 4:30 eastern?

**Kevin Jacobs**
Partner  Bio

Baker Botts L.L.P.
kevin.jacobs@bakerbotts.com
T +1.713.229.1947
F +1.713.229.7847
M +1.281.546.6490

910 Louisiana Street
Houston, Texas 77002
USA



**From:** Mervis, Michael T. <MMervis@proskauer.com>
**Sent:** Sunday, June 19, 2022 11:59 AM
**To:** Bhan, Nish <nischay.bhan@BakerBotts.com>; Jacobs, Kevin <kevin.jacobs@bakerbotts.com>; Quigley, Brendan <brendan.quigley@bakerbotts.com>

**Cc:** Holinstat, Steven H. <sholinstat@proskauer.com>; Hillman, David <DHillman@proskauer.com>
**Subject:** RE: Meet/Confer

**[EXTERNAL EMAIL]**

Thanks for sending this. Further to our call on Friday, we thought it would be helpful to send you an email sketching out where we left things in terms of outstanding discovery in response to Cerberus/Bayside's First Request for the Production of Documents:

At this time (and on a 'without prejudice' basis), we are not requesting the production of documents in response to Requests Nos. 3-6, 14 and 16. With respect to the other requests, we've summarized our position below:

- Request Nos. 1 and 11 – We are requesting production of documents concerning the negotiation of the DIP Documents, *e.g.*, draft documents (received and/or prepared by the Debtors or the Consenting Noteholders), redlines, communications regarding terms of the DIP Documents (including negotiating proposals and concessions). We are also seeking any comp analysis to the terms of the proposed Consenting Noteholder DIP in relation to other, similar chapter 11 cases (*e.g.*, interest rate, quantum of roll-up compared to the amount of new money being proposed).

  During our Friday call, you mentioned that Milbank, on behalf of Cerberus/ Bayside, had previously agreed not to seek drafts of any DIP proposals based on a June 8, 2022 email from Milbank to Baker Botts and Morris Nichols at 8:52 am. We disagree with your contention. To begin with, the email exchange on this point was about the Debtors' document requests, not those served by Milbank. In any event, based on our review of that email, with respect to the negotiating history of any DIP proposals made by Cerberus/Bayside, the Debtors would already have available to them: (a) all "DIP proposals transmitted to the Debtors, along with any cover emails"; and (b) documents establishing the Debtors' analysis of such DIP proposals, including any documents prepared by the Debtors as a counter to the Cerberus/Bayside DIP proposals  The documents that the Debtors agreed Cerberus/Bayside need not produce were limited to Cerberus/Bayside's internal drafts of DIP Proposals not transmitted to the Debtors. Consistent therewith, Cerberus/Bayside are not seeking drafts of any DIP proposals that the Debtors elected not to share with the Consenting Noteholders. Rather, we want the documents that show how the terms of the DIP were negotiated (*e.g.*, red-lines showing proposed changes in terms, emails or other messages concerning negotiation proposals, etc.)

- Request No. 2 – We are requesting production of documents concerning internal discussions, analyses and board of director presentations regarding the Cerberus/Bayside DIP proposal.

- Request No. 7 – We are requesting production of documents sufficient to identify what the Debtors believe to be their unencumbered assets, if any, and their respective value.

- Request No. 8 – We are requesting copies of any drafts of the Debtors' Initial Budget, back up sufficient to show how it was built up, and communications concerning the Initial Budget.

- Request No. 9 – We are requesting negotiation documents concerning the milestones reflected in the DIP Documents. These should be subsumed by Request No. 1.

- Request No. 10 – We are requesting documents concerning meetings of the Debtors' board of directors concerning the DIP Documents, the Debtors' entry into the Term DIP Loan Facility, or the Debtors' consideration of alternative proposals, terms, or structures for post-petition financing, including all board minutes and meeting materials concerning such topics.

- Request No. 12 – We stand on our request for production of all Documents the Debtors intend to use at any evidentiary hearing concerning the DIP Motion.

- Request No. 13 – We are requesting production of the same documents described in Request No. 1, above, but with respect to the RSA.  Our assumption is the DIP and RSA were negotiated in parallel and that many of the documents produced for Request No. 1 will also be responsive to Request No. 13.

- Request No. 15 – We are requesting the production of any non-privileged analyses of any potential claims or causes of action against the Term DIP Secured Parties or the Prepetition Notes Secured Parties.

- Request No. 17 – We are willing to drop this request (on a 'without prejudice' basis' upon confirmation from the Debtors that (consistent with their filings and testimony in the Bankruptcy Court) they are not contending the Non-Consenting Noteholders are adequately protected and the valuation of the Debtors is not greater than $1.125 Billion.  In that regard, if the Debtors confirm the valuation to be proffered at the final DIP hearing will not be higher than $1.125 Billion, Cerberus/Bayside will forego serving additional valuation related discovery at this time.

In light of the tight timing, we hope to hear from you quickly.

Happy Father's day to those who celebrate.

---

**From:** Bhan, Nish <nischay.bhan@BakerBotts.com>
**Sent:** Friday, June 17, 2022 4:31 PM
**To:** Mervis, Michael T. <MMervis@proskauer.com>
**Cc:** Jacobs, Kevin <kevin.jacobs@bakerbotts.com>; Quigley, Brendan <brendan.quigley@bakerbotts.com>
**Subject:** FW: Meet/Confer

*This email originated from outside the Firm.*

Michael,

Please see below, per our discussion today. Milbank's comments are in red.

Thanks,

Nish

**Nischay Bhan**
Law Clerk*

Baker Botts L.L.P.
nischay.bhan@bakerbotts.com
T +1.713.229.1806
M +1.713.376.9711

* Admitted to Practice Law in Texas Only

---

**From:** Estep, John <JEstep@milbank.com>
**Sent:** Wednesday, June 8, 2022 9:52 AM
**To:** Jacobs, Kevin <kevin.jacobs@bakerbotts.com>; Renenger, Aaron <ARenenger@milbank.com>
**Cc:** Bhan, Nish <nischay.bhan@BakerBotts.com>; Miller, Curtis <CMiller@morrisnichols.com>; Butz, Daniel <DButz@morrisnichols.com>
**Subject:** RE: Meet/Confer

4

**[EXTERNAL EMAIL]**

Kevin:

Thank you for the meet and confer call yesterday. As discussed, Cerberus and Bayside agree to produce non-privilege documents in their possession sufficient to show (i) their purchase of the 10.5% Notes (including the dates of purchase and from whom the notes were purchased, to the extent reflected in the documents), (ii) the amount of 10.5% Notes currently held, and (iii) the relationship between Cerberus and Bayside and the respective funds holding the interest in the 10.5% Notes. In addition, Cerberus and Bayside agree to produce non-privileged communications in their possession located after a reasonable search concerning the proposed priming of the 10.5% Notes or the 10.875% Notes by the Cerberus/Bayside DIP proposals transmitted to TPC. Cerberus and Bayside believe that all of the Debtors' other document requests are overbroad, unduly burdensome, and disproportionate to the needs of the case.

Please see below in red our responses to the points raised in your email below. Please let us know if it would be helpful to discuss.

John Estep | Milbank | Associate
1850 K Street, NW, Suite 1100 | Washington D.C. 20006
T: +1 202.835.7518
jestep@milbank.com | milbank.com

**From:** Jacobs, Kevin <kevin.jacobs@bakerbotts.com>
**Sent:** Tuesday, June 7, 2022 4:00 PM
**To:** Estep, John <JEstep@milbank.com>; Renenger, Aaron <ARenenger@milbank.com>
**Cc:** Bhan, Nish <nischay.bhan@BakerBotts.com>; Miller, Curtis <CMiller@morrisnichols.com>; Butz, Daniel <DButz@morrisnichols.com>
**Subject:** [EXT] Meet/Confer

Aaron,

This email follows our meet and confer earlier today. As we noted on the meet and confer, we'd like to confirm our position on a few open issues.

1. In response to RFP 11,12, and 13 among others, you indicated that Cerberus/Bayside would provide DIP proposals and other related documents, but not "drafts." We are in agreement as to that scope of production, as relates to drafts.

<span style="color:red">Thank you for confirming the Debtors' agreement that Cerberus and Bayside need not produce drafts of DIP proposals. As discussed during this morning's meet and confer, Cerberus and Bayside propose to produce in response to RFP Nos. 11, 12, and 13 only DIP proposals transmitted to the Debtors, along with any cover emails. Please let us know if this is acceptable to the Debtors.</span>

2. In response to RFPs 2, 7, 10, 30 you indicated that Cerberus/Bayside did not think that pricing, valuation information, or information/presentations provided to the investment committee was relevant. We disagree. TPC is entitled to discovery as to the price paid and any analyses performed as to the value/validity of the Notes, including information provided to Cerberus/Bayside's investment committee(s). You indicated you had experience with caselaw supporting your position on pricing. Please provide that, if so.

<span style="color:red">Cerberus and Bayside continue to believe that pricing, valuation information, or information/presentations provided to the investment committee are irrelevant to the claims/defenses in the adversary proceeding. In that regard, we understand that Courts in the following bankruptcy cases have determined that creditor valuations are irrelevant unless</span>

5

the issue of valuation is directly at issue (such as in a fraudulent transfer case): *In re: Molycorp, Inc., et al.*, No. 15-11357 (Del. Bankr. Ct); *In re: The Dolan Company et al.*, No. 14-10614 (Del. Bankr. Ct.); *CSC Trust Co. of Delaware v. Energy Future Intermediate Holdings Co LLC et al.*, Adv. Pro. No: 14-50363 (Del. Bankr. Ct.); *In re Quorum Health Corp., et al.*, No. 20-10766 (Del. Bankr. Ct.). If the Debtors continue to insist on production of this information, we believe we are at an impasse.

3. In response to RFPs 14, 15, 16, 17, 18, 22, and 23, you indicated your position was that the discussions regarding communications were "overbroad." We will agree to limit the scope of these and similar requests regarding communications involving Cerberus and Bayside to: documents regarding/related to priming of the 10.5% and 10.875% Notes, Cerberus/Bayside positions on exit financing and backstop support.

We understand your reference to "priming of the 10.5% and 10.875% Notes" to mean documents and communications concerning the proposed priming of the 10.5% and 10.875% notes included in the Cerberus/Bayside DIP proposal. Bayside and Cerberus agree to produce any such non-privileged documents located after a reasonable search. With respect to exit financing and backstop support, Bayside and Cerberus have proposed neither, and so we do not view documents related to those items as relevant.

4. In response to RFP 20, 25, 26, and 29, you pushed back on the idea of providing documents relating to Cerberus/Bayside's "financial ability" to provide information regarding proposals you claim they have not made. We are willing to forgo these requests if you confirm that Cerberus and Bayside are not challenging the DIP financing other than on the grounds that the indenture does not permit the priming of the 10.5% Notes. Please confirm this is the case and that Cerberus/Bayside are not taking the positions indicated in these requests.

Cerberus and Bayside do not agree to limit their challenge to the Debtors' proposed DIP financing to the ground that the indenture does not permit the priming of the 10.5% Notes. There are a number of arguments set forth in our DIP objection that we intend to pursue at a final hearing (and as set forth therein reserve all rights). Fundamentally, however, we do not understand how Cerberus or Bayside's financial wherewithal to, for example, undertake a refinancing of the 10.5% Notes or the 10.875% Notes (see request No. 29) is at all relevant to the arguments made in our objection or to the DIP proposal we have made.

5. In response to RFP 21 and 27, you raised some points regarding potential privilege and privilege logs. As to a privilege log, we are generally in agreement as to how to address the privilege log and logging of privileged materials in a manner that is expedient and not overly burdensome/cumbersome. As to scope of privilege, we disagree and do not think that privilege will extend to all discussions (not including counsel) regarding whether the Cerberus/Bayside DIP Proposals violate the intercreditor agreements or other contentions made about scope of privilege extending to any discussions between Cerberus/Bayside discussing this or other items that counsel has apparently opined on. We would expect that, to the extent that such materials are withheld, that Milbank provide a corresponding log in the manner we discussed on the call.

With respect to the privilege log, please confirm the Debtors' agreement that the parties will exchange a categorical privilege log in lieu of a document-by-document privilege log. With respect to Request No. 21, we did not contend during the meet and confer call that "privilege will extend to *all* discussions (not including counsel) regarding whether Cerberus/Bayside DIP Proposals violate the intercreditor agreements." Rather, we simply stated that internal communications at Cerberus or Bayside concerning their "contentions" that the DIP proposals would "not violate the 2021 Intercreditor Agreement" is likely to reflect advice of counsel, whether or not counsel are included on those communications. It is blackletter law that communications reflecting counsel's legal advice remain privileged when forwarded or shared with others within the zone of privilege. In any event, as we stated on the call, Bayside's and Cerberus's discussions regarding whether their DIP proposals would violate the terms of the intercreditor agreements are not relevant to the issues before the court, which are a matter of pure contract interpretation.

Thanks,

Kevin

**Kevin Jacobs**
Partner  Bio

Baker Botts L.L.P.
kevin.jacobs@bakerbotts.com
T +1.713.229.1947
F +1.713.229.7847
M +1.281.546.6490

910 Louisiana Street
Houston, Texas 77002
USA

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

*********************************************************************************************
****************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
*********************************************************************************************
****************************************************