IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| TPC GROUP INC., *et al.*, | Case No. 22-10493 (CTG) |
| Debtors.[1] | Jointly Administered |
| | Re: D.I. 166 |

### DECLARATION OF ZUL JAMAL IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE FILING UNDER SEAL OF THE DIP FEES IN THE DEBTOR IN POSSESSION FINANCING FACILITIES

I, Zul Jamal, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am a Managing Director at Moelis & Company ("**Moelis**"), where I specialize in advising distressed companies or their stakeholders in recapitalization and restructuring situations. Moelis' principal office is located at 399 Park Avenue 4th Floor New York, New York 10022, and I am a resident of the New York office. Moelis is acting as investment banker to TPC Group Inc. and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**"), and began working for the Debtors in May 2020.

2. I submit this declaration ("**Declaration**") in support of the *Debtors' Motion for Entry of an Order Authorizing the Filing Under Seal of the DIP Fees in the Debtor in*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77002.

*Possession Financing Facilities* [D.I. 166] (the "**Motion**").[2] In particular, I submit this Declaration in support of my view that the DIP Fees are commercially sensitive information.

3. In my role as Managing Director of the Debtors' investment banker, I am familiar the negotiations concerning the DIP Facilities. As I previously testified in my *Declaration in Support of Debtors' Motion for Entry of Interim and Final Order (I) Authorizing Use of Cash Collateral; (II) Authorizing Debtors to Obtain Senior Secured, Superpriority, Postpetition Financing; (III) Granting Liens and Superpriority Claims; (IV) Granting Adequate Protection to Prepetition Secured Parties; and (V) Granting Related Relief* (D.I. 65), I was an active participant in the Debtors' prepetition marketing process for debtor-in-possession financing. I am familiar with the economic terms of the DIP Facilities and I participated in numerous meetings with the DIP Lenders concerning the DIP Facilities, including the DIP Fees.

4. Unless otherwise indicated herein, the statements in this Declaration are based on my personal knowledge or my opinion based on my experience, on information that I have received from the Debtors' employees, advisors, or my colleagues at Moelis working directly with me or under my supervision, direction, or control, or on my review of relevant documents. If I were called to testify, I would testify competently to the matters set forth below.

### Filing the DIP Fees Under Seal.

5. In my opinion, based on my experience, the DIP Fees are commercially sensitive information. The DIP Fees, which were negotiated at arm's length between the Debtors and the DIP Lenders, respectively, reveal information about the methodologies for calculating fees with respect to the proposed DIP Facilities that are critically sensitive and should remain

---

[2] Capitalized terms used but otherwise undefined herein shall have the meanings ascribed to them in the Motion.

confidential.  Application of those methodologies results in the Debtors being obligated to pay an estimated, aggregate amount of $6.4 million to $7.9 million in DIP Fees under the DIP Facilities.  I understand that the DIP Lenders' ability to maintain the confidentiality of this pricing methodology is paramount to their ability to negotiate and provide debtor-in-possession financing to the Debtors and other debtors-in-possession in this market environment.

    6.  As is customary in the finance industry, I have been advised that the DIP Lenders treat information such as the DIP Fees as highly sensitive and confidential.  I understand that, outside of bankruptcy, such information is almost never disclosed to the public or made available to competitor financial institutions—and only disclosed within bankruptcy in rare occurrences.  Given the intense competition among participants in the financial sector, disclosure of the DIP Fees could severely constrain the ability of the DIP Lenders to negotiate their fees in future debtor-in-possession financing transactions, as well as hinder their ability to enter into future debtor-in-possession financing facilities, putting them at a strategic disadvantage relative to their competitors and causing them commercial injury.  Requiring the DIP Lenders to disclose the DIP Fees in this context, but not in others, could have a "chilling effect," discouraging them and other competitor institutions from providing debtor-in-possession financing facilities on terms favorable to chapter 11 debtors.

    7.  Based on the foregoing, absent protection for the DIP Fees, the DIP Lenders would be placed at a competitive disadvantage, and the Debtors' ability to obtain debtor-in-possession financing could be compromised.  Accordingly, maintaining the confidentiality of the DIP Fees under the circumstances, as described in the DIP Motion, Jamal Declaration, and other filings in these chapter 11 cases, enables the DIP Lenders to remain competitive and willing to

extend debtor-in-possession financing to the Debtors to the benefit of the Debtors and other parties in interest in these chapter 11 cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: July 28, 2022
      New York, NY

*/s/ Zul Jamal*
Zul Jamal
Managing Director
<u>Moelis & Company</u>
