# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| TPC GROUP INC., *et al.*, | Case No. 22-10493 (CTG) |
| Debtors.[1] | Jointly Administered |
| | **Re: D.I. 166** |

### ORDER AUTHORIZING THE FILING UNDER SEAL OF THE DIP FEES IN THE DEBTOR IN POSSESSION FINANCING FACILITIES

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, authorizing the Debtors to file under seal and to redact certain fees associated with the DIP Facilities, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and upon the First Day Declaration and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77042.

[2] Terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the record of the hearing; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized, but not directed, pursuant to sections 105 and 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, to file the DIP Motion, the DIP Loan Agreements and the Jamal Declaration under seal and to redact the Commercial Information. The Commercial Information shall remain confidential, and shall not be made available to anyone, other than as provided in Paragraph 4 of this Order, without further order of this Court.

3. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4. In accordance with Local Rule 9018-1, to the extent they have not already, the Debtors shall provide an unredacted version of the Commercial Information to the Court and to the Receiving Parties on a confidential, "professionals' eyes only" basis.

5. Any party authorized, pursuant to this Order, to receive a copy of the unredacted Commercial Information, other than the Court, the Office of the United States Trustee for the District of Delaware, or any official committee appointed in these cases, (a) shall confirm to the Debtors (which confirmation may be made via electronic email), prior to receiving a copy of the unredacted Commercial Information, that such party is bound by the terms of this Order and shall

at all times keep the Commercial Information strictly confidential and shall not disclose the unredacted Commercial Information to any party whatsoever or (b) in the alternative, shall abide by any applicable nondisclosure or confidentiality agreement.

5. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: July 29th, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**