**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| TPC GROUP INC., *et al.*, | Case No. 22-10493 (CTG) |
| Debtors.[1] | Jointly Administered<br>**Hearing Date (Proposed): September 9, 2022**<br>**Objections Due (Proposed): At or before the Hearing** |

**DEBTORS' MOTION FOR AN ORDER MODIFYING THE APPLICATION
OF LOCAL RULE 3007-1(f)(i) & (iii) IN RESPECT OF CERTAIN
PNO AND OTHER CLAIMS OBJECTIONS AND APPROVING
<u>CONSOLIDATED CLAIMS OBJECTION PROCEDURES</u>**

TPC Group LLC ("**TPC**"), and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (this "**Motion**"):

**<u>Relief Requested</u>**

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "**Proposed Order**"), (i) modifying the application of Rules 3007-1(f)(i) and (iii) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") in respect of substantive or non-substantive omnibus objections to those unsecured claims filed against TPC Group Inc. ("**Inc**") and TPC Holdings, Inc. ("**Debtor Holdings**," and with "**Debtor Inc**" the "**Debtor Parents**") arising from the November 27, 2019 explosions that occurred at the Debtors' facility in Port Neches, Texas (collectively, the "**PNO Claims**") as well as certain other claims (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77002.

"**Miscellaneous Claims**," and with the PNO Claims, the "**Parent Claims**"), and any other Parent Claims identified by the Debtors, and (ii) granting them such other and further relief as the Court deems just and proper. In further support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction and Venue

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Bankruptcy Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory bases for the relief requested herein are Section 105(a) of the Bankruptcy Code, as supplemented by Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 3007-1.

### Background

**A.    Overview of Chapter 11 Cases**

5. On June 1, 2022 (the "**Petition Date**"), the Debtors commenced these chapter 11 cases by filing voluntary petitions with this Court under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

6. No trustee or examiner has been appointed in these cases. These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). On June 14, 2022, the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Committee**").

7. The Debtors are the leading North American producer and processor of intermediate and specialty chemicals and fuel derivatives. Their products are critical to a wide range of end-markets and applications, including synthetic rubber, fuels, lubricants, plastics, and surfactants. Until November 27, 2019, the Debtors operated two significant processing facilities, which are located in Houston, Texas (the "**HNO Facility**"), and Port Neches, Texas (the "**PNO Facility**").

### B.    The PNO Incident and Related Litigation

8. On November 27, 2019, the PNO Facility owned by TPC Group LLC ("**Debtor LLC**" or "**Debtor Operator**") experienced an incident at approximately 1:00 a.m. and 11:45 a.m. (the "**PNO Incident**"). The PNO Incident resulted in the complete shutdown of all production at the PNO Facility, and production remains shut down to this day. The PNO Incident directly resulted in the loss of approximately half of the Debtors' historical crude C4 processing capacity. Following the PNO Incident, the PNO Facility was repurposed into a storage terminal.

9. Voluminous litigation exists related to the PNO Incident. Currently, there are hundreds of lawsuits pending related to the PNO Incident. These suits allege a variety of claims against the Debtors and other entities. The causes of action include negligence, gross negligence, nuisance, and trespass. The claims against each of the Debtors are identical. To date, while some discovery has taken place, no claim has been scheduled or proceeded to trial.

10. Additional information regarding the PNO Incident, pre-petition litigation, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Del Genio in Support of Debtors' Chapter 11 Petitions and Related Requests for Relief* (D.I. 27) (the "**First Day Declaration**"), filed on June 1, 2022, and incorporated herein by reference.

    **C.**    **PNO Claims**

11. On June 30, 2022, the Bankruptcy Court entered an order approving (i) August 5, 2022, as the deadline for all creditors or other parties in interest to file proofs of Claim (the "**Bar Date**"); and (ii) November 30, 2022, 2022 as the deadline for all Governmental Entities to file a proof of Claim [D.I. 345].

12. The Debtors provided notice of the Bar Date, and published notice of the Bar Date (i) once in the *Houston Chronicle, La Voz de Houston, Lake Charles American Press*, and *New York Times National Edition* and (ii) three times in *The Port Arthur News, Beaumont Enterprises, Beaumont Examiner*, and *Orange Leader*.

13. As of the Bar Date, there are thousands of PNO Claims and Miscellaneous Claims filed against the Debtor Parents, each of which allege liability against the Debtor Parents substantially similar, if not identical, to those claims filed by those same claimants against Debtor LLC or other operating Debtors.

14. The Debtors' investigation into the PNO Claims and Miscellaneous Claims filed against the Debtor Parents indicates that a large number of these claims are subject to objection on, among other grounds, that they allege claims against the Debtor Parents without asserting any basis on which Debtor Parents, as opposed to Debtor LLC or another operating Debtor, should be held liable for such claims. The Debtors seek to file objections in the near term on

such grounds on an omnibus basis as soon as their investigation concludes.  The Debtors also seek to have these claims disallowed and expunged prior to the proposed confirmation date of the Debtors' proposed chapter 11 plan.

15. The Debtors anticipate that a full review of all potential substantive grounds for objection to the Parent Claims would require significant additional cost and expense beyond that required to object on the enforceability grounds indicated above on an omnibus basis, delaying efficient resolution of the Debtors' cases to the detriment of their creditors.  Absent the relief sought in this Motion, the Debtors are thus left to choose between filing hundreds of omnibus objections on legally determinate grounds that potentially waive other potential objections to the claims or filing thousands of objections on a non-omnibus basis, adding to the expense for the estate and administrative burden on this Court's docket.

## **Basis for Relief**

16. The Debtors seek approval of the relief sought in this Motion pursuant to Section 105(a) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.  Section 105(a) of the Bankruptcy Code provides in relevant part: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Bankruptcy Rule 3007(c) provides that the Court can modify the requirements for filing omnibus claims objections.

17. The efficient conduct of the claims objection process in these chapter 11 cases warrants the adoption of procedures that allow for omnibus objections under section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007, so that the parties can address (and the Court can resolve) issues common to the Parent Claims through one objection covering all PNO Claims and one objection covering all Miscellaneous Claims.  Such relief is particularly

appropriate in these chapter 11 cases given the schedule for plan confirmation that the Debtors are pursuing (which is being financed by the Debtors' postpetition lenders), as well as the substantial administrative expense costs and delay that the estates would incur without such relief. Moreover, as the Debtors expect that the grounds for their objections to all PNO Claims and Miscellaneous Claims will be substantially similar, the Debtors believe that the interests of justice are furthered by objecting to all such claims collectively, and providing all such claimants the same opportunity to be heard, rather than by objecting to claims in a piecemeal fashion.

18. Strict application of the Bankruptcy Rules and Local Rules applicable to substantive claim objections would make the assertion and resolution of such categorical objections essentially impossible. Absent relief from the Court, the Bankruptcy Rules prescribe that claim objections be filed individually or, in the case of non-substantive objections, up to a limit of 100 claims per objection. *See* FRBP Rule 3007(c), (d) & (e)(6). The Local Rules provide that substantive objections must be filed separately for each claim, except for up to three omnibus objections of up to 100 claims per month.[2] In addition, the Local Rules require that a substantive claim objection include *all* substantive grounds for objection to the claim in a single objection. *See* Local Rule 3007-1(f)(iii).

19. The Court has the discretion to modify these rules pursuant to Local Rule 3007-1(f)(ii) as well as Bankruptcy Rule 3007(c). *See also* Local Rule 1001(c) ("The application of these Local Rules in any case or proceeding may be modified by the Court in the interest of justice."). Here, the Court should permit the Debtors to vary from the default rules to the extent requested, in light of the facts of these unique cases. The alternative—individual objections, or

---

[2] While the Debtors believe that the objections to the PNO Claims are in fact non-substantive in nature (because the claims fail to attach "sufficient information or documentation to constitute prima facie evidence of the validity . . . of the claim," see Local Rule 3007-1(d)(vi), the Debtors refer to, and request relief from, the rules governing substantive objections out of an abundance of caution.

6

even objections limited to 100 claims, when the Debtors are faced with thousands of claims subject to disallowance on common grounds—would be burdensome, dilatory and without benefit. Categorical objections, which assert a specific objection applicable to a group of claims against the Debtor Parents, are the best and most efficient way to assert and resolve such common issues, without requiring objectors and claimants to engage in litigation (and attendant voluminous discovery) on issues that may never come into play.

      A.      **Relief from Local Rule 3007-1(f)(i)**

20.      As noted, pursuant to the Local Rules, omnibus claim objections raising substantive grounds may contain no more than 100 claims per objection, and only three such objections may be filed per month, for a total of 300 objections, split across three papers, without regard to the similarity of the claims and objections. *See* Local Rule 3007-1(f)(i). Proceeding according to the default rule would therefore require the Debtors to generate additional, entirely duplicative objections, and to do so over an artificially extended time-period. In other words, in the absence of the relief requested, the Debtors will be subject to additional burdens and delays, without any identifiable benefit. Those burdens and delays, if extensive enough, could threaten the Debtors' ability to confirm their proposed chapter 11 plan on their anticipated, value-maximizing timing.

21.      Courts in this district have granted relief from the filing limitations in other cases under analogous circumstances. *See, e.g.*, Order (I) Granting Leave from Local Rule 3007-1(f) to Permit the Filing of Substantive Omnibus Objections and (II) Granting Related Relief, *In re Mallinckrodt PLC*, Case No. 20-12522 (JTD) (Del. July 30, 2021) (D.I. 3478); Order Modifying the Requirements of Local Rule 3007-1(f)(i) With Respect to Number of Permitted Substantive Omnibus Objections to Claims, *In Re PES Holdings, LLC*, Case No. 19-11626 (KG) (Del. Dec.

9, 2019) (D.I. 652); Order Modifying the Requirements of Local Rule 3007-1(f)(1) with Respect to Number of Permitted Substantive Omnibus Objections to Claims, *In re TK Holdings, Inc.*, Case No. 17-11375 (BLS) (Bankr. D. Del. Aug. 27, 2018) (D.I. 3307); Order Waiving Local Bankruptcy Rule 3007-1(f)(ii), *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del. July 9, 2015) (D.I. 4956). Accordingly, the Court should exercise its discretion to grant relief from Local Rule 3007-1(f)(i) and permit the parties to file multiple omnibus claim objections on substantive grounds, so long as each objection raises common legal issue or issues as they relate to the Parent Claims.

### B. Relief from Local Rule 3007-1(f)(iii)

22. Relief from Local Rule 3007-1(f)(iii) is also essential to an efficient and workable claims objection process. Local Rule 3007(f)(iii) provides, in relevant part, that "[a]n Objection based on substantive grounds . . . shall include all substantive objections to such claim." Del. Bankr. L.R. 3007-l(f)(iii). This rule has been typically interpreted to require all substantive grounds for objection to a particular claim to be raised in a single omnibus objection. If the Debtors identify a common basis for objection among several claims, but each claim has unique, potentially unknown, bases for objection, Local Rule 3007-1(f)(iii) arguably requires the Debtors to raise each unique basis in the same omnibus objection as the common basis for objection or else risk waiving them. This requirement undermines the Debtors' ability to utilize the omnibus objection, particularly where, as with the PNO Claims, identification of all possible substantive grounds for objection would impose significant delay and cost and which the Debtors believe can be summarily disallowed on threshold issues. Indeed, a requirement to identify all substantive objections makes little sense where there are only certain bases upon which this Court can rule consistent with 28 U.S.C. § 157(d) in connection with certain of the PNO Claims.

23. Relief from the requirement of Local Rule 3007-1(f)(iii) has been regularly granted in previous cases in this District when a modification of the procedural rules governing omnibus claims objections streamlines the claims process. *See, e.g., In re Mallinckrodt PLC*, Case No. 20-12522 (JTD) (Del. July 30, 2021) (D.I. 3478) (waiving application of Local Bankruptcy Rule 3007-1(f)(iii)); Order Under 11 U.S.C. § 105(a), Fed. R. Bankr. P. 3007 and Del. Bankr. L.R. 3007-1 Modifying the Application of Del. Bankr. L.R. 3007-1(f)(iii) Pertaining to Substantive Omnibus Objections, *In re TWTR, Inc.*, Case No. 07-10787 (PJW) (Bankr. D. Del. Mar. 23, 2012) (D.I. 2189) (same); Order Modifying the Application of (I) Local Rule 3007-1 and (II) this Courts Prior Order Related to Bankruptcy Rule 3007 and Local Rule 3007-1(f), *In re Filene's Basement, LLC*, Case No. 11-13511 (KJC) (Bankr. D. Del. Mar. 19, 2013) (D.I. 2472) (waiving application of Local Bankruptcy Rule 3007-1(f)(iii) to a limited extent); Order Granting Debtors' Motion for Modification of the Application of Local Rule 3007-1(f) Pertaining to Substantive Omnibus Claims Objections, *In re Global Power Equip. Grp. Inc.*, Case No. 06-11045 (BLS) (Bankr. D. Del. July 30, 2007) (D.I. 1433) (waiving application of Local Bankruptcy Rule 3007-1(f)(iii) for all but select set of claims); Order Modifying the Application Pertaining to Substantive Omnibus Claim Objections, *In re Commc'ns Dynamics, Inc.*, Case No. 02-12753 (MFW) (Bankr. D. Del. Oct. 29, 2004) (D.I. 1400) (waiving application of Local Bankruptcy Rule 3007-1(f)(iii) to a limited extent); Order Modifying the Application of Local Rule 3007-1 Pertaining to Substantive Omnibus Claims Objection, *In re The IT Grp., Inc.*, Case No. 02-10118 (MFW) (Bankr. D. Del. Apr. 30, 2004) (D.I. 5055) (same).

## Conclusion

24. The Debtors submit that the relief requested in this motion is necessary and appropriate under the circumstances of these chapter 11 cases. Moreover, the Debtors believe that the relief requested is in the best interest of all parties, including the Debtors, creditors and

other parties in interest, and will enable the Debtors to administer a streamlined and efficient claims reconciliation in a manner that is beneficial to all claimants.

## Notice

25. The Debtors provided notice of this Motion to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036-6745 (Attn. Phillip C. Dublin and Naomi Moss); (iii) counsel to the DIP ABL Lender, Goldberg Kohn, 55 E Monroe St., Ste 3300, Chicago, IL 60603 (Attn: Dimitri G. Karcazes and Prisca M. Kim); (iv) counsel to the Ad Hoc Group, Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 (Attn: Kristopher M. Hansen, Esq., Kenneth Pasquale, Esq., Erez E. Gilad, Esq., Jonathan D. Canfield, Esq. and Gabe E. Sasson, Esq.); (v) all known counsel to the PNO Claimants; and (vi) all any other party entitled to notice pursuant to Bankruptcy Rule 2002.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 2, 2022
      Wilmington, Delaware

| | |
|---|---|
| **BAKER BOTTS L.L.P.** | */s/ Brian Loughnane* <br> **MORRIS, NICHOLS, ARSHT & TUNNELL LLP** |
| James R. Prince (admitted *pro hac vice*) | |
| Kevin Chiu (admitted *pro hac vice*) | Robert J. Dehney (No. 3578) |
| 2001 Ross Avenue, Suite 900 | Curtis S. Miller (No. 4583) |
| Dallas, Texas 75201-2980 | Daniel B. Butz (No. 4227) |
| Telephone:   (214) 953-6500 | Matthew O. Talmo (No. 6333) |
| Facsimile:   (214) 953-6503 | Brian Loughnane (No. 6853) |
| Email: jim.prince@bakerbotts.com | 1201 N. Market Street, 16th Floor |
|     kevin.chiu@bakerbotts.com | P.O. Box 1347 |
| | Wilmington, Delaware 19899-1347 |
| -and- | Telephone: (302) 658-9200 |
| | Facsimile: (302) 658-3989 |
| BAKER BOTTS L.L.P. | Email:   rdehney@morrisnichols.com |

| | |
|---|---|
| Scott R. Bowling (admitted *pro hac vice*)<br>30 Rockefeller Plaza<br>New York, New York 10112<br>Telephone:    (212) 408-2500<br>Facsimile:    (212) 259-2501<br>Email: scott.bowling@bakerbotts.com<br><br>-and-<br><br>BAKER BOTTS L.L.P.<br>David R. Eastlake (admitted *pro hac vice*)<br>Lauren N. Randle (admitted *pro hac vice*)<br>910 Louisiana Street<br>Houston, Texas 77002<br>Telephone:    (713) 229-1234<br>Facsimile:    (713) 229-1522<br>Email: david.eastlake@bakerbotts.com<br>           lauren.randle@bakerbotts.com | cmiller@morrisnichols.com<br>dbutz@morrisnichols.com<br>mtalmo@morrisnichols.com<br>bloughnane@morrisnichols.com<br><br>*Attorneys for Debtors*<br>*and Debtors in Possession* |