## Exhibit A

**Proposed Form of Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| TPC GROUP INC., *et al.*, | Case No. 22-10493 (CTG) |
| Debtors.[1] | Jointly Administered |
| | **Re: D.I. _____** |

### ORDER MODIFYING THE APPLICATION OF LOCAL RULE 3007-1(f)(i) & (iii) IN RESPECT OF CERTAIN PNO AND OTHER CLAIMS OBJECTIONS AND APPROVING CONSOLIDATED CLAIMS OBJECTION PROCEDURES

Upon the motion (the "**Motion**")[2] of TPC Group LLC ("**TPC**"), and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for the entry of an order (the "**Order**") (i) modifying the application of Local Rule 3007-1(f)(i) and (iii) in respect of substantive omnibus objections to PNO Claims and Miscellaneous Claims against the Parent Debtors, and (ii) granting them such other and further relief as the Court deems just and proper; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(b) and 1334; and consideration of the Motion and the relief requested therein being a core proceeding as defined in 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and upon all of the proceedings

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248).  Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77002.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

had before the Court; and any objections to the Motion having been withdrawn or overruled; and

the Court having found and determined that the relief sought in the Motion is in the best interests

of the Debtors, their estates and creditors, and all parties in interest; and that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED that:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are granted leave from Local Rules 3007-1(f)(i) and (iii) as to the

PNO Claims and Miscellaneous Claims against the Parent Debtors.  For the avoidance of doubt,

the Debtors may file more than three omnibus claim objections per month and may exceed the

100-claim limit per substantive objection.  Omnibus substantive objections are not required to

raise all substantive objections to each claim in such omnibus objections in the chapter 11 cases.

3.      Nothing in the Motion or this Order shall be deemed or construed: (a) as an

admission as to the validity of any claim or interest against the Debtors; (b) as a waiver of the

Debtors' rights to dispute or otherwise object to any claim or proof of interest on any grounds or

basis; or (c) to waive or release any right, claim, defense, or counterclaim of the Debtors, or to

estop the Debtors from asserting any right, claim, defense, or counterclaim (including setoff).

4.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to

the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its

entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or

realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and

without further delay, take any action and perform any act authorized under this Order.

5.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.