# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| **TPC GROUP INC.**, *et al.*, | Case No. 22-10493 (CTG) |
| Debtors.[1] | Jointly Administered |
| | **Re: D.I. 722** |

**MOTION TO SHORTEN NOTICE OF DEBTORS' MOTION FOR AN ORDER MODIFYING THE APPLICATION OF LOCAL RULE 3007-1(F)(I) & (III) IN RESPECT OF CERTAIN PNO AND OTHER CLAIMS OBJECTIONS AND APPROVING CONSOLIDATED CLAIMS OBJECTION PROCEDURES**

The above-captioned debtors and debtors in possession (the "**Debtors**") submit this motion (the "**Motion to Shorten**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), shortening notice of the *Debtors' Motion for an Order Modifying the Application of Local Rule 3007-1(f)(i) & (iii) in Respect of PNO Claims and Other Claims Objections and Approving Consolidated Claims Objection Procedures* (the "**Motion**"),[2] and respectfully state as follows:

## RELIEF REQUESTED

1.  The Debtors seek entry of an order (a) shortening notice with respect to the Motion, (b) scheduling the Motion to be heard on September 9, 2022 (the "**Hearing**"), or in the alternative, no later than September 13, 2022 at 10:00 a.m. (ET), (c) permitting objections to be

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77002.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

raised at or before the Hearing, and (d) granting such other relief as the Court deems just and proper.

## JURISDICTION

2. The Court has jurisdiction to consider this Motion to Shorten pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), to the entry of a final order or judgment by the Court in connection with this Motion to Shorten if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and other bases for the relief requested herein are sections 102(1) and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), as supplemented by rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 9006-1(e).

## Background

### A.    Overview of Chapter 11 Cases

4. On June 1, 2022 (the "**Petition Date**"), the Debtors commenced these chapter 11 cases by filing voluntary petitions with this Court under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

5. No trustee or examiner has been appointed in these cases. These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). On June 14, 2022, the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Committee**").

6. The Debtors are the leading North American producer and processor of intermediate and specialty chemicals and fuel derivatives. Their products are critical to a wide range of end-markets and applications, including synthetic rubber, fuels, lubricants, plastics, and surfactants. Until November 27, 2019, the Debtors operated two significant processing facilities, which are located in Houston, Texas (the "**HNO Facility**"), and Port Neches, Texas (the "**PNO Facility**").

7. As set forth in the Motion, as of the Bar Date, there are thousands of PNO Claims and Miscellaneous Claims filed against the Debtor Parents, each of which allege liability against the Debtor Parents substantially similar, if not identical, to those claims filed by those same claimants against Debtor LLC or other operating Debtors.

8. The Debtors' investigation into the PNO Claims and Miscellaneous Claims filed against the Debtor Parents indicates that a large number of these claims are subject to objection on, among other grounds, that they allege claims against the Debtor Parents without asserting any basis on which Debtor Parents, as opposed to Debtor LLC or another operating Debtor, should be held liable for such claims. The Debtors seek to file objections in the near term on such grounds on an omnibus basis as soon as their investigation concludes. The Debtors also seek to have these claims disallowed and expunged prior to the proposed confirmation date of the Debtors' proposed chapter 11 plan.

**B.     Debtors' Disclosure Statement and Confirmation Proceedings**

9.     On June 16, 2022, the Debtors filed the *Disclosure Statement for Joint Chapter 11 Plan of TPC Group Inc. and its Debtor Affiliates* [D.I. 217] (the "**Disclosure Statement**").

10.    On July 22, 2022, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Solicitation Materials and Procedures for Distribution Thereof, (IV) Approving Forms of Ballots and Establishing Procedures for Plan Voting Purposes, (V) Scheduling Hearing and Establishing Notice and Objection Procedures in Respect of Confirmation of Plan, and (VI) Granting Related Relief* [D.I. 490] (the "**Disclosure Statement Motion**").

11.    A hearing to consider the Disclosure Statement Motion was originally scheduled for August 16, 2022 (the "**Disclosure Statement Hearing**"). [D.I. 396]. On August 12, 2022, the Debtors adjourned the Disclosure Statement Hearing to September 6, 2022 at 1:00 p.m. (ET). [D.I. 633].

12.    On September 2, 2022, the Debtors filed the *Notice of Filing of Revised Proposed Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Solicitation Materials and Procedures for Distribution Thereof, (IV) Approving Forms of Ballots and Establishing Procedures for Plan Voting, (V) Scheduling Hearing and Establishing Notice and Objection Procedures in Respect of Confirmation of Plan, and (V) Granting Related Relief* [D.I. 714] (the "**Notice of Revised Solicitation Procedures Order**").  A revised form of order approving the relief requested in the Disclosure Statement Motion was attached as Exhibit A to the Notice of Revised Solicitation Procedures Order [D.I. 714-1] (the "**Revised Solicitation Procedures Order**").

13. Under the Revised Solicitation Procedures Order, confirmation proceedings are proposed to begin on October 24, 2022. *Id.* at ¶ 12.

14. Also on September 2, 2022, this Court entered an order scheduling an omnibus hearing on October 13, 2022 at 11:00 a.m. (ET) (the "**October Omnibus Hearing Date**"). This Court schedule the October Omnibus Hearing Date in response to an inquiry from counsel to the Debtors. Upon information and belief, the October Omnibus Hearing Date is the only date the Court is available for a hearing in October before the proposed confirmation proceedings.

15. Pursuant to Bankruptcy Rule 3007(a)(1), the Debtors are required to file and serve any claims objections "at least 30 days before any scheduled hearing on the objection." Accordingly, the deadline for the Debtors to file and serve any objections to claims for voting purposes is September 13, 2022 (the "**Claims Objection Deadline**").

## BASIS FOR RELIEF

16. Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

17. Pursuant to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the common filing of such motions "given the accelerated time frame of bankruptcy proceedings").

Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

18. For the reasons set forth in the Motion, sufficient cause exists to justify shortening the notice period for the relief requested in the Motion. As described more fully in the Motion, the Debtors seek authority to modify the application of Local Rules 3007-1(f)(i) and (iii) in respect of substantive or non-substantive omnibus objections to PNO Claims and Miscellaneous Claims asserted against the Debtor Parents (the "**Consolidated Claim Objections**"). Local Rule 3007-(f)(ii) requires that a party must seek leave from the requirements of Local Rule 3007-1(f)(i) "by a separate motion **filed and heard prior** to the filing of an Objection not in compliance with" the rule. Accordingly, for the Debtors to file the Consolidated Claim Objections before the Claim Objection Deadline, the Debtors must seek leave from the requirements of Local Rule 3007-1(f)(i) before September 13, 2022.

19. Further, for the reasons set forth in the Motion, the Debtors' investigation into the PNO Claims and Miscellaneous Claims filed against the Debtor Parents indicates that a large number of the claims fail to assert any basis on which the Debtor Parents, as opposed to Debtor LLC or another operating Debtor, should be held liable for such claims. Allowing such claims to be insulated from disallowance due to the sheer volume of the claims and the limitations under Local Rule 3007-1(f)(i) could threaten the Debtors' ability to confirm their proposed chapter 11 plan on their anticipated, value-maximizing timing. Therefore, sufficient cause exists to justify shortening the notice period for the relief requested in the Motion.

20. Notably, parties will not be prejudiced by the shortened notice period because the Debtors are requesting that all objections at or before the Hearing on September 9, 2022. The proposed seven-day objection period is the same objection period that parties would have

received under Local Rule 9006-1(c) if the Debtors had filed the Motion 14 days prior to the Hearing without a request for a shortened notice period. Therefore, parties will have the same amount of time to review and respond to the Motion under the shortened notice period as they are otherwise entitled to under the Local Rules.

21. Accordingly, the Debtors request that the Court schedule the Motion to be heard on September 9, 2022, or in the alternative, no later than September 13, 2022 at 10:00 a.m. (ET), to enable the timely filing of the Consolidated Claim Objections, with objections permitted to be raised at or before the Hearing on the Motion.

### AVERMENT PURSUANT TO LOCAL RULE 9006-1(e)

22. Pursuant to Local Rule 9006-1(e), the Debtors notified counsel to the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") and the Official Committee of Unsecured Creditors (the "**Committee**") as soon as reasonably practicable prior to filing this Motion to Shorten. The Committee and the U.S. Trustee object to the request for shortened notice of the Motion.

### NOTICE

23. The Debtors provided notice of this Motion to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036-6745 (Attn. Phillip C. Dublin and Naomi Moss); (iii) counsel to the DIP ABL Lender, Goldberg Kohn, 55 E Monroe St., Ste 3300, Chicago, IL 60603 (Attn: Dimitri G. Karcazes and Prisca M. Kim); (iv) counsel to the Ad Hoc Group, Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 (Attn: Kristopher M. Hansen, Esq., Kenneth Pasquale, Esq., Erez E. Gilad, Esq., Jonathan D.

Canfield, Esq. and Gabe E. Sasson, Esq.); (v) all known counsel to the PNO Claimants; and (vi) all any other party entitled to notice pursuant to Bankruptcy Rule 2002.

## **CONCLUSION**

For the reasons set forth above, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems just and proper.

Dated: September 2, 2022
      Wilmington, Delaware

| | */s/ Brian Loughnane* |
|---|---|
| **BAKER BOTTS L.L.P.** | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP** |
| James R. Prince (admitted *pro hac vice*) | Robert J. Dehney (No. 3578) |
| Kevin Chiu (admitted *pro hac vice*) | Curtis S. Miller (No. 4583) |
| 2001 Ross Avenue, Suite 900 | Daniel B. Butz (No. 4227) |
| Dallas, Texas 75201-2980 | Matthew O. Talmo (No. 6333) |
| Telephone:    (214) 953-6500 | Brian Loughnane (No. 6853) |
| Facsimile:    (214) 953-6503 | 1201 N. Market Street, 16th Floor |
| Email: jim.prince@bakerbotts.com | P.O. Box 1347 |
|       kevin.chiu@bakerbotts.com | Wilmington, Delaware 19899-1347 |
| | Telephone: (302) 658-9200 |
| -and- | Facsimile: (302) 658-3989 |
| | Email:    rdehney@morrisnichols.com |
| BAKER BOTTS L.L.P. |        cmiller@morrisnichols.com |
| Scott R. Bowling (admitted *pro hac vice*) |        dbutz@morrisnichols.com |
| 30 Rockefeller Plaza |        mtalmo@morrisnichols.com |
| New York, New York 10112 |        bloughnane@morrisnichols.com |
| Telephone:    (212) 408-2500 | |
| Facsimile:    (212) 259-2501 | *Attorneys for Debtors* |
| Email: scott.bowling@bakerbotts.com | *and Debtors in Possession* |

-and-

BAKER BOTTS L.L.P.
David R. Eastlake (admitted *pro hac vice*)
Lauren N. Randle (admitted *pro hac vice*)
910 Louisiana Street
Houston, Texas 77002
Telephone:    (713) 229-1234
Facsimile:    (713) 229-1522
Email: david.eastlake@bakerbotts.com
      lauren.randle@bakerbotts.com