**<u>Exhibit B</u>**

**Redline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| TPC GROUP INC., *et al.*, | Case No. 22-10493 (CTG) |
| Debtors.[1] | Jointly Administered |
| | **Re: D.I. 490** |

## ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) FIXING VOTING RECORD DATE, (III) APPROVING SOLICITATION MATERIALS AND PROCEDURES FOR DISTRIBUTION THEREOF, (IV) APPROVING FORMS OF BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING ON PLAN, (V) SCHEDULING HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF PLAN, AND (VI) GRANTING RELATED RELIEF

Upon consideration of the *Debtors' Motion for Entry of an Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Solicitation Materials and Procedures for Distribution Thereof, (IV) Approving Forms of Ballots and Establishing Procedures for Voting on Plan, (V) Scheduling Hearing and Establishing Notice and Objection Procedures in Respect of Confirmation of Plan, and (VI) Granting Related Relief* (the "**Motion**");[2] and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and venue being

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion, the Disclosure Statement, and the Plan, as applicable.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion and opportunity for a hearing on the Motion having been given to the parties listed therein being sufficient under the circumstances, and it appearing that no other or further notice need be provided; and opportunity for a hearing on the Motion having been given to the parties listed therein; and the Court having reviewed and considered the Motion; and the Court having the opportunity to hold a hearing on the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1.    The relief requested in the Motion is granted as set forth herein.

2.    The Disclosure Statement, in substantially the form annexed hereto as **Exhibit D**, contains adequate information as required by section 1125 of the Bankruptcy Code, and is hereby approved pursuant to section 1125 of the Bankruptcy Code, Bankruptcy Rule 3017, and Local Rule 3017-1.

3.    The Disclosure Statement Hearing Notice [D.I. 396], filed and served by the Debtors on July 8, 2022, complies with Bankruptcy Rules 2002 and 3017, and constitutes sufficient notice to all interested parties in these chapter 11 cases, including, without limitation, holders of Claims and Interests.

4.      The Ballots substantially in the forms attached hereto as **Exhibit A** are hereby approved.

5.      In order to be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed, and <u>actually received</u> by the Debtors' solicitation and claim agent, Kroll Restructuring Administration LLC ("**Kroll**") no later than **October ~~13~~28, at 4:00 p.m. (prevailing Eastern Time)** (the "**Voting Deadline**"). Ballots may be delivered or submitted to Kroll as follows:

a.      **All** Ballots may be delivered by either mail, overnight courier or personal delivery to Kroll, or electronically as set forth below.

b.      **Only** Ballots for Class 4 General Unsecured Claims may be submitted via electronic, online transmission at the portal for such Ballots (the "**E-Ballot Portal**"), available on Kroll's website, which shall be the only acceptable method of electronic submission for such Ballots.

c.      **Only** 10.5% Master Ballots and Pre-Validated Beneficial Holder Ballots (as defined in the 10.5% Master Ballot Tabulation Procedures) may be submitted via email to tpcgroupballots@ra.kroll.com, which shall be the only acceptable method of electronic submission for such Ballots.

d.      Except as provided for herein, Ballots transmitted by telecopy, facsimile, email, or other electronic means of transmission will not be counted.

6.      Parties entitled to vote shall be authorized in their sole discretion to complete an electronic Ballot and electronically sign and submit the Ballot to Kroll as set forth herein.

7.      The following procedures shall be utilized in tabulating the votes to accept or reject the Plan (the "**Tabulation Procedures**"), provide for a fair and equitable Plan voting process, and are consistent with section 1126 of the Bankruptcy Code:

a.      The amount of General Unsecured Claims for voting purposes only will be established based on the amount of the applicable positions held by such Claim holder, as of the Voting Record Date, as evidenced by (a) the Schedules and (b) the Claims Register.

b.      Unless otherwise provided in these Tabulation Procedures, a Claim will be deemed temporarily allowed for voting purposes only in an amount equal to (i) the liquidated, non-contingent, undisputed amount of such Claim as set forth in the Debtors' Schedules of Assets and Liabilities (including all amendments thereto, the "**Schedules**") if no Proof of Claim has been timely filed in respect of such Claim; or (ii) if a Proof of Claim has been timely filed in respect of such Claim, the liquidated, non-contingent amount set forth in such Proof of Claim.

c.      If a Claim is deemed allowed by the Plan, an order of the Court, or a written agreement between the holder of a Claim and the Debtors, with the consent of the Required Supporting Noteholders, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein.

d.      If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim will be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution (unless otherwise specified in such order).

e.      If a Claim for which no Proof of Claim has been timely filed is listed on the Schedules, but is listed as contingent, unliquidated, or disputed, or if no Claim amount is specified, such Claim shall be disallowed for voting purposes only; *provided*, *however*, if the applicable bar date has not yet passed, such Claim will be entitled to vote in the amount of $1.00.

f.      If a Claim, for which a Proof of Claim has been timely filed, has not been disallowed and is not subject to a pending objection or adversary proceeding as of the Voting Record Date, is for unknown or undetermined amounts, or is wholly unliquidated or contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by Kroll) and such Claim has not been Allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, in the amount of $1.00.

g.      Proofs of Claim filed in the amount of $0.00 will not be entitled to vote.

h.      If any party served an objection or request for estimation as to a Claim by no later than September ~~13~~30, 2022, such Claim will be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection, or as ordered by the Court before the Voting Deadline.

i.      If the holder of a Claim identifies a Claim amount on its Ballot that is different than the amount otherwise calculated in accordance with the Tabulation Procedures, the Claim will be temporarily allowed for voting purposes in the lesser of the two amounts.

j.      If a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, and the original Proof of Claim is not subject to an objection or motion to estimate such claim, the later filed amending Claim shall be entitled to vote in a manner consistent with these Tabulation Procedures, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended Claim.  Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these Tabulation Procedures.

k.      Except as otherwise ordered by the Court, any Ballots received after the Voting Deadline will not be counted absent the consent of the Debtors (in their sole discretion).

l.      Any Ballot that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, will not be counted.  Ballots partially rejecting and partially accepting the Plan will not be counted.

m.     Any Ballot that is illegible or contains insufficient information to permit the identification of the holder of a Claim will not be counted.

n.      Any holder of a Claim whose Ballot indicates acceptance of the Plan but purports to opt out of the releases granted by Releasing Parties[3] under the Plan will be deemed not to have opted out of granting such releases; *provided*, that if such holder did not receive notice of the Motion, unless such holder files an objection to confirmation of the Plan and the Court determines otherwise, such holder will be deemed to have voted to reject the Plan and have opted out of granting such releases.

o.      Any Ballot purportedly cast by a person or entity that does not hold a Claim in a Class entitled to vote to accept or reject the Plan will not be counted.

p.      Whenever a holder of a Claim casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated Ballot timely

_____

[3] "Releasing Parties" ~~under the Plan are defined to mean "~~"means, collectively, and in each case in its capacity as such: (a) the holders of all Claims that vote to or are deemed to accept the Plan, (b) the holders of all Claims whose vote to accept or reject the Plan is solicited but that do not vote either to accept or to reject the Plan, (c) the holders of all Claims or Interests that vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth herein, (d) the holders of all Claims and Interests that were given notice of the opportunity to opt out of granting the releases set forth herein but did not opt out, and (e) the Released Parties other than the Debtors (*provided*, that with respect to Released Parties identified in clause (xiii) of the definition thereof, each such Person constitutes a Releasing Party under this clause (e) solely with respect to claims that such Person could have properly asserted on behalf of a Person identified in clauses (i) through (xii) of the definition of Released Parties)." Plan, Art. 1, § 1.1, at ~~15~~16-17.

received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots.

q.    If a holder of a Claim casts simultaneous duplicative Ballots that are voted inconsistently, all such inconsistent Ballots will not be counted.

r.    Each holder of a Claim will be deemed to have voted the entire amount of its Claim as set forth on the Ballot.

s.    For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single holder of a Claim in a particular Class may be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan. Holders of Claims may not split their vote within a Class—thus, each holder of a Claim will be required to vote all of its Claims within the Class either to accept or reject the Plan.

t.    Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Classes shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims.

u.    Furthermore, in instances where a law firm has filed a duly-authorized "bulk" proof of claim form asserting general unsecured claims arising from the November 27, 2019 explosions that occurred at the Debtors' facility in Port Neches, Texas (the "**PNO Claims**") for the law firm's clients and failed to include any address for the law firm's clients (in each instance, a "**Bulk PNO Claim Law Firm**" and its corresponding clients, the "**Bulk PNO Claim Clients**"), Kroll is authorized (but not required) to send one (1) solicitation package to each Bulk PNO Claim Law Firm via electronic mailing on account of the Bulk Claim PNO Clients along with an excel spreadsheet outlining the voting credentials, claim number, name, and voting amount  for each of the corresponding Bulk PNO Claim Clients.[4]  The Bulk PNO Claim Law Firm is responsible for either (i) forwarding the voting credentials to each of its Bulk PNO Claim Clients whereupon the Bulk PNO Claim Clients are authorized to vote directly with Kroll, or (ii) submitting to Kroll via e-mail to TPCGroupBallots@ra.kroll.com one (1) completed and executed Ballot with an Excel spreadsheet, in the same format as provided by Kroll, of the votes of its Bulk PNO Claim Clients.  If Kroll receives a vote directly from one of the Bulk PNO Claim Clients and the Bulk PNO Claim Law

---

[4] For the avoidance of doubt, service via e-mail of the Solicitation Packages on the Bulk PNO Claim Law Firms shall be in lieu of any service to the Bulk PNO Claim Clients and Kroll shall not be required to research the address of any of the Bulk PNO Claim Clients.

Firm, Kroll shall tabulate the vote submitted directly and will invalidate the vote submitted by the Bulk PNO Claim Law Firm.

v.     An executed Ballot is required to be submitted by the entity submitting any written Ballot.

w.     Any unsigned Ballot will not be counted, *provided, however*, for the avoidance of doubt, Ballots for Class 4 General Unsecured Claims submitted via Kroll's E-Ballot Portal and 10.5% Master Ballots and Pre-Validated Beneficial Holder Ballots submitted via electronic mail, will be deemed to contain a signature.

x.     Any Ballot transmitted to Kroll by telecopy, facsimile, e-mail, or other electronic means of transmission (other than Kroll's E-Ballot Portal in the case of Ballots for Class 4 General Unsecured Claims and e-mail in the case of 10.5% Master Ballots and Pre-Validated Beneficial Holder Ballots) will not be counted.

y.     The method of delivery of Ballots to Kroll is at the risk of each holder of a Claim, and such delivery will be deemed made only when the original Ballot is <u>actually received</u> by Kroll.

z.     If a Ballot is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity on behalf of a holder of a Claim, such person will be required to indicate such capacity when signing and may be required, at the Debtors' or Kroll's discretion, to submit proper evidence satisfactory to the Debtors or Kroll to so act on behalf of the holder of a Claim.

aa.    Any holder of a Claim who has delivered a valid Ballot voting on the Plan may withdraw or change such vote solely in accordance with Bankruptcy Rule 3018(a).

bb.    Subject to any contrary order of the Court, the Debtors reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by Kroll.

cc.    Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline or within such time as the Court determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

dd.    Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liability for failure to provide such notification.

8.    Additionally, the following procedures shall be utilized for holders of 10.5% Notes Claims (the "**10.5% Master Ballot Tabulation Procedures**"):

a.    The voting amounts for 10.5% Notes Claims in Classes 3 and 4 will be the amount of 10.5% Notes Claims (including all principal, accrued and unpaid pre- and postpetition interest (including at the default rate (to the extent applicable)), fees, and other amounts arising thereunder or payable pursuant thereto, including the applicable make-whole amount) held by each Beneficial Holder through its Nominee as of the Voting Record Date as evidenced by the securities position report(s) provided by The Depository Trust Company or other applicable depository firm.

b.    In accordance with, and subject to, the procedures below, Beneficial Holders of 10.5% Notes Claims will receive a single ballot on account of their Class 3 and Class 4 Claims. Votes of Beneficial Holders on account of Class 3 10.5% Notes Secured Claims will also be applied to such Beneficial Holder's Class 4 General Unsecured Claims on account of their 10.5% Notes Deficiency Claims.

c.    Kroll shall distribute or cause to be distributed to the Nominees the appropriate number of (i) Solicitation Packages for each Beneficial Holder represented by the Nominee as of the Voting Record Date, which will contain copies of Ballots for each beneficial holder (a "**Beneficial Holder Ballot**") and (ii) a master ballot (the "**10.5% Master Ballot**").

d.    Each Nominee shall immediately, and in any event within five Business Days after its receipt of the Solicitation Packages, commence the solicitation of votes from its Beneficial Holder clients through one of the following two methods:

    i.    distribute to each Beneficial Holder the Solicitation Packages along with a Beneficial Holder Ballot, voting information form ("**VIF**"), and/or other customary communication used to collect voting information from its Beneficial Holder clients along with instructions to the Beneficial Holder to return its vote to the Nominee in a timely fashion; or

    ii.    distribute to each Beneficial Holder the Solicitation Package along with a "pre-validated" Ballot (a "**Pre-Validated Beneficial Holder Ballot**") signed by the Nominee and including the Beneficial Holder's account number, the principal amount of Claims held by the Nominee for such Beneficial Holder, and a

medallion guarantee stamp certifying the Beneficial Holder's position in their asserted Claims as of the Voting Record Date with instructions to the Beneficial Holder to return its Pre-Validated Beneficial Holder Ballot to Kroll in a timely fashion.

e. Each Nominee shall compile and validate the votes and other relevant information of all such Beneficial Holders on the 10.5% Master Ballot and transmit the 10.5% Master Ballot to Kroll on or before the Voting Deadline.

f. Nominees that submit 10.5% Master Ballots must keep the original Beneficial Holder Ballots, VIFs, or other communication used by the Beneficial Holder to transmit its vote for a period of one year after the Effective Date of the Plan.

g. Nominees that pre-validate Beneficial Holder Ballots must keep a list of Beneficial Holders for whom they pre-validated a Ballot along with copies of the Pre-Validated Beneficial Holder Ballots for a period of one year after the Effective Date of the Plan.

h. Kroll will not count votes of Beneficial Holders unless and until they are included on a valid and timely 10.5% Master Ballot or a valid and timely Pre-Validated Beneficial Holder Ballot.

i. If a Beneficial Holder holds Claims through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Beneficial Holder Ballot or Pre-Validated Beneficial Holder Ballot and each such Beneficial Holder must vote consistently and execute a separate Beneficial Holder Ballot or Pre-Validated Beneficial Holder Ballot for each 10.5% Notes Secured Claim that it holds through any Nominee and must return each such Beneficial Holder Ballot to the appropriate Nominee or each such Pre-Validated Beneficial Holder Ballot to Kroll.

j. Votes cast by Beneficial Holders through Nominees will be applied to the applicable positions held by such Nominees in the applicable Voting Classes, as of the Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee pursuant to a 10.5% Master Ballot will not be counted in excess of the amount of such Claims held by such Nominee as of the Voting Record Date.

k. If conflicting votes or "over-votes" are submitted by a Nominee pursuant to a 10.5% Master Ballot, Kroll will use reasonable efforts to reconcile discrepancies with the Nominees. If over-votes on a 10.5% Master Ballot are not reconciled prior to the preparation of the Voting Declaration, the Debtors shall apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and to reject the Plan submitted on the 10.5% Master Ballot that contained the over-vote, but only to the extent of the Nominee's position in the applicable Voting Class.

l.      A single Nominee may complete and deliver to Kroll multiple 10.5% Master Ballots.  Votes reflected on multiple 10.5% Master Ballots will be counted, except to the extent that they are duplicative of other 10.5% Master Ballots.  If two or more 10.5% Master Ballots submitted by a single Nominee are inconsistent, the latest received valid 10.5% Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior received 10.5% Master Ballot.  Likewise, if a Beneficial Holder submits more than one Beneficial Holder Ballot to its Nominee or more than one Pre-Validated Beneficial Holder Ballot to Kroll, (i) the latest received Beneficial Holder Ballot or Pre-Validated Beneficial Holder Ballot received before the submission deadline imposed by the Nominee or the Voting Deadline, respectively, shall be deemed to supersede any prior Beneficial Holder Ballot or Pre-Validated Beneficial Holder Ballot, as applicable, submitted by the Beneficial Holder, and (ii) the Nominee shall complete the 10.5% Master Ballot accordingly.

m.      The Debtors will, upon written request, reimburse Nominees for customary mailing and handling expenses incurred by them in forwarding the Beneficial Holder Ballot and other enclosed materials to the Beneficial Holders for which they are the Nominee.  No fees or commissions or other remuneration will be payable to any Nominee or other person for soliciting votes from its Beneficial Holder clients with respect to the Plan.

9.      If it is a Nominee's customary and accepted practice to forward the Solicitation Packages to (and collect votes or elections from) Beneficial Holders by voter information form, electronic mail, telephone, or other customary means of communication, as applicable, the Nominee may employ such method of communication in lieu of sending the full Solicitation Package.  Further, if it is the Nominee's customary internal practice to provide to Beneficial Holders with an electronic link to solicitation materials (including, but not limited to, the Disclosure Statement and Plan), the Nominee may follow such customary practice in lieu of forwarding the flash drive or paper copies containing the Disclosure Statement and Plan.

10.      Upon completion of balloting, Kroll shall certify the amount and number of allowed Claims in the Voting Classes accepting or rejecting the Plan with the assistance of the Debtors and case professionals.  The Debtors will file such certification (the "**Voting**

Declaration") with the Court no later than ~~October 19~~November 1, 2022. The Debtors may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the Voting Declaration. Additionally, the Voting Declaration shall specify each holder of a Claim that opted out of granting the releases set forth in the Plan.  To assist in the solicitation process, Kroll is authorized, but not required, to contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies.  Unless waived, any defects or irregularities in connection with completion or delivery of Ballots must be cured on or before the Voting Deadline or within such other time as the Debtors (or the Bankruptcy Court) determines. Neither the Debtors nor Kroll will be under any duty to provide notification of defects or irregularities with respect to completion or delivery of Ballots nor will any of them incur any liability for failure to provide such notification.  Delivery of such defective Ballots will not be deemed to have been made until such irregularities have been cured or waived.

11.    If any holder of a Claim seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures, such Claim holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "**Rule 3018 Motion**") and serve the Rule 3018 Motion on the Debtors so that it is received no later than ~~September 27~~October 10, 2022, at 4:00 p.m. (prevailing Eastern Time).  The Debtors, or any other party in interest, shall have until **October ~~12~~24, 2022, at 4:00 p.m. (prevailing Eastern Time)** to file and serve any responses to such motions, and the moving parties shall have until ~~October 19~~November 2, 2022, at 4:00 p.m. (prevailing Eastern Time) to file any replies. ~~Any~~In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018 Motion, such

creditor's ballot shall not be counted unless temporarily allowed by the Court for voting purposes, after notice and a hearing, prior to the Voting Deadline. Further, any Ballot submitted by a holder of a Claim that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order.

12.     The Confirmation Hearing is hereby scheduled for ~~October 24~~**November 7**, **2022 at 10:00 a.m. (prevailing Eastern Time)**, to continue thereafter from day to day as necessary.  The Confirmation Hearing may be continued from time to time by the Debtors, without further notice other than by (a) announcing the adjourned date(s) at the Confirmation Hearing (or any continued hearing) or (b) filing a notice with the Court.

13.     Objections to confirmation of the Plan, if any, must (a) be in writing and (b) be filed with the Court and served, so as to be received **no later than October ~~13~~24, 2022, at 4:00 p.m. (prevailing Eastern Time)** (the "**Confirmation Objection Deadline**") on:

1.      Co-counsel for the Debtors: (i) Baker Botts L.L.P., 2001 Ross Avenue, Suite 900, Dallas, TX 75201, Attn.: Jim R. Prince (jim.prince@bakerbotts.com) and Baker Botts L.L.P., 30 Rockefeller Plaza, New York, NY 10112, Attn: Scott R. Bowling (scott.bowling@bakerbotts.com) and (ii) Morris, Nichols, Arsht & Tunnell, L.L.P. 1201 N Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19801, Attn.: Robert J. Dehney (rdehney@morrisnichols.com), Curtis S. Miller (cmiller@morrisnichols.com), and Andrew R. Remming (aremming@morrisnichols.com);

2.      Counsel to Prepetition Senior Priority Notes Trustee and Prepetition Senior Priority Notes Trustee, Foley & Lardner L.L.P., 321 N. Clark St., Suite 3000, Chicago, IL 60654, Attn: Mark Radtke (mradtke@foley.com);

3.      Counsel to the Prepetition ABL Agent, Haynes & Boone, L.L.P., 1221 McKinney Street, Suite 4000, Houston, TX 77010, Attn: Charles A. Beckham, Jr. (charles.beckham@haynesboone.com) and Tim Johnston (tim.johnston@haynesboone.com);

4.      Counsel to the ABL DIP Agent, Goldberg Kohn Ltd., 55 East Monroe, Suite 3300, Chicago, Illinois 60603, Attn: Dimitri Karcazes

(dimitri.karcazes@goldbergkohn.com) and Prisca Kim (prisca.kim@goldbergkohn.com);

5.    Counsel to the Term DIP Agents, Pryor Cashman L.L.P., 7 Times Square, New York, New York 10036, Attn: Seth H. Lieberman (slieberman@pryorcashman.com), Patrick Sibley (psibley@pryorcashman.com), and Conrad K. Chiu (cchiu@pryorcashman.com);

6.    Counsel to the Term DIP Lenders and the Ad Hoc Noteholder Group, Paul Hastings LLP, 200 Park Avenue, New York, New York 10166 (Attn: Kristopher M. Hansen, Esq., Erez E. Gilad, Esq., Jonathan D. Canfield, Esq., and Gabriel E. Sasson, Esq.) and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Matthew B. Lunn, Esq., Robert F. Poppiti, Jr., Esq. and Sean M. Beach, Esq.);

7.    Counsel to the Creditors' Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Philip C. Dublin, Naomi Moss and Edan Lisovicz (pdublin@akingump.com, nmoss@akingump.com, elisovicz@akingump.com), and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Justin Alberto, Patrick J. Reilley and Andrew Roth-Moore (jalberto@coleschotz.com, preilley@coleschotz.com, arothmoore@coleschotz.com); and

8.    Office of the United States Trustee, 844 N. King Street, Room 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov).

The Debtors and any other party in interest supporting the Plan may file any reply to any such objections and/or any affidavits or declarations in support of approval of the Plan by no later than ~~October 20~~**November 2**, **2022 at 4:00 p.m. (prevailing Eastern Time) (or two (2) Business Days prior to the date of any adjourned Confirmation Hearing)**.

14.    The Texas Commission on Environmental Quality's (the "**TCEQ**") and the United States Environmental Protection Agency's (the "**EPA**") rights to object to the Plan are fully preserved, including without limitation with respect to any non-debtor release regardless of whether the TCEQ or the EPA choose to vote for or against the Plan.

15.     The Confirmation Hearing Notice, in substantially the form attached to this Order as **Exhibit C**, is approved.  The Debtors shall serve the Confirmation Hearing Notice on:

a.     The U.S. Trustee;

b.     Holders of Claims in the Voting Classes;

c.     All entities that are party to executory contracts and unexpired leases with the Debtors;

d.     All entities that are party to litigation with the Debtors;

e.     All current and former employees, directors, and officers (to the extent that contact information for former employees, directors, and officers is available in the Debtors' records);

f.     All regulatory authorities that regulate the Debtors' businesses;

g.     The office of the attorney general for each state in which the Debtors maintain(ed) or conduct(ed) business;

h.     All taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

i.     The Securities and Exchange Commission; and

All parties who filed a request for service of notices under Bankruptcy Rule 2002 and all parties on the Debtors' consolidated list of creditors no later than five (5) Business Days after the entry of this Order, *provided, that*, any such parties that hold Claims or Interests in the Non-Voting Classes will receive a Non-Voting Notice in lieu of the Confirmation Hearing Notice.

16.     Pursuant to Bankruptcy Rule 3017(c), **September ~~6~~22, 2022**, shall be the record date for purposes of determining which holders of Claims are entitled to receive Solicitation Packages and, where applicable, vote on the Plan (the "**Voting Record Date**"). Claims that have been filed by governmental units after the Voting Record Date but before the Governmental Bar Date shall be entitled to vote (as applicable) and will receive Solicitation

14

Packages as soon as reasonably practicable after their claim has been received and processed by Kroll.

17.     With respect to any transferred Claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim if:  (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date (including, without limitation, the passage of any applicable objection period); or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

18.     Kroll shall serve the Solicitation Package on holders of Claims in the Voting Classes no later than five (5) Business Days after the entry of this Order, or as soon as reasonably practicable thereafter (the "**Solicitation Deadline**") containing copies of: (a) the Confirmation Hearing Notice; (b) the Disclosure Statement; (c) the Plan; (d) this Order (without exhibits); (e) a Ballot; and (f) any other documents and materials that the Debtors deem appropriate.  Kroll shall be authorized to serve the Solicitation Package holders of Claims in the Voting Classes (other than Ballots and the Confirmation Hearing Notice) in electronic format (*i.e.*, on a CD-ROM or flash drive).  Kroll shall provide Ballots, Non-Voting Notices, and the Confirmation Hearing Notice in paper format only.

19.     The Debtors and Kroll shall not be required to mail a Solicitation Package or any other materials related to voting or confirmation of the Plan to any person or entity from which the notice of the Motion or other mailed notice in this case was returned as undeliverable by the postal service, unless Kroll is provided with accurate addresses for such persons or entities before the Voting Record Date, and failure to mail Solicitation Packages or any other

materials related to voting or confirmation of the Plan to such persons or entities shall not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017(d). For the avoidance of doubt, a holder of a Claim will only be entitled to receive a Solicitation Package on account of a Claim arising from the rejection of an Executory Contract or Unexpired Lease if the Claim is filed by the Voting Record Date. For purposes of serving the Solicitation Packages, Kroll is authorized to rely on the address information for all Classes as compiled, updated, and maintained by the Debtors and provided to Kroll as of the Voting Record Date, such that the Debtors and Kroll will not be required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages and will not be required to resend Solicitation Packages that are returned as undeliverable.

20.     Additionally, in accordance with Bankruptcy Rule 2002(l), the Debtors shall publish the Confirmation Hearing Notice (in an abridged and/or modified format for publication) in *Houston Chronicle*, *La Voz de Houston*, *Lake Charles American Press, New York Times National Edition*, *The Port Arthur News*, *Beaumont Enterprises*, *Beaumont Examiner* and *Orange Leader*, no later than seven (7) Business Days after the Solicitation Deadline (the "**Publication Notice**").

21.     The Debtors shall not be required to transmit the Solicitation Package to holders of Claims in the Non-Voting Classes. The Debtors shall mail or caused to be mailed by first-class mail to holders of Claims in the Non-Voting Classes copies of the Non-Voting Notice, substantially in the form attached hereto as **Exhibits B** and **C**, respectively. Kroll shall complete service of the Non-Voting Notice on the Non-Voting Classes within five (5) Business Days after entry of this Order, or as soon as reasonably practicable thereafter.

22.     The contents of the Solicitation Package and the Non-Voting Notice, as set forth herein, comply with Bankruptcy Rules 2002 and 3017, and constitute sufficient notice to all interested parties in these chapter 11 cases, including, without limitation, holders of Claims and Interests.

23.     The Disclosure Statement (including all applicable exhibits thereto), the Confirmation Hearing Notice, and the Non-Voting Notice provide holders of Claims and Interests and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions in the Plan in satisfaction of the requirements of Bankruptcy Rule 3016(c).

24.     The Debtors are authorized to make non-substantive and ministerial changes to any documents in the Solicitation Package without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to the Disclosure Statement and the Plan and any other materials included in the Solicitation Package prior to their distribution.

25.     The Debtors shall file the Plan Supplement by **October 6̶17, 2022**, *provided* that the Debtors may amend, supplement, or otherwise modify the Plan Supplement prior to the Confirmation Hearing and/or in accordance with the Plan.

26.     The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

27.     The Court shall retain jurisdiction to hear and determined all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

28.     This Order is effective immediately upon entry.

**<u>EXHIBIT A-1</u>**

**Form Master Ballot**
**(10.5% Notes Secured Claims and 10.5% Notes Deficiency Claims)**

**No person has been authorized to give any information or advice, or to make any representation, other than what is included in the Disclosure Statement (including the Plan) accompanying this Master Ballot.[1]**

**Please note that, even if you or the Beneficial Holder(s) for which you are a Nominee intend to vote to reject the Plan, you must still read, complete, and execute this entire Master Ballot.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| TPC GROUP INC., *et al.*, | Case No. 22-10493 (CTG) |
| Debtors.[2] | Jointly Administered |

**MASTER BALLOT FOR BENFICIAL HOLDERS OF 10.5% NOTES CLAIMS IN CLASS 3 AND CLASS 4 OF THE CHAPTER 11 PLAN PROPOSED BY THE DEBTORS**

**10.5% Senior Secured Notes due 2024 issued by TPC Group Inc.**

> PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.
>
> THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ~~H~~OCTOBER 28, 2022 AT 4:00 P.M. (PREVAILING EASTERN TIME).
>
> YOUR MASTER BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE CLAIMS AND NOTICE AGENT BY THIS DEADLINE IN ORDER TO BE COUNTED.

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") have sent this Master Ballot to you, a broker, dealer, commercial bank, trust company or other

---

[1] All capitalized terms used but not otherwise defined herein or in the enclosed voting instructions shall have the meanings ascribed to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77042.

agent or nominee (each, a "**Nominee**") of a Beneficial Holder[3] of a 10.5% Notes Claim, and, accordingly, you have a right to vote to accept or reject the *Joint Chapter 11 Plan of TPC Group Inc. and its Debtor Affiliates* [D.I. [•]] (as may be amended, modified, or supplemented, the "**Plan**").

Nominees should use the Master Ballot to transmit votes to accept or reject the Plan. This Master Ballot is to be used by each Nominee to summarize the individual votes of its respective Beneficial Holders from their Beneficial Holder Ballots to vote to accept or reject the Plan. The CUSIP and ISIN numbers for 10.5% Notes Claims entitled to vote and of which you are the Nominee are set forth on Exhibit 1 attached hereto. **PLEASE NOTE THAT EACH VOTE ON ACCOUNT OF A CLASS 3 – 10.5% NOTES SECURED CLAIM WILL ALSO BE APPLIED TO THE HOLDER'S CLASS 4 – GENERAL UNSECURED CLAIM ON ACCOUNT OF THE 10.5% NOTES DEFICIENCY CLAIM, AS APPROPRIATE**.

The Debtors' *Disclosure Statement for Joint Chapter 11 Plan of TPC Group Inc. and its Debtor Affiliates* [D.I. [•]] (as may be amended, modified, or supplemented, the "**Disclosure Statement**") provides information to assist holders of Claims in deciding how to vote to accept or reject the Plan. The Disclosure Statement, the Plan, the Confirmation Hearing Notice, and the Court's *Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Solicitation Materials and Procedures for Distribution Thereof, (IV) Approving Forms of Ballots and Establishing Procedures for Voting on Plan, (V) Scheduling Hearing and Establishing Notice and Objection Procedures in Respect of Confirmation of Plan, and (VI) Granting Related Relief* [D.I. [•]] (the "**Disclosure Statement Order**") are included in the Solicitation Package accompanying this Master Ballot. You may also obtain copies of such documents from Kroll Restructuring Administration LLC ("**Kroll**") free of charge (a) by accessing the Debtors' restructuring website at https://cases.ra.kroll.com/TPCGroup; (b) by writing to TPC Group Inc. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232; (c) by email at tpcgroupinfo@ra.kroll.com with a reference to "TPC Group Inc." in the subject line; or (d) by telephone at (844) 596-2260 (U.S./Canada, toll-free) or +1 (646) 214-8808 (International); or for a fee via PACER at https://ecf.deb.uscourts.gov.

If you have any questions on how to properly complete and/or submit this Master Ballot, please contact Kroll at (844) 596-2260 (U.S./Canada, toll-free) or +1 (646) 214-8808 (International). Please be advised that Kroll cannot provide legal advice.

---

[3] "**Beneficial Holder**" means a beneficial owner of a 10.5% Notes Claim as of the Voting Record Date, as reflected in the records maintained by the Nominees holding through DTC.

VOTING DEADLINE: ~~SEPTEMBER~~OCTOBER 28, 2022, AT 4:00 P.M. (PREVAILING EASTERN TIME)
(THE "VOTING DEADLINE")

For your vote or the vote(s) of the Beneficial Holders to be counted, this Master Ballot must be properly completed, signed, and returned so that it is **actually received** by Kroll, by no later than ~~September~~October 28, 2022, at 4:00 p.m. (prevailing Eastern Time), unless such time is extended in writing by the Debtors.  Please submit your Master Ballot in the envelope provided or by *one* of the following methods:

    **If by First Class Mail, Overnight Courier or Hand Delivery:**

        **TPC Group Inc. Ballot Processing Center**
        **c/o Kroll Restructuring Administration LLC**
        **850 3rd Avenue, Suite 412**
        **Brooklyn, NY 11232**

    **If you would like to coordinate hand delivery of your Master Ballot, please email tpcgroupballots@ra.kroll.com and provide the anticipated date and time of your delivery.**

    **If by Email:**

        **tpcgroupballots@ra.kroll.com**

        **If you choose to submit your Master Ballot via email, you should not also return a hard copy of your Master Ballot.**

    MASTER BALLOTS AND PRE-VALIDATED BENEFICIAL HOLDER BALLOTS WILL BE ACCEPTED BY EMAIL AS SET FORTH ABOVE, BUT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE, OR OTHER ELECTRONIC MEANS OF TRANSMISSION, ~~INCLUDING VIA THE ONLINE PORTAL FOR ELECTRONIC SUBMISSION OF BALLOTS AVAILABLE ON THE DEBTORS' RESTRUCTURING WEBSITE MAINTAINED BY KROLL.~~

\*\*\*

If this Master Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, the votes transmitted by this Master Ballot will **not** be counted.

Your receipt of this Master Ballot does not signify that the Claim(s) of any Beneficial Holder has been or will be allowed.  The Debtors reserve all rights to dispute such Claim(s).

## INSTRUCTIONS FOR COMPLETING MASTER BALLOTS

1.    The Debtors are soliciting the votes of holders of Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement.  Capitalized terms used in the Master Ballot or in these instructions (the "**Ballot Instructions**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

2.    **The Court may confirm the Plan and thereby bind holders of Claims by the terms of the Plan.  Please review the Disclosure Statement for more information.**

3.    You should immediately distribute and in no event no later than five (5) business days of receipt, the Beneficial Holder Ballots and the Solicitation Package to all Beneficial Holders of 10.5% Notes Claims and take any action required to enable each such Beneficial Holder to timely vote the 10.5% Notes Claims that it holds.  If your customary practice is to forward the solicitation information to Beneficial Holders by e-mail, telephone, or other customary means of communication, you are authorized to employ that method of communication in lieu of sending the paper Beneficial Holder Ballot and/or Solicitation Package.  Any Beneficial Holder Ballot returned to you by a Beneficial Holder of a 10.5% Notes Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to Kroll, a Master Ballot that reflects the vote of such Beneficial Holders by **4:00 p.m. prevailing Eastern Time on [ ]October 28, 2022** or otherwise validate the Beneficial Holder Ballot in a manner acceptable to Kroll.  If your customary practice is to collect votes from your Beneficial Holder clients by voter information form, e-mail, telephone, or other accepted methods of communication, you are authorized to collect the votes and opt-out elections in that manner.

4.    You may pre-validate the Beneficial Holder Ballots by (i) signing the Beneficial Holder Ballot and indicating on the Beneficial Holder Ballot the (a) name and Depository Trust Company ("**DTC**") Participant Number of the Nominee and (b) the principal amount of the Unsecured Notes Claim held by the Nominee for the Beneficial Holder, (ii) applying a medallion guarantee stamp to the Beneficial Holder Ballot to certify the principal amount of the Claim held by the Beneficial Holder as of the Voting Record Date, and (iii) forwarding such Beneficial Holder Ballot, together with the Solicitation Package, including a preaddressed, postage-paid return envelope addressed to Kroll, to the Beneficial Holder.  The Beneficial Holder will be required to complete the pre-validated Beneficial Holder Ballot and return it directly to Kroll so that it is actually received before the Voting Deadline.

5.    With regard to any votes returned to you by a Beneficial Holder (whether through Beneficial Holder Ballot or otherwise), you must compile and validate the votes, execute the Master Ballot, and deliver the Master Ballot to Kroll so that it is RECEIVED by Kroll on or before the Voting Deadline.  All Beneficial Holder Ballots (or customary communications for transmitting votes) returned by Beneficial Holders should either be forwarded to Kroll (along with the Master Ballot) or retained for inspection for at least one (1) year from the Voting Deadline.

6.      Beneficial Holder votes tabulated on this Master Ballot will be applied to the applicable positions you hold as the holder of record at DTC, as of the Voting Record Date. Votes submitted pursuant to a Master Ballot will not be counted in excess of the amount of 10.5% Notes Claims you hold at DTC as of the Voting Record Date.

7.      If you submit conflicting votes or "over-votes" pursuant to a Master Ballot, the Debtors will use reasonable efforts to reconcile the discrepancies. If over-votes on a Master Ballot are not reconciled prior to the preparation of the Voting Certification, the Debtors shall apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and to reject the Plan submitted on the Master Ballot that contained the over-vote, but only to the extent of your position in the particular Class.

8.      For purposes of tabulating votes, notwithstanding that Master Ballots and Beneficial Holder Ballots require only that the principal amount of Claims be included on such Ballots, you or a Beneficial Holder will be deemed to have voted the amount of your or its Claims in a particular Class, which amount shall include all principal, accrued and unpaid pre- and postpetition interest (including at the default rate (to the extent applicable)), fees, and other amounts arising thereunder or payable pursuant thereto, including the applicable make-whole amount, and Kroll may adjust such Claims to reflect the full amount voted.

9.      You may complete and deliver to Kroll multiple Master Ballots. Votes reflected on multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the latest received valid Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior received Master Ballot. Likewise, if a Beneficial Holder submits to you more than one Beneficial Holder Ballot, (i) the latest received Beneficial Holder Ballot received before the submission deadline that you impose shall be deemed to supersede any prior Beneficial Holder Ballot submitted by the Beneficial Holder; and (ii) you should complete the Master Ballot accordingly.

10.    The following Master Ballots and Beneficial Holder Ballots will not be counted:

      **(i)**      Any Beneficial Holder Ballot or Master Ballot received after the Voting Deadline, unless the Debtors, shall have granted an extension of the Voting Deadline in writing with respect to such Ballot;

      **(ii)**     Any Beneficial Holder Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the claimant or interest holder;

      **(iii)**    Any Beneficial Holder Ballot or Master Ballot cast by a person or entity that does not hold a Claim or Interest in a Class that is entitled to vote to accept or reject the Plan;

      **(iv)**    Any Beneficial Holder Ballot or Master Ballot cast by a person who is not entitled to vote, even if such individual holds a Claim or Interest in a Voting Class;

    **(v)**        Any unsigned Beneficial Holder Ballot or Master Ballot;

    **(vi)**      Any Beneficial Holder Ballot or Master Ballot which the Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

    **(vii)**     Any Beneficial Holder Ballot or Master Ballot transmitted to Kroll by means not specifically approved herein.

11.    Please be sure to sign and date your Master Ballot. You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by Kroll, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

12.    Please keep any records of Beneficial Holder Ballots, including records of the Beneficial Holders to whom pre-validated Beneficial Holder Ballots were delivered, for at least one year after the Voting Deadline (or such other date as is set by order of the Bankruptcy Court). You may be ordered to produce the Beneficial Holder Ballots to the Debtor or the Bankruptcy Court.

13.    If you are both the Nominee and the Beneficial Holder of any of the 10.5% Notes Claims and you wish to vote such 10.5% Notes Claims, please return a Master Ballot for such 10.5% Notes Claims.

14.    The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Certification.

15.    Neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

16.    Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

17.    The Debtors will, upon written request, reimburse you for customary mailing and handling expenses you incur in forwarding the Solicitation Package and Beneficial Holder Ballot to the Beneficial Holders for which you are the Nominee. No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes from Beneficial Holders with respect to the Plan.

18.     This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan or, alternatively, the Third-Party Releases and make certifications with respect to the Beneficial Holder Ballots.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Holder Ballot.

19.     This Master Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim; or (ii) an assertion or admission of a Claim.

20.     If you believe you have received the wrong Ballot, you should contact Kroll immediately (a) by email at tpcgroupinfo@ra.kroll.com with a reference to "TPC Group Inc." in the subject line; or (b) by telephone at (844) 596-2260 (Domestic, toll-free) or +1 (646) 214-8808 (International).

**PLEASE SUBMIT YOUR MASTER BALLOT PROMPTLY.  PLEASE CHOOSE ONLY ONE METHOD TO RETURN THIS MASTER BALLOT.  IF YOU WOULD LIKE TO COORDINATE HAND DELIVERY OF YOUR MASTER BALLOT, PLEASE SEND AN EMAIL TO TPCGROUPBALLOTS@RA.KROLL.COM AT LEAST 24 HOURS BEFORE YOUR ARRIVAL AT THE KROLL ADDRESS ABOVE AND PROVIDE THE ANTICIPATED DATE AND TIME OF YOUR DELIVERY OF THIS MASTER BALLOT, WHICH MUST BE RECEIVED BY KROLL BEFORE THE VOTING DEADLINE AT 4:00 P.M. PREVAILING EASTERN TIME ON ~~SEPTEMBER~~OCTOBER 28, 2022, AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, DID NOT RECEIVE AN ELECTRONIC COPY OF THE DISCLOSURE STATEMENT AND THE PLAN, OR NEED PHYSICAL COPIES OF THE BALLOTS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT KROLL BY WRITING TO TPC GROUP INC. BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 3RD AVENUE, SUITE 412, BROOKLYN, NY 11232; BY EMAIL AT TPCGROUPINFO@RA.KROLL.COM WITH A REFERENCE TO "TPC GROUP INC." IN THE SUBJECT LINE; OR BY TELEPHONE AT (844) 596-2260 (U.S./CANADA, TOLL-FREE) OR +1 (646) 214-8808 (INTERNATIONAL) AND REQUESTING TO SPEAK WITH A MEMBER OF THE SOLICITATION TEAM.**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE COURT.**

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER ENTITY THE AGENT OF THE DEBTORS OR THE SECURITIES VOTING AGENT OR AUTHORIZE YOU OR ANY OTHER ENTITY TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THE DEBTORS WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE DOCUMENTS ENCLOSED HEREWITH.**

*****

**Item 1.**  **Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐        is a broker, dealer, bank, or other agent or nominee for the Beneficial Holders of the aggregate principal amount of 10.5% Notes Claims listed in Items 2 and 3 below and is the registered or record holder of such 10.5% Notes; or

☐        is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered or record holder of the aggregate principal amount of 10.5% Notes Claims listed in Items 2 and 3 below; or

☐        has been granted a proxy (an original of which is attached hereto) from a broker, bank, other nominee, or a beneficial owner, that is the registered or record holder of the aggregate principal amount of 10.5% Notes Claims listed in Items 2 and 3 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the 10.5% Notes Claims described in Items 2 and 3 below.

**Items 2 and 3.**  **10.5% Notes Claims Vote on Plan; Third-Party Releases.**

The undersigned transmits the following votes of Beneficial Holders of 10.5% Notes Claims and certifies that the following Beneficial Holders of 10.5% Notes Claims, as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the Voting Record Date and have delivered to the undersigned, as Nominee, Beneficial Holder Ballots casting such votes. Please note that the votes cast below will be applied in the same manner against each applicable Debtor.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table. Please note that each holder must vote all such Beneficial Holder's 10.5% Notes Claims to accept or reject the Plan and may not split such vote. Any Ballot executed by the holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted as a vote on the Plan. Beneficial Holders who did not cast a vote to accept or reject the Plan but checked the box to opt out of releases set forth in Article 10.7(b) of the Plan should be indicated. (Please use additional sheets in the format below as necessary). Any holder of a Claim whose Ballot indicates acceptance of the Plan but purports to opt out of the releases set forth in Article 10.7(b) of the Plan will be deemed not to have opted out of granting such releases; *provided*, that if such holder did not receive notice of the motion to approve the Disclosure Statement Order (D.I. 490), unless such holder files an objection to confirmation of the Plan and the Court determines otherwise, such holder will be deemed to have voted to reject the Plan and have opted out of granting such releases. **PLEASE NOTE THAT EACH BENEFICIAL HOLDER'S VOTE ON ACCOUNT OF THEIR CLASS 3 – 10.5% NOTES SECURED CLAIM WILL ALSO BE APPLIED IN THE SAME MANNER TO**

**THEIR CLASS 4 – GENERAL UNSECURED CLAIM ON ACCOUNT OF THE 10.5% NOTES DEFICIENCY CLAIM, AS APPROPRIATE**.

| ITEMS 2 AND 3—VOTE ON PLAN OF REORGANIZATION AND OPT OUT OF THIRD-PARTY RELEASES | | | |
|---|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder of 10.5% Notes Claims** | **ACCEPT** | **REJECT** | **IF VOTE TO REJECT, OPT OUT OF THIRD-PARTY RELEASES** If the box in Items 2 and 3 of the Beneficial Holder Ballot was completed, place an "X" in the column below |
|  | $ | $ |  |
|  | $ | $ |  |
|  | $ | $ |  |
|  | $ | $ |  |
|  | $ | $ |  |
|  | $ | $ |  |
|  | $ | $ |  |
| **TOTAL:** | $ | $ |  |

The Plan includes certain injunction, release, and exculpation provisions.

Article 10.7(b) of the Plan contains the following release provisions:

~~**RELEASES BY HOLDERS OF CLAIMS AND INTERESTS.**~~

**Releases by Holders of Claims and Interests.**

As of the Effective Date, except for the rights and remedies that remain in effect from and after the Effective Date to enforce the Plan and the obligations contemplated by the Definitive Documents (including the documents in the Plan Supplement) or as otherwise provided in any order of the Bankruptcy Court, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, the Released Parties will be deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Releasing Parties, from any and all ~~Claims~~claims and Causes of Action whatsoever (including any derivative

claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, contract, tort, or otherwise by statute, violations of federal or state securities laws or otherwise, that such holders or their estates, affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Reorganized Debtors, or their Estates, the Chapter 11 Cases, the Restructuring, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interactions between any Debtor and any Released Party, the restructuring of any Claims or Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation, or consummation of the Plan, the Solicitation Materials, the Restructuring Support Agreement, the Definitive Documents (including the documents in the Plan Supplement) or related agreements, instruments, or other documents, relating thereto, or the solicitation of votes with respect to the Plan, and any contract, instrument, agreement or other document entered into in connection with any of the foregoing, or any preference, fraudulent transfer or other avoidance action related to the ~~debtors~~Debtors arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, in all cases based upon any act or omission, transaction, agreement, event, or other occurrences taking place on or before the Effective Date, other than ~~Claims~~claims or Causes of Action arising out of or related to any act or omission of a Released Party that constitutes intentional fraud or willful misconduct as determined by a Final Order.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post -Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, or any Claim or obligation arising under the Plan.

Entry of the Confirmation Order by the Bankruptcy Court shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases in Section 10.7(b) of the Plan (the "Third Party Release"), which includes, by reference, each of the related provisions and definitions under the Plan, and, furthermore, shall constitute the Bankruptcy Court's finding that the Third Party Release is (~~I~~i) consensual, (~~II~~ii) essential to the confirmation of the Plan, (~~III~~iii) given in exchange for the good and valuable consideration provided by the Released Parties, (~~IV~~iv) a good faith settlement and compromise of the ~~Claims~~claims and Causes of Action released by the Third Party Release, (~~V~~v) in the best interests of the Debtors and their estates, (~~VI~~vi) fair, equitable and reasonable, (~~VII~~vii) given and made after due notice and opportunity for hearing, and (~~VIII~~viii) a bar to any of the Releasing Parties asserting any ~~Claim~~claim or Cause of Action released pursuant to the Third Party Release.

> **BENEFICIAL HOLDERS OF 10.5% NOTES CLAIMS UNDER THE PLAN ARE DEEMED TO PROVIDE THE RELEASE CONTAINED IN ARTICLE 10.7(b) OF THE PLAN, AS SET FORTH ABOVE IF SUCH HOLDER (A) VOTES TO ACCEPT THE PLAN, EXCEPT AS SET FORTH IN PARAGRAPH 7.n OF THE DISCLOSURE STATEMENT ORDER, (B) DOES NOT SUBMIT A BALLOT TO ACCEPT OR REJECT THE PLAN, OR (C) VOTES TO REJECT THE PLAN AND DOES NOT OPT OUT OF OR OBJECT TO THE RELEASE PROVISIONS OF THE PLAN.**

**Item 4.** **Certification as to Transcription of Information from Item 4 of the Beneficial Holder Ballots as to 10.5% Notes Claims.**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by the Beneficial Holders in Item 4 of each of the Beneficial Holder's Beneficial Holder Ballots, identifying any 10.5% Notes Claims for which such Beneficial Holders have submitted other Ballots other than to the undersigned:

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 4 of the Beneficial Holder Ballots | TRANSCRIBE FROM ITEM 4 OF THE BALLOTS: | | | |
|---|---|---|---|---|
| | Customer Account Number of Other 10.5% Notes Claims Voted | DTC Participant Number and Name of Other Nominee | Principal Amount of Other 10.5% Notes Claims Voted | CUSIP OR ISIN of Other 10.5% Notes Claims Voted |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |

**Item 5.** **Certifications.**

By signing this Master Ballot, the undersigned certifies that:

1. it has received a copy of the Disclosure Statement, the Ballots and the Solicitation Package and has delivered the same to the Beneficial Holders listed on the Ballots;

2. it has received a completed and signed Beneficial Holder Ballot from each Beneficial Holder listed in Items 2 and 3 of this Master Ballot;

3.  it is the registered or record holder of the securities being voted;

4.  it has been authorized by each such Beneficial Holder to vote on the Plan or Third-Party Releases;

5.  it has properly disclosed:  (i) the number of Beneficial Holders who completed Beneficial Holder Ballots; (ii) the respective amounts of the 10.5% Notes Claims voted, as the case may be, by each Beneficial Holder who completed a Beneficial Holder Ballot; (iii) each such Beneficial Holder's respective vote concerning the Plan or Third-Party Releases; (iv) each such Beneficial Holder's certification as to other 10.5% Notes Claims voted; and (v) the customer account or other identification number for each such Beneficial Holder;

6.  each such Beneficial Holder has certified to the undersigned that it is eligible to vote on the Plan or Third-Party Releases; and it will maintain Beneficial Holder Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Effective Date and disclose all such information to the Bankruptcy Court, the Debtors, or the Reorganized Debtors, as the case may be, if so ordered;

7.  it acknowledges and understands that (i) if no Holders of Claims eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the Holders of such Claims in such Class; and (ii) any Class of Claims that does not have a Holder of an Allowed Claim or a Claim temporarily allowed by the Court as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code; and

8.  it acknowledges and agrees that the Debtors may make conforming changes to the Plan in accordance with the terms thereof and to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary and that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

Name of Nominee: _____
(Please print or type)

Name of Proxy Holder or Agent for Nominee _____
(Please print or type)

Nominee's DTC Participant Number: _____

Signature: _____

Name of Signatory: _____
(Please print or type)

Title: _____

Address: _____

_____

_____

Telephone No.: _____

E-Mail Address: _____

Date Completed: _____

**PLEASE SUBMIT YOUR MASTER BALLOT PROMPTLY.  PLEASE CHOOSE ONLY ONE METHOD TO RETURN THIS MASTER BALLOT.  IF YOU WOULD LIKE TO COORDINATE HAND DELIVERY OF YOUR MASTER BALLOT, PLEASE SEND AN EMAIL TO TPCGROUPBALLOTS@RA.KROLL.COM AT LEAST 24 HOURS BEFORE YOUR ARRIVAL AT THE KROLL ADDRESS ABOVE AND PROVIDE THE ANTICIPATED DATE AND TIME OF YOUR DELIVERY OF THIS MASTER BALLOT, WHICH MUST BE RECEIVED BY KROLL BEFORE THE VOTING DEADLINE AT 4:00 P.M. PREVAILING EASTERN TIME ON ~~SEPTEMBER~~OCTOBER 28, 2022.**

13

## <u>EXHIBIT 1</u>

**Please be certain to check only one box below to indicate the CUSIP and/or ISIN to which this Master Ballot pertains. If you check more than one CUSIP and/or ISIN, you risk having all votes conveyed through this Master Ballot deemed invalid.**

| | 10.5% Notes Claims | |
|---|---|---|
| ☐ | First Lien 10.5% Secured Notes due 2024 (144A) | CUSIP 89236YAB0 / ISIN US89236YAB02 |
| ☐ | First Lien 10.5% Secured Notes due 2024 (RegS) | CUSIP U8925WAD3 / ISIN USU8925WAD30 |

14

**<u>EXHIBIT A-2</u>**

**Form Beneficial Holder Ballot**
**(10.5% Notes Secured Claims and 10.5% Notes Deficiency Claims)**

**No person has been authorized to give any information or advice, or to make any representation, other than what is included in the Disclosure Statement (including the Plan) accompanying this Beneficial Holder Ballot.**[1]

**Please note that, even if you intend to vote to reject the Plan, you must still read, complete, and execute this entire Ballot.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| TPC GROUP INC., *et al.*, | Case No. 22-10493 (CTG) |
| Debtors.[2] | Jointly Administered |

## BENEFICIAL HOLDER BALLOT FOR VOTING TO ACCEPT OR REJECT THE CHAPTER 11 PLAN PROPOSED BY THE DEBTORS

CLASS 3: 10.5% NOTES SECURED CLAIMS (AND CLASS 4: 10.5% NOTES DEFICIENCY CLAIMS)

---

[1] ~~All capitalized terms used but not otherwise defined herein or in the enclosed voting instructions shall have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.~~

[1] All capitalized terms used but not otherwise defined herein or in the enclosed voting instructions shall have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

[2] ~~The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77042.~~

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77042.

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS
BENEFICIAL HOLDER BALLOT.

IN ORDER FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE
COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY
RECEIVED BY THE NOTICE AND CLAIMS AGENT BY
~~SEPTEMBER~~OCTOBER 28, 2022, AT 4:00 P.M. (PREVAILING EASTERN
TIME). YOU MUST FOLLOW THE DIRECTIONS OF YOUR NOMINEE IN
ORDER FOR YOUR VOTE TO BE TIMELY COMPLETED, EXECUTED,
RETURNED AND COUNTED.

DO NOT SEND YOUR BALLOT TO U.S. BANK TRUST COMPANY, NATIONAL
ASSOCIATION, AS INDENTURE TRUSTEE.

This Beneficial Holder Ballot is sent to you to solicit your vote to accept or reject the *Joint Chapter 11 Plan of TPC Group Inc. and its Debtor Affiliates* [D.I. [•]] (as may be amended, modified, or supplemented, the "**Plan**") filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"). You are receiving this Beneficial Holder Ballot because you are a Beneficial Holder[3] of a 10.5% Notes Claim as of the Voting Record Date. Accordingly, you have a right to vote to accept or reject the Plan. Your rights are described in the Debtors' *Disclosure Statement for Joint Chapter 11 Plan of TPC Group Inc. and its Debtor Affiliates* [D.I. [•]] (as may be amended, modified, or supplemented, the "**Disclosure Statement**"). As a Beneficial Holder, you should cast your vote to accept or reject the Plan in accordance with instructions received from the bank, broker, or financial institution that holds your 10.5% Notes "in street name" on your behalf (your "**Nominee**") through the use of this Beneficial Holder Ballot or otherwise as directed by your Nominee. You should review the Disclosure Statement and Plan before you vote and you may wish to seek legal advice concerning the Disclosure Statement and the Plan and your classification and treatment under the Plan. The 10.5% Notes Claim CUSIPs entitled to vote are set forth on Exhibit 1 attached hereto.

**PLEASE NOTE THAT YOUR VOTE ON ACCOUNT OF YOUR CLASS 3 – 10.5% NOTES SECURED CLAIM WILL ALSO BE APPLIED TO YOUR CLASS 4 – GENERAL UNSECURED CLAIM ON ACCOUNT OF THE 10.5% NOTES DEFICIENCY CLAIM, AS APPROPRIATE.**

The Disclosure Statement, the Plan and the Court's *Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Solicitation Materials and Procedures for Distribution Thereof, (IV) Approving Forms of Ballots and Establishing Procedures for Voting on Plan, (V) Scheduling Hearing and Establishing Notice and Objection*

---

[3] ~~"**Beneficial Holder**" means a beneficial owner of a 10.5% Notes Claim as of the Voting Record Date, as reflected in the records maintained by the Nominees holding through DTC.~~

[3] "**Beneficial Holder**" means a beneficial owner of a 10.5% Notes Claim as of the Voting Record Date, as reflected in the records maintained by the Nominees holding through DTC.

*Procedures in Respect of Confirmation of Plan, and (VI) Granting Related Relief* [D.I. [•]] (the "**Disclosure Statement Order**") are included in the Solicitation Package accompanying this Beneficial Holder Ballot. You may also obtain copies from Kroll Restructuring Administration LLC ("**Kroll**") free of charge (a) by accessing the Debtors' restructuring website at https://cases.ra.kroll.com/TPCGroup; (b) by writing to TPC Group Inc. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232; (c) by emailing tpcgroupinfo@ra.kroll.com with a reference to "TPC Group Inc." in the subject line; or (d) by telephone at (844) 596-2260 (U.S./Canada, toll-free) or +1 (646) 214-8808 (International); or for a fee via PACER at https://ecf.deb.uscourts.gov.

If you have any questions regarding how to properly complete this Beneficial Holder Ballot, the voting procedures, or the voting instructions you received from your Nominee, please contact your Nominee.  For answers to general questions about the solicitation of Plan votes and to request solicitation materials, please contact Kroll at (844) 596-2260 (U.S./Canada, toll-free) or +1 (646) 214-8808 (International) or by email at tpcgroupinfo@ra.kroll.com.  Please be advised that Kroll cannot provide legal advice.

This Beneficial Holder Ballot may not be used for any purpose other than casting a vote to accept or reject the Plan and electing to opt out of the Plan releases.  If you believe that you have received this Beneficial Holder Ballot in error, or if you believe that you have received the wrong ballot, please contact Kroll immediately at the email address, telephone number, or address set forth above.

You should review the Disclosure Statement, the Plan, and related solicitation materials before you vote.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim.  You hold 10.5% Notes Claim(s) in Class 3 and Class 4. You shall not cast separate Beneficial Holder Ballots for your Class 3 and Class 4 Claims on account of your 10.5% Notes Claims.

Unless otherwise instructed by your Nominee, in order for your vote to count, your Nominee must receive your vote, whether by this Beneficial Holder Ballot or otherwise according to your Nominee's voting instructions, in sufficient time for your Nominee to include your vote on a Master Ballot that must be received by Kroll on or before the Voting Deadline.  Please allow sufficient time for your vote to be included on the Master Ballot completed by your Nominee.  If a Master Ballot recording your vote is not received by Kroll by the Voting Deadline, and if the Voting Deadline is not extended, your vote will not count.

Your Nominee may choose to "pre-validate" your Beneficial Holder Ballot by signing the Beneficial Holder Ballot and adding (i) the Nominee's DTC participant number and a medallion guarantee stamp confirming the principal amount of your 10.5% Notes Claim(s) as of the Voting Record Date, (ii) the Beneficial Holder's account number, and (iii) the principal amount of Claims held by the Beneficial Holder as of the Voting Record Date and forwarding the pre-validated Beneficial Holder Ballot to you with instructions to submit your pre-validated Beneficial Holder Ballot directly to Kroll on or before the Voting Deadline.

For purposes of tabulating votes, notwithstanding that Beneficial Holder Ballots require only that the principal amount of Claims be included on such Beneficial Holder Ballots, you will

be deemed to have voted the amount of your Claims in a particular Class, which amount shall include all principal, accrued and unpaid pre- and postpetition interest (including at the default rate (to the extent applicable)), fees, and other amounts arising thereunder or payable pursuant thereto, including the applicable make-whole amount, and Kroll may adjust such Claims to reflect the full amount voted.

**VOTING DEADLINE: ~~SEPTEMBER~~OCTOBER 28, 2022, AT 4:00 P.M. (PREVAILING EASTERN TIME)**
**(THE "VOTING DEADLINE")**

**To have your vote count as either an acceptance or rejection of the Plan, you must properly complete, sign and return this Beneficial Holder Ballot to your Nominee (unless otherwise directed by your Nominee) with sufficient time for your Nominee to include your vote on a master ballot (the "Master Ballot") that your Nominee can return to Kroll, so that Kroll <u>actually receives</u> the Master Ballot on or before the Voting Deadline, which is 4:00 p.m. (prevailing Eastern Time) on [ ].**

**If your Nominee provided you with a Pre-Validated Beneficial Holder Ballot, you may submit your Ballot by <u>*one*</u> of the methods set forth below, so that it is <u>actually received</u> by Kroll no later than ~~September~~October 28, 2022, at 4:00 p.m. (prevailing Eastern Time), unless such time is extended in writing by the Debtors. If you do not know whether your Nominee provided you with a Pre-Validated Beneficial Holder Ballot, you should contact your Nominee.**

      <u>**If by First Class Mail, Overnight Courier or Hand Delivery:**</u>

          **TPC Group Inc. Ballot Processing Center**
          **c/o Kroll Restructuring Administration LLC**
          **850 3rd Avenue, Suite 412**
          **Brooklyn, NY 11232**

      **If you would like to coordinate hand delivery of your pre-validated Beneficial Holder Ballot, please email tpcgroupballots@ra.kroll.com (with 'TPC Group Solicitation' in the subject line) and provide the anticipated date and time of your delivery.**

      <u>**If by Email:**</u>

          **tpcgroupballots@ra.kroll.com**

          **If you choose to submit your Ballot via email, you should <u>not</u> also return a hard copy of your Ballot.**

      **PRE-VALIDATED BENEFICIAL HOLDER BALLOTS WILL BE ACCEPTED BY EMAIL AS SET FORTH ABOVE, BUT WILL <u>NOT</u> BE ACCEPTED BY TELECOPY, FACSIMILE, OR OTHER ELECTRONIC MEANS OF TRANSMISSION, <u>INCLUDING VIA THE ONLINE PORTAL FOR ELECTRONIC SUBMISSION OF BALLOTS AVAILABLE ON THE DEBTORS' RESTRUCTURING WEBSITE MAINTAINED BY KROLL.</u>**

**If your Pre-Validated Beneficial Holder Ballot or the Master Ballot, as applicable, is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

**Do NOT send your Ballot to U.S. Bank Trust Company, National Association, as Indenture Trustee.**

**Your receipt of this Beneficial Holder Ballot does not signify that your Claim(s) has been or will be allowed. The Debtors reserve all rights to dispute such Claim(s).**

## <u>INSTRUCTIONS FOR COMPLETING BALLOTS</u>

1. The Debtors are soliciting the votes of holders of Claims with respect to the Plan attached as **<u>Exhibit A</u>** to the Disclosure Statement. Capitalized terms used in the Beneficial Holder Ballot or in these instructions (the "**Ballot Instructions**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

2. **The Court may confirm the Plan and thereby bind you by the terms of the Plan. Please review the Disclosure Statement for more information.**

3. To ensure that your vote is counted, you must: (a) complete the Beneficial Holder Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in the Beneficial Holder Ballot; and (c) sign and return the Beneficial Holder Ballot to your Nominee in the address set forth on the enclosed pre-addressed envelope or as otherwise instructed by your Nominee. The Voting Deadline for the receipt of Ballots by Kroll is **4:00 p.m. (prevailing Eastern Time) on ~~September~~October 28, 2022**. Your completed Pre-Validated Beneficial Ballot or a Master Ballot containing your vote must be received by Kroll on or before the Voting Deadline. Do not send your Ballot to U.S. Bank Trust Company, National Association, as Indenture Trustee.

4. Please note that your Nominee is authorized to forward solicitation materials and information to, and collect Plan votes from, its Beneficial Holder clients according to its customary practices for doing so, including e-mail, telephone, online platform, or voting information form in lieu of, or in addition to, a Beneficial Holder Ballot.

5. Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless the Beneficial Holder Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may reject such Beneficial Holder Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan.

6. If you cast more than one Beneficial Holder Ballot voting the same Claim(s) before the Voting Deadline, the last valid Beneficial Holder Ballot received by your Nominee sufficiently in advance of the Voting Deadline to permit your Nominee to include your vote on, and deliver, its Master ballot to Kroll on or before the Voting Deadline shall be deemed to reflect your intent and, thus, shall be deemed to supersede any prior Beneficial Holder Ballot.

7. If you cast a Beneficial Holder Ballot that is properly completed, executed and timely returned to your Nominee (or to Kroll in the case of a pre-validated Beneficial Holder Ballot) but that does not indicate either an acceptance or rejection of the Plan, the Beneficial Holder Ballot will not be counted.

8.    If you cast a Beneficial Holder Ballot that is properly completed, executed, and timely returned to your Nominee (or to Kroll in the case of a pre-validated Beneficial Holder Ballot) but that indicates both an acceptance and a rejection of the Plan, the Beneficial Holder Ballot will not be counted.

9.    You shall be deemed to have voted the full amount of your Claim (including all principal, accrued and unpaid pre- and postpetition interest (including at the default rate (to the extent applicable)), fees, and other amounts arising thereunder or payable pursuant thereto, including the applicable make-whole amount) to either accept or reject the Plan and shall not be entitled to split your vote.  Please note that your vote on account of your Class 3 – 10.5% Notes Secured Claim will also be applied to your Class 4 – General Unsecured Claim on account of the 10.5% Notes Deficiency Claim, as appropriate.  Any Beneficial Holder Ballot that partially accepts and partially rejects the Plan will not be counted.  You should vote the full amount of your Claim and shall not allocate the amount of your Claim between your 10.5% Notes Secured Claim and your 10.5% Notes Deficiency Claim.  Kroll will allocate your Claim based upon a pre-determined factor for voting purposes only.

10.    If you simultaneously cast duplicative Beneficial Holder Ballots for the same Claim(s) that are voted inconsistently, all such inconsistent Beneficial Holder Ballots will not be counted.

11.    The following Beneficial Holder Ballots will not be counted:

   (i)    Any Beneficial Holder Ballot received after the Voting Deadline, unless the Debtors have granted an extension of the Voting Deadline in writing with respect to such Beneficial Holder Ballot;

   (ii)    Any Beneficial Holder Ballot that is illegible or contains insufficient information to permit the identification of the Claim holder;

   (iii)    Any Beneficial Holder Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

   (iv)    Any Beneficial Holder Ballot cast by a person who is not entitled to vote, even if such individual holds a Claim in a Voting Class;

   (v)    Any unsigned Beneficial Holder Ballot;

   (vi)    Any Beneficial Holder Ballot containing a vote that the Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

   (vii)    Any Beneficial Holder Ballot transmitted to Kroll by means not specifically approved herein.

12.     If you are signing a Beneficial Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by Kroll, the Debtors, or the Court, you must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, you should provide their name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Beneficial Holder Ballot.

13.     If you hold Claims in more than one Class, you must use separate Ballots for each Class of Claims; *provided*, *however*, your vote on account of your Class 3 – 10.5% Notes Secured Claim will also be applied to your Class 4 – General Unsecured Claim on account of the 10.5% Notes Deficiency Claim, as appropriate.  You shall not cast separate Beneficial Holder Ballots for your Class 3 and Class 4 Claims on account of your 10.5% Notes Claims.

14.     The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Beneficial Holder Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Declaration.

15.     Neither the Debtors nor any other Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Beneficial Holder Ballots other than as provided in the Voting Declaration, nor will any of them incur any liability for failure to provide such notification.

16.     Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Beneficial Holder Ballots must be cured prior to the Voting Deadline or such Beneficial Holder Ballots will not be counted.

17.     The Beneficial Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claim, and neither the Debtors nor Kroll will accept delivery of any such certificates or instruments surrendered together with a Beneficial Holder Ballot.

18.     This Beneficial Holder Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or (ii) an assertion or admission of a Claim.

19.     If you believe you have received the wrong Ballot, you should immediately contact (a) your Nominee or (b) Kroll (i) by email at tpcgroupinfo@ra.kroll.com with a reference to "TPC Group Inc." in the subject line; or (ii) by telephone at (844) 596-2260 (Domestic, toll-free) or +1 (646) 214-8808 (International).

### PLEASE SUBMIT YOUR BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING PROPER COMPLETION OF THE BENEFICIAL HOLDER BALLOT, DID NOT RECEIVE A RETURN ENVELOPE**

**WITH YOUR BENEFICIAL HOLDER BALLOT, VOTING PROCEDURES, OR VOTING INSTRUCTIONS RECEIVED FROM YOUR NOMINEE, PLEASE REFER SUCH QUESTIONS TO YOUR NOMINEE. IF YOU DID NOT RECEIVE AN ELECTRONIC COPY OF THE DISCLOSURE STATEMENT AND THE PLAN, OR NEED PHYSICAL COPIES OF THE BENEFICIAL HOLDER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT KROLL BY WRITING TO TPC GROUP INC. BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 3RD AVENUE, SUITE 412, BROOKLYN, NY 11232; BY EMAIL AT TPCGROUPINFO@RA.KROLL.COM WITH A REFERENCE TO "TPC GROUP INC." IN THE SUBJECT LINE; OR BY TELEPHONE AT (844) 596-2260 (U.S./CANADA, TOLL-FREE) OR +1 (646) 214-8808 (INTERNATIONAL) AND REQUESTING TO SPEAK WITH A MEMBER OF THE SOLICITATION TEAM.**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE COURT.**

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER ENTITY THE AGENT OF THE DEBTORS OR THE SECURITIES VOTING AGENT OR AUTHORIZE YOU OR ANY OTHER ENTITY TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THE DEBTORS WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE DOCUMENTS ENCLOSED HEREWITH.**

**\*\*\*\*\***

**Item 1.**  **Amount of 10.5% Notes Claims.**

The undersigned hereby certifies that as of the Voting Record Date, ~~August 16~~September 22, **2022**, the undersigned was the Beneficial Holder of 10.5% Notes Claims in the following principal amount(s) (insert amount in box below) for voting (if your 10.5% Notes Claims are held on your behalf through a Nominee and you do not know the principal amount of your 10.5% Notes Claims as of the Voting Record Date, please contact your Nominee for this information as soon as possible):

Amount of Claim:44  $_____

**On <u>Exhibit 1</u> hereto, check the CUSIP/ISIN number for the above-referenced notes.**

\*\*\*

**Item 2.**  **Vote on Plan**

The Beneficial Holder of a 10.5% Notes Claim against the Debtors votes to:

**Check one box only**:          ☐    Accept the Plan

☐    Reject the Plan

**PLEASE NOTE THAT YOUR VOTE ON ACCOUNT OF YOUR CLASS 3 – 10.5% NOTES SECURED CLAIM WILL ALSO BE APPLIED TO YOUR CLASS 4 – GENERAL UNSECURED CLAIM ON ACCOUNT OF THE 10.5% NOTES DEFICIENCY CLAIM, AS APPROPRIATE. FURTHERMORE, THE VOTE CAST ABOVE WILL BE APPLIED IN THE SAME MANNER AGAINST EACH APPLICABLE DEBTOR.**

\*\*\*

**Item 3.**  **Important Information Regarding Releases.**

**Article 10.7(b) of the Plan contains the following release provisions:**

~~**RELEASES BY HOLDERS OF CLAIMS AND INTERESTS**~~

**Releases by Holders of Claims and Interests.**

---

~~4    For voting purposes only.  Subject to tabulation rules.~~

4    For voting purposes only.  Subject to tabulation rules.

**As of the Effective Date, except for the rights and remedies that remain in effect from and after the Effective Date to enforce the Plan and the obligations contemplated by the Definitive Documents (including the documents in the Plan Supplement) or as otherwise provided in any order of the Bankruptcy Court, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, the Released Parties will be deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Releasing Parties, from any and all ~~Claims~~claims and Causes of Action whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, contract, tort, or otherwise by statute, violations of federal or state securities laws or otherwise, that such holders or their estates, affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Reorganized Debtors, or their Estates, the Chapter 11 Cases, the Restructuring, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interactions between any Debtor and any Released Party, the restructuring of any Claims or Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation, or consummation of the Plan, the Solicitation Materials, the Restructuring Support Agreement, the Definitive Documents (including the documents in the Plan Supplement) or related agreements, instruments, or other documents, relating thereto, or the solicitation of votes with respect to the Plan, and any contract, instrument, agreement or other document entered into in connection with any of the foregoing, or any preference, fraudulent transfer or other avoidance action related to the ~~debtors~~Debtors arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, in all cases based upon any act or omission, transaction, agreement, event, or other occurrences taking place on or before the Effective Date, other than ~~Claims~~claims or Causes of Action arising out of or related to any act or omission of a Released Party that constitutes intentional fraud or willful misconduct as determined by a Final Order.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post -Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, or any Claim or obligation arising under the Plan.**

**Entry of the Confirmation Order by the Bankruptcy Court shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases in <u>Section 10.7(b)</u> of the Plan (the "<u>Third Party Release</u>"), which includes, by reference, each of the related**

provisions and definitions under the Plan, and, furthermore, shall constitute the Bankruptcy Court's finding that the Third Party Release is (~~I~~i) consensual, (~~II~~ii) essential to the confirmation of the Plan, (~~III~~iii) given in exchange for the good and valuable consideration provided by the Released Parties, (~~IV~~iv) a good faith settlement and compromise of the ~~Claims~~claims and Causes of Action released by the Third Party Release, (~~V~~v) in the best interests of the Debtors and their estates, (~~VI~~vi) fair, equitable and reasonable, (~~VII~~vii) given and made after due notice and opportunity for hearing, and (~~VIII~~viii) a bar to any of the Releasing Parties asserting any ~~Claim~~claim or Cause of Action released pursuant to the Third Party Release.

> AS A BENEFICIAL HOLDER OF CLAIMS IN CLASS 3 AND CLASS 4 UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASE CONTAINED IN ARTICLE 10.7(b) OF THE PLAN, AS SET FORTH ABOVE, IF YOU (A) VOTE TO ACCEPT THE PLAN, EXCEPT AS SET FORTH IN PARAGRAPH 7.n OF THE DISCLOSURE STATEMENT ORDER, (B) DO NOT SUBMIT A BALLOT TO ACCEPT OR REJECT THE PLAN, OR (C) VOTE TO REJECT THE PLAN AND DO NOT OPT OUT OF OR OBJECT TO THE RELEASE PROVISIONS OF THE PLAN.

**Only** if the undersigned Beneficial Holder of the 10.5% Notes Claim set forth in <u>Item 1</u> voted to **reject** the Plan in <u>Item 2</u>, such Beneficial Holder **may** opt out of the foregoing release contained in Article 10.7(b) of the Plan.

If the undersigned Beneficial Holder of the 10.5% Notes Claim set forth in <u>Item 1</u> voted to **accept** the Plan in <u>Item 2</u>, such holder **may not** opt out of the foregoing release contained in Article 10.7(b) of the Plan and **any election to opt out of the foregoing release shall not be effective**, *provided*, that if such holder (i) votes to accept the Plan, (ii) opts out of the foregoing release by checking the box below, and (iii) did not receive notice of the motion to approve the Disclosure Statement Order (D.I. 490), unless such holder files an objection to confirmation of the Plan and the Court determines otherwise, **such holder will be deemed to have voted to reject the Plan and have opted out of granting such releases**.

If the undersigned Beneficial Holder of the 10.5% Notes Claim set forth in <u>Item 1</u> voted to **reject** the Plan in <u>Item 2</u>, such holder elects to:

☐ Opt Out of the Releases by Holders of Claims.

\*\*\*

<u>**Item 4.**</u>  **Certification of Senior Notes Claims Held in Additional Accounts.**

By completing and returning this Beneficial Holder Ballot, the Beneficial Holder of the 10.5% Notes Claim(s) identified in Item 1 certifies that (a) this Beneficial Holder Ballot is the only Ballot submitted for the 10.5% Notes Claim(s) owned by such Beneficial Holder as indicated in Item 1, except for the 10.5% Notes Claim(s) identified in the following table, and (b) all Ballots for 10.5% Notes Claim(s) submitted by the Beneficial Holder indicate the same vote to accept or

reject the Plan that the Beneficial Holder has indicated in Item 2 of this Beneficial Holder Ballot (please use additional sheets of paper if necessary). **If you hold 10.5% Notes Claim(s) through one or more Nominees, you must identify all 10.5% Notes Claim(s) held through your own name and/or each Nominee in the following table, and must indicate the same vote to accept or reject the Plan on all Ballots submitted.**

## ONLY COMPLETE THIS ITEM 4 IF YOU HAVE SUBMITTED OTHER BALLOTS ON ACCOUNT OF 10.5% NOTES CLAIMS

| DTC Participant Number and Name of Nominee through Which You Hold Other 10.5% Notes Claims Voted[5] | Account Number of Other 10.5% Notes Claims Voted | Principal Amount of Other 10.5% Notes Claims Voted | CUSIP or ISIN of Other 10.5% Notes Claims Voted |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Item 5.  Certifications.**

By signing this Beneficial Holder Ballot, the undersigned certifies to the Court and the Debtors that:

1.    as of the Voting Record Date, the undersigned is either: (a) the Beneficial Holder of 10.5% Notes Claim(s) being voted or (b) an authorized signatory for the Beneficial Holder of the 10.5% Notes Claim(s) being voted;

2.    it has received the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

3.    it has cast the same vote with respect to all 10.5% Notes Claim(s) held by it or the Beneficial Holder on whose behalf it is submitting this Beneficial Holder Ballot, as applicable;

4.    no other Beneficial Ballots with respect to the principal amount of the 10.5% Notes Claim(s) identified in Item 1 have been cast or, if any other Beneficial

---

[5]    ~~Insert your name if the 10.5% Notes Claim(s) are held by you in your own name or, if held in street name through a Nominee, insert the name and DTC Participant Number of your broker or bank.~~

[5]    Insert your name if the 10.5% Notes Claim(s) are held by you in your own name or, if held in street name through a Nominee, insert the name and DTC Participant Number of your broker or bank.

14

Holder Ballots have been cast with respect to such Claim(s), then any such Beneficial Holder Ballots dated earlier are hereby revoked;

5.      it acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of the 10.5% Notes Claim(s) held by it or the Beneficial Holder on whose behalf it is submitting this Beneficial Holder Ballot, as applicable;

6.      it understands and, if accepting the Plan, agrees with the treatment provided under the Plan for the 10.5% Notes Claim(s) held by it or the Beneficial Holder on whose behalf it is submitting this Beneficial Holder Ballot, as applicable;

7.      it acknowledges and understands that (a) if no Holders of Claims eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such Claims in such Class and (b) any Class of Claims that does not have a holder of an Allowed Claim or a Claim temporarily allowed by the Court as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code; and

8.      it acknowledges and agrees that the Debtors may make conforming changes to the Plan in accordance with the terms thereof and to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary and that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

Name of Beneficial Holder: _____

(Please print or type)

Signature: _____

Name of Signatory: _____

(If other than Beneficial Holder)[1]

Title: _____

Address: _____

_____

_____

Telephone No.: _____

E-Mail Address: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THE BENEFICIAL HOLDER BALLOT AND RETURN IT PROMPTLY IN ACCORDANCE WITH YOUR NOMINEE'S INSTRUCTIONS. A PRE-VALIDATED BENEFICIAL HOLDER BALLOT CAST BY YOU OR THE MASTER BALLOT CAST ON YOUR BEHALF BY YOUR NOMINEE INCORPORATING YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. PREVAILING EASTERN TIME ON [ ] OCTOBER 28, 2022.**

---

[5] ~~If you are completing this Beneficial Holder Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing. You may be required to provide additional information or documentation with respect to such relationship.~~

[5] If you are completing this Beneficial Holder Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing. You may be required to provide additional information or documentation with respect to such relationship.

16

## EXHIBIT 1

**Please be certain to check only one box below to indicate the CUSIP and/or ISIN to which this Beneficial Holder Ballot pertains. If you check more than one CUSIP and/or ISIN, you risk having your vote(s) conveyed through this Beneficial Holder Ballot deemed invalid.**

| | 10.5% Notes Claims | |
|---|---|---|
| ☐ | First Lien 10.5% Notes Secured Notes due 2024 (144A) | CUSIP 89236YAB0 / ISIN US89236YAB02 |
| ☐ | First Lien 10.5% Notes Secured Notes due 2024 (RegS) | CUSIP U8925WAD3 / ISIN USU8925WAD30 |

**<u>Exhibit A-3</u>**

**Class 4 Ballot (General Unsecured Claims)**

**No person has been authorized to give any information or advice, or to make any representation, other than what is included in the Disclosure Statement (including the Plan) accompanying this Ballot.[1]**

**Please note that, even if you intend to vote to reject the Plan, you must still read, complete, and execute this entire Ballot.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| TPC GROUP INC., *et al.*, | Case No. 22-10493 (CTG) |
| Debtors.[2] | Jointly Administered |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE**
**CHAPTER 11 PLAN PROPOSED BY THE DEBTORS**

CLASS 4: GENERAL UNSECURED CLAIMS

This ballot (the "**Ballot**") is sent to you to solicit your vote to accept or reject the *Joint Chapter 11 Plan of TPC Group Inc. and its Debtor Affiliates* [D.I. [•]] (as may be amended, modified, or supplemented, the "**Plan**") filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"). Your rights are described in the Debtors' *Disclosure Statement for Joint Chapter 11 Plan of TPC Group Inc. and its Debtor Affiliates* [D.I. [•]] (as may be amended, modified, or supplemented, the "**Disclosure Statement**"). You should review the Disclosure Statement and Plan before you vote and you may wish to seek legal advice concerning the Disclosure Statement and the Plan and your classification and treatment under the Plan.

The Disclosure Statement, the Plan and the Court's *Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Solicitation Materials and Procedures for Distribution Thereof, (IV) Approving Forms of Ballots and Establishing Procedures for Voting on Plan, (V) Scheduling Hearing and Establishing Notice and Objection Procedures in Respect of Confirmation of Plan, and (VI) Granting Related Relief* [D.I. [•]] (the "**Disclosure Statement Order**") are included in the Solicitation Package accompanying this

---

[1] All capitalized terms used but not otherwise defined herein or in the enclosed voting instructions shall have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77042.

Ballot. You may also obtain copies from Kroll Restructuring Administration LLC ("**Kroll**") free of charge (a) by accessing the Debtors' restructuring website at https://cases.ra.kroll.com/TPCGroup; (b) by writing to TPC Group Inc. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232; (c) by email at tpcgroupinfo@ra.kroll.com with a reference to "TPC Group Inc." in the subject line; or (d) by telephone at (844) 596-2260 (U.S./Canada, toll-free) or +1 (646) 214-8808 (International); or for a fee via PACER at http://ecf.deb.uscourts.gov.

If you have any questions on how to properly complete this Ballot, please contact Kroll at (844) 596-2260 (U.S./Canada, toll-free) or +1 (646) 214-8808 (International).  Please be advised that Kroll cannot provide legal advice.

**VOTING DEADLINE: OCTOBER ~~13~~28, 2022, AT 4:00 P.M. (PREVAILING EASTERN TIME)
(THE "VOTING DEADLINE")**

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Debtors' claims and noticing agent and proposed solicitation and balloting agent, Kroll Restructuring Administration LLC, by no later than October ~~13~~28, 2022, at 4:00 p.m. (prevailing Eastern Time), unless such time is extended in writing by the Debtors.  Please submit a Ballot with your vote in the envelope provided or by *one* of the following methods:

    <u>If by First Class Mail, Overnight Courier or Hand Delivery:</u>

        **TPC Group Inc. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232**

    **If you would like to coordinate hand delivery of your Ballot, please email tpcgroupballots@ra.kroll.com and provide the anticipated date and time of your delivery.**

    <u>If by Electronic, Online Submission:</u>

        **Please visit https://cases.ra.kroll.com/TPCGroup.  Click on the "Submit E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot.  If you choose to submit your Ballot via Kroll's E-Ballot system (the "E-Ballot Portal"), you should <u>not</u> also return a hard copy of your Ballot.**

    **IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized E-Ballot:**

        **Unique   E-Ballot   ID#:   _____**

        **<u>"E-Balloting" is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile or email will not be counted</u>.**

    **BALLOTS WILL <u>NOT</u> BE ACCEPTED BY TELECOPY, FACSIMILE, EMAIL, OR OTHER ELECTRONIC MEANS OF TRANSMISSION.**

---

**If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will <u>not</u> be counted.**

> **Your receipt of this Ballot does not signify that your Claim(s) has been or will be allowed. The Debtors reserve all rights to dispute such Claim(s).**

HOW TO VOTE (AS MORE FULLY SET FORTH IN THE ATTACHED VOTING INSTRUCTIONS):

1. COMPLETE ITEM 1.

2. COMPLETE ITEM 2.

3. REVIEW THE RELEASES SET FORTH IN ITEM 3 AND, IF APPLICABLE, ELECT WHETHER TO OPT OUT OF THE RELEASES.

4. REVIEW THE CERTIFICATIONS CONTAINED IN ITEMS 4 AND 5 AND COMPLETE ITEMS 4 AND 5.

5. **SIGN THE BALLOT**.

6. RETURN THE ORIGINAL SIGNED BALLOT BY FIRST CLASS MAIL IN THE ENCLOSED PRE-ADDRESSED POSTAGE-PAID ENVELOPE, OVERNIGHT COURIER, HAND DELIVERY, OR THROUGH THE E-BALLOT PORTAL AVAILABLE THROUGH THE DEBTORS' WEBSITE MAINTAINED BY KROLL, SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY KROLL ON OR BEFORE THE VOTING DEADLINE.

7. YOU MUST VOTE THE FULL AMOUNT OF THE CLAIM COVERED BY THIS BALLOT EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE. ANY EXECUTED BALLOT THAT PARTIALLY ACCEPTS AND PARTIALLY REJECTS THE PLAN WILL NOT BE COUNTED.

8. ANY EXECUTED BALLOT RECEIVED THAT (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR (B) INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.

9. ANY BALLOT RECEIVED THAT IS ILLEGIBLE OR INCOMPLETE WILL NOT BE COUNTED.

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS OF
CLASS 4 CLAIMS**

1.      This Ballot is submitted to you to solicit your vote to accept or reject the Plan.  **Please read the Disclosure Statement and the Plan carefully before completing this Ballot.**

2.      The Plan will be accepted by Class 4 if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in Class 4 that actually vote on the Plan.  If the Plan is confirmed by the Bankruptcy Court, all Holders of Claims against and Interests in the Debtors (including those Holders who abstain from voting or vote to reject the Plan, and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

3.      Kroll's "E-Ballot Portal" is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by telecopy, facsimile, email, or other electronic means of transmission will not be counted.  If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot Portal on Kroll's website.  Your Ballot must be received by Kroll no later than the Voting Deadline, unless such time is extended by the Debtors.  Please visit https://cases.ra.kroll.com/TPCGroup.  Click on the "Submit E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot.  If you choose to submit your Ballot via Kroll's E-Ballot Portal, you should not also return a hard copy of your Ballot.

        **HOLDERS ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOTS VIA THE E-BALLOT PORTAL.**

        **If you prefer to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage-prepaid envelope or by first-class mail, hand delivery or overnight courier:**

| **By first class mail, overnight courier or hand delivery to:** |
| :---: |
| **TPC Group Inc. Ballot Processing Center** |
| c/o Kroll Restructuring Administration, LLC |
| 850 3rd Avenue, Suite 412 |
| Brooklyn, NY 11232 |
| |
| If you would like to coordinate hand delivery of your Ballot, please email tpcgroupballots@ra.kroll.com and provide the anticipated date and time of your delivery. |

**Ballots will <u>not</u> be accepted by telecopy, facsimile, email, or other electronic means of transmission, other than via the E-Ballot Portal.**

5

4.  Complete, sign, and return this Ballot to Kroll so that it is <u>actually received</u> by Kroll by no later than **October ~~13~~28, 2022, at 4:00 p.m. (prevailing Eastern Time),** the Voting Deadline, unless such time is extended in writing by the Debtors.

5.  To properly complete this Ballot, you must follow the procedures described below:

    a.  If you hold a General Unsecured Claim in Class 4, cast one vote to accept or reject the Plan by checking the appropriate box in <u>Item 2</u>;

    b.  Your vote will be counted in determining acceptance or rejection of the Plan only if you complete, sign, and return this Ballot;

    c.  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and, if requested, submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

    d.  Provide your name and mailing address on your Ballot;

    e.  Sign and date the Ballot, and provide the remaining information requested; and

    f.  Return the Ballot as indicated in paragraph 3 of these voting instructions, by first class mail with the enclosed pre-addressed postage-paid envelope, by overnight courier, or by hand delivery to Kroll, or through Kroll's E-Ballot Portal.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, DID NOT RECEIVE AN ELECTRONIC COPY OF THE DISCLOSURE STATEMENT AND THE PLAN, OR NEED PHYSICAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' CLAIMS AND NOTICING AGENT AND PROPOSED SOLICITATION AND BALLOTING AGENT, KROLL RESTRUCTURING ADMINISTRATION LLC, BY WRITING TO TPC GROUP INC. BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 3RD AVENUE, SUITE 412, BROOKLYN, NY 11232; BY EMAIL AT TPCGROUPINFO@RA.KROLL.COM WITH A REFERENCE TO "TPC GROUP INC." IN THE SUBJECT LINE; OR BY TELEPHONE AT (844) 596-2260 (U.S./CANADA, TOLL-FREE) OR +1 (646) 214-8808 (INTERNATIONAL) AND REQUESTING TO SPEAK WITH A MEMBER OF THE SOLICITATION TEAM.**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE COURT.**

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.  Amount of Class 4 Claim**.  The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the holder (or authorized signatory for a holder) of a Class 4 Claim, without regard to any accrued but unpaid interest.

Amount of Class 4 Claim:[3]

$_____

Debtor: _____

**Item 2.  Vote on the Plan**.

Holders of General Unsecured Claims in Class 4 may not vote to accept the Plan without granting the releases set forth in Item 3 below and Article 10.7(b) of the Plan, which include the release of all claims and causes of action against certain third parties related to the PNO Incident. Holders of General Unsecured Claims in Class 4 may vote to accept the Plan **or** may opt out of granting such releases, **but may not do both**. Any holder that did not receive notice of the Motion to approve the Disclosure Statement Order (D.I. 490) and wishes to object to such requirement must timely object to confirmation of the Plan.

The holder of a General Unsecured Claim in Class 4 identified in Item 1 hereby votes to:

**Check one box only**:          ☐     Accept the Plan

                                ☐     Reject the Plan

**Item 3.  Important Information Regarding Releases.**

**Article 10.7(b) of the Plan contains the following release provisions:**

**Releases by Holders of Claims and ~~Interest~~Interests.**

    **As of the Effective Date, except for the rights and remedies that remain in effect from and after the Effective Date to enforce the Plan and the obligations contemplated by the Definitive Documents (including the documents in the Plan Supplement) or as otherwise provided in any order of the Bankruptcy Court, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, the Released Parties will be deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Releasing Parties, from any and all ~~Claims~~claims and Causes of Action whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity,**

_____

[3] For voting purposes only, subject to tabulation rules.

contract, tort, or otherwise by statute, violations of federal or state securities laws or otherwise, that such holders or their estates, affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Reorganized Debtors, or their Estates, the Chapter 11 Cases, the Restructuring, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interactions between any Debtor and any Released Party, the restructuring of any Claims or Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation, or consummation of the Plan, the Solicitation Materials, the Restructuring Support Agreement, the Definitive Documents (including the documents in the Plan Supplement) or related agreements, instruments, or other documents, relating thereto, or the solicitation of votes with respect to the Plan, and any contract, instrument, agreement or other document entered into in connection with any of the foregoing, or any preference, fraudulent transfer or other avoidance action related to the ~~debtors~~Debtors arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, in all cases based upon any act or omission, transaction, agreement, event, or other occurrences taking place on or before the Effective Date, other than ~~Claims~~claims or Causes of Action arising out of or related to any act or omission of a Released Party that constitutes intentional fraud or willful misconduct as determined by a Final Order.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post -Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, or any Claim or obligation arising under the Plan.

Entry of the Confirmation Order by the Bankruptcy Court shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases in <u>Section 10.7(b)</u> of the Plan (the "<u>Third Party Release</u>"), which includes, by reference, each of the related provisions and definitions under the Plan, and, furthermore, shall constitute the Bankruptcy Court's finding that the Third Party Release is (~~I~~i) consensual, (~~II~~ii) essential to the confirmation of the Plan, (~~III~~iii) given in exchange for the good and valuable consideration provided by the Released Parties, (~~IV~~iv) a good faith settlement and compromise of the ~~Claims~~claims and Causes of Action released by the Third Party Release, (~~V~~v) in the best interests of the Debtors and their estates, (~~VI~~vi) fair, equitable and reasonable, (~~VII~~vii) given and made after due notice and opportunity for hearing, and (~~VIII~~viii) a bar to any of the Releasing Parties asserting any ~~Claim~~claim or Cause of Action released pursuant to the Third Party Release.

**AS A HOLDER OF A CLAIM IN CLASS 4 UNDER THE PLAN, YOU ARE DEEMED**

> **TO PROVIDE THE RELEASE CONTAINED IN ARTICLE 10.7(b) OF THE PLAN, AS SET FORTH ABOVE IF YOU (A) VOTE TO ACCEPT THE PLAN, EXCEPT AS SET FORTH IN THIS SECTION AND PARAGRAPH 7.n OF THE DISCLOSURE STATEMENT ORDER, (B) DO NOT SUBMIT A BALLOT TO ACCEPT OR REJECT THE PLAN, OR (B) VOTE TO REJECT THE PLAN AND DO NOT OPT OUT OF OR OBJECT TO THE RELEASE PROVISIONS OF THE PLAN.**

***

**Only** if the undersigned holder of the General Unsecured Claim in Class 4 set forth in <u>Item 1</u> voted to **reject** the Plan in <u>Item 2</u>, such holder **may** opt out of the foregoing release contained in Article 10.7(b) of the Plan.

If the undersigned holder of the General Unsecured Claim in Class 4 set forth in <u>Item 1</u> voted to **accept** the Plan in <u>Item 2</u>, such holder **may not** opt out of the foregoing release contained in Article 10.7(b) of the Plan and **any election to opt out of the foregoing release shall not be effective**; *provided*, that if such holder (i) votes to accept the Plan, (ii) opts out of the foregoing release by checking the box below, and (iii) did not receive notice of the motion to approve the Disclosure Statement Order (D.I. 490), unless such holder files an objection to confirmation of the Plan and the Court determines otherwise, **such holder will be deemed to have voted to reject the Plan and have opted out of granting such releases**.

**If the undersigned holder of the General Unsecured Claim in Class 4 set forth in <u>Item 1</u> voted to <u>reject</u> the Plan in <u>Item 2</u>, such holder elects to:**

☐ Opt Out of the Releases by Holders of Claims.

***

**Item 4.  Certification as to Class 4 Claims held in Additional Accounts.**  The undersigned hereby certifies that either (a) it has not submitted any other Ballots for other Class 4 Claims held in other record names or (b) if it has submitted Ballots for other such Claims held in other record names, then such Ballots indicate the same vote to accept or reject the Plan.

**Item 5.  Acknowledgements and Certification.**  By signing this Ballot, the undersigned acknowledges the following:  (a) it has been provided with a copy of the Disclosure Statement and the Plan, including all exhibits thereto; (b) the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Plan, the Disclosure Statement Order, and the procedures for the solicitation of votes to accept or reject the Plan contained therein; (c) it is the holder of the Class 4 Claim identified in Item 1 above as of ~~August 16~~September 22, **2022**; and (d) it has full power and authority to vote to accept or reject the Plan and exercise elections with respect thereto.

| Print or Type Name of Claimant: | |
|---|---|
| | |

| | |
|---|---|
| Signature: | |
| Name of Signatory (if different than Claimant) (please print): | |
| If by Authorized Agent, Title of Agent: | |
| Street Address: | |
| City, State, and Zip Code: | |
| Telephone Number: | |
| Email Address: | |
| Date Completed: | |

This Ballot shall not constitute or be deemed a Proof of Claim, an assertion of a Claim, or the allowance of a Claim.


**PLEASE PROMPTLY RETURN YOUR COMPLETED BALLOT.**
**BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, IN THE RETURN**
**ENVELOPE PROVIDED, OR AS DIRECTED IN ITEM 3 OF THE INSTRUCTIONS.**
**IN ORDER TO COUNT, YOUR COMPLETED BALLOT MUST**
**BE RECEIVED BY THE VOTING DEADLINE, WHICH IS**
**OCTOBER 13̶28, 2022, AT 4:00 P.M. (PREVAILING EASTERN TIME).**

## Exhibit B

**Non-Voting Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| TPC GROUP INC., *et al.*, | Case No. 22-10493 (CTG) |
| Debtors.[1] | Jointly Administered |

## NOTICE OF NON-VOTING STATUS AND CONFIRMATION HEARING

**PLEASE TAKE NOTICE** that, by order dated [●], 2022 (the "**Order**"), the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") approved the *Disclosure Statement for Joint Chapter 11 Plan of TPC Group Inc. and its Debtor Affiliates* [D.I. [●]] (as may be amended, modified, or supplemented, the "**Disclosure Statement**") filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for use by the Debtors in soliciting acceptances or rejections to the *Joint Chapter 11 Plan of TPC Group Inc. and its Debtor Affiliates* [D.I. [●]] (as may be amended, modified, or supplemented, the "**Plan**") from holders of Impaired Claims entitled to receive distributions under the Plan.

**PLEASE TAKE FURTHER NOTICE** THAT, UNDER THE TERMS OF THE PLAN, YOUR CLAIM AGAINST AND/OR EQUITY INTEREST IN THE DEBTORS IS NOT ENTITLED TO VOTE ON THE PLAN. CLAIMS IN CLASS 1 (OTHER SECURED CLAIMS), CLAIMS IN CLASS 2 (OTHER PRIORITY CLAIMS), CLAIMS IN CLASS 5 (INTERCOMPANY CLAIMS), AND CLAIMS IN CLASS 9 (INTERCOMPANY INTERESTS) ARE UNIMPAIRED AND PRESUMED TO ACCEPT THE PLAN. CLAIMS IN CLASS 6 (SUBORDINATED CLAIMS), CLAIMS IN CLASS 7 (EXISTING HOLDINGS INTERESTS), AND CLAIMS IN CLASS 8 (OTHER HOLDINGS INTERESTS) ARE IMPAIRED AND DEEMED TO REJECT THE PLAN.[2] IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM OR INTEREST YOU SHOULD CONTACT KROLL RESTRUCTURING ADMINISTRATION LLC ("KROLL") BY (I) BY WRITING TO TPC GROUP INC. BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 3RD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) BY EMAIL AT TPCGROUPINFO@RA.KROLL.COM WITH A REFERENCE TO "TPC GROUP INC." IN THE SUBJECT LINE; OR (III) BY TELEPHONE AT (844) 596-2260 (U.S./CANADA, TOLL-FREE) OR +1 (646) 214-8808 (INTERNATIONAL).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77042

[2] Holders of Claims or Interests in Classes 1, 2, 5, 6, 7, 8, 9, and 10 are each referred to herein as a "**Non-Voting Party**."

**PLEASE TAKE FURTHER NOTICE** THAT YOU WILL NOT BE SERVED WITH A COPY OF THE ORDER, THE DISCLOSURE STATEMENT, OR THE PLAN. If you wish to review copies of the Order, the Disclosure Statement, or the Plan, you may obtain copies from Kroll Restructuring Administration LLC ("**Kroll**") free of charge (a) by accessing the Debtors' restructuring website at https://cases.ra.kroll.com/TPCGroup; (b) by writing to TPC Group Inc. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232; (c) by email at tpcgroupinfo@ra.kroll.com with a reference to "TPC Group Inc." in the subject line; or (d) by telephone at (844) 596-2260 (U.S./Canada, toll-free) or +1 (646) 214-8808 (International); or for a fee via PACER at http://ecf.deb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT EXHIBIT 1 ATTACHED HERETO SETS FORTH THE INJUNCTION, EXCULPATION AND RELEASE PROVISIONS SET FORTH IN ARTICLE 10 OF THE PLAN.**

**PLEASE TAKE FURTHER NOTICE THAT, UPON CONFIRMATION OF THE PLAN, ANY NON-VOTING PARTY WILL BE DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS SET FORTH IN SECTION 10.7(B) OF THE PLAN, AS PROVIDED IN EXHIBIT 1 HERETO, <u>UNLESS SUCH PARTY IS DEEMED TO REJECT THE PLAN AND OBJECTS TO THE RELEASE PROVISIONS SET FORTH IN SECTION 10.7(B) OF THE PLAN BY THE OBJECTION DEADLINE (AS DEFINED BELOW)</u>. ANY NON-VOTING PARTY THAT OBJECTS TO THE RELEASE PROVISIONS SET FORTH IN SECTION 10.7(B) OF THE PLAN WILL BE CONDITIONALLY DEEMED TO OPT OUT OF SUCH RELEASE PROVISIONS; PROVIDED THAT THE DEBTORS RESERVE THE RIGHT TO REPLY TO SUCH OBJECTION ON THE BASIS THAT THE PARTY SHOULD BE DEEMED TO GRANT THE RELEASE.**

**PLEASE TAKE FURTHER NOTICE** that if you wish to challenge the Debtors' classification of your Claim, you must file a motion, pursuant to Federal Rule of Bankruptcy Procedure ("**Bankruptcy Rule**") 3018(a) (a "**Rule 3018 Motion**"), for an order temporarily allowing your Claim in a different classification or amount for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received by ~~September 27~~**October 10**, 2022, at 4:00 (prevailing Eastern Time)**. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018 Motion, such creditor's ballot will not be counted unless temporarily allowed by the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") for voting purposes, after notice and a hearing, prior to **October ~~13~~28**, 2022, at 4:00 p.m. (prevailing Eastern Time) (*i.e.*, the last date fixed for creditors to vote to accept or reject the Plan). Rule 3018 Motions that are not timely filed and served in the manner set forth above will not be considered.

**PLEASE TAKE FURTHER NOTICE** that (i) the Bankruptcy Court will hold a hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") on ~~October 24~~**November 7**, **2022, at 10:00 a.m. (prevailing Eastern Time)**, to continue thereafter from day to day as necessary, before the Honorable Craig T. Goldblatt at the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Courtroom 7, Wilmington, Delaware 19801, and (ii) the deadline for filing objections to the confirmation of the Plan is **October ~~13~~24, 2022, at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**"). The Confirmation Hearing may be continued from

time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that objections to Confirmation of the Plan, if any, must (a) be in writing and (b) be filed with the Court and served upon: (i) co-counsel for the Debtors (y) Baker Botts L.L.P., 2001 Ross Avenue, Suite 900, Dallas, TX 75201, Attn.: Jim R. Prince (jim.prince@bakerbotts.com) and Baker Botts L.L.P., 30 Rockefeller Plaza, New York, NY 10112, Attn: Scott R. Bowling (scott.bowling@bakerbotts.com), and (z) Morris, Nichols, Arsht & Tunnell, L.L.P. 1201 N Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19801, Attn.:  Robert J. Dehney (rdehney@morrisnichols.com), Curtis S. Miller (cmiller@morrisnichols.com), and Andrew R. Remming (aremming@morrisnichols.com); Counsel to Prepetition Senior Priority Notes Trustee and Prepetition Senior Priority Notes Trustee, Foley & Lardner L.L.P., 321 N. Clark St., Suite 3000, Chicago, IL 60654, Attn: Mark Radtke (mradtke@foley.com); (ii) counsel to the Prepetition ABL Agent, Haynes & Boone, L.L.P., 1221 McKinney Street, Suite 4000, Houston, TX 77010, Attn: Charles A. Beckham, Jr. (charles.beckham@haynesboone.com) and Tim Johnston (tim.johnston@haynesboone.com); (iii) counsel to the ABL DIP Agent, Goldberg Kohn Ltd., 55 East Monroe, Suite 3300, Chicago, Illinois 60603, Attn: Dimitri Karcazes (dimitri.karcazes@goldbergkohn.com) and Prisca Kim (prisca.kim@goldbergkohn.com); (iv) counsel to the Term DIP Agents, Pryor Cashman L.L.P., 7 Times Square, New York, New York 10036, Attn: Seth H. Lieberman (slieberman@pryorcashman.com), Patrick Sibley (psibley@pryorcashman.com), and Conrad K. Chiu (cchiu@pryorcashman.com); (v) counsel to the Term DIP Lenders, Paul Hastings, L.L.P., 200 Park Avenue, New York, New York 10166, Attn: Kristopher M. Hansen (krishansen@paulhastings.com), Erez E. Gilad (erezgilad@paulhastings.com), and Jonathan D. Canfield (joncanfield@paulhastings.com); (vi) proposed co-counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Philip C. Dublin, Naomi Moss and Edan Lisovicz (pdublin@akingump.com, nmoss@akingump.com, elisovicz@akingump.com), and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Justin Alberto, Patrick J. Reilley and Andrew Roth-Moore (jalberto@coleschotz.com, preilley@coleschotz.com, aroth moore@coleschotz.com); and (vii) Office of the United States Trustee, 844 N. King Street, Room 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); so that they are received no later than **October ~~13~~24, 2022, at 4:00 p.m. (prevailing Eastern Time)**.  The Debtors and any other party in interest supporting the Plan may file any reply to any such objections and/or any affidavits or declarations in support of approval of the Plan by no later than **~~October 19~~November 2, 2022, at 4:00 p.m. (prevailing Eastern Time) (or two (2) Business Days prior to the date of any adjourned Confirmation Hearing)**.

Date: [ ], 2022

**BAKER BOTTS L.L.P.**

James R. Prince (admitted *pro hac vice*)
Kevin Chiu (admitted *pro hac vice*)
2001 Ross Avenue, Suite 900
Dallas, Texas 75201-2980
Telephone:    (214) 953-6500
Facsimile:    (214) 953-6503
Email:        jim.prince@bakerbotts.com
              kevin.chiu@bakerbotts.com

-and-

BAKER BOTTS L.L.P.
Scott R. Bowling (admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone:    (212) 408-2500
Facsimile:    (212) 259-2501
Email:
scott.bowling@bakerbotts.com

-and-

BAKER BOTTS L.L.P.
David R. Eastlake (admitted *pro hac vice*)
Lauren N. Randle (admitted *pro hac vice*)
910 Louisiana Street
Houston, Texas 77002
Telephone:    (713) 229-1234
Facsimile:    (713) 229-1522
Email:
david.eastlake@bakerbotts.com
lauren.randle@bakerbotts.com

*/s/ [DRAFT]*

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

Robert J. Dehney (No. 3578)
Curtis S. Miller (No. 4583)
Daniel B. Butz (No. 4227)
Matthew O. Talmo (No. 6333)
Brian Loughnane (No. 6853)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email:    rdehney@morrisnichols.com
          cmiller@ morrisnichols.com
          dbutz@ morrisnichols.com
          mtalmo@ morrisnichols.com
          bloughnane@ morrisnichols.com

*Proposed Attorneys for Debtors
and Debtors in Possession*

4

**Exhibit 1**

**RELEASE PROVISIONS, EXCULPATION, AND RELATED INJUNCTIONS**

    **10.6**   *Plan Injunction.*

    **Except as otherwise provided in the Plan or in the Confirmation Order, from and after the Effective Date, all Persons who have held, hold, or may hold Claims or Interests, and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, are, with respect to any such Claim or Interest, permanently enjoined after the entry of the Confirmation Order from: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative, or other forum) against or affecting, directly or indirectly, a Debtor, a Reorganized Debtor, or an Estate or the property of any of the foregoing, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (i) or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree, or order against a Debtor, a Reorganized Debtor, or an Estate or its property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (ii) or any property of any such transferee or successor; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against a Debtor, a Reorganized Debtor, or an Estate or any of its property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons mentioned in this subsection (iii) or any property of any such transferee or successor; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan to the full extent permitted by applicable law; and (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; *provided*, that nothing contained in the Plan shall preclude such Persons who have held, hold, or may hold Claims against, or Interests in, a Debtor, a Reorganized Debtor, or an Estate from exercising their rights and remedies, or obtaining benefits, pursuant to and consistent with the terms of the Plan.**

    ~~By accepting distributions pursuant to the Plan, each holder of an Allowed Claim or Interest shall be deemed to have affirmatively and specifically consented to be bound by the Plan, including the injunctions set forth in Section 10.6 of the Plan.~~

    **10.7.**   *Releases.*

    (a)   **Releases by the Debtors.**

    As of the Effective Date, except for the rights and remedies that remain in effect from and after the Effective Date to enforce the Plan and the obligations ~~contemplated by~~ set forth in the Definitive Documents, ~~(~~including the documents in the Plan

Supplement~~) or~~, except as ~~otherwise~~ provided for in ~~any order of~~ the ~~Bankruptcy Court~~Schedule of Retained Claims and Causes of Actions, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, the Released Parties[1] will be deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged, by the ~~Releasing Parties~~Debtors, the Reorganized Debtors, and the Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives and any and all other Persons that may purport to assert any Cause of Action derivatively, by or through the foregoing Persons, from any and all ~~Claims~~claims and Causes of Action ~~whatsoever~~ (including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or ~~their~~the Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, whether in law, or equity, whether sounding in tort or ~~contract, tort, or otherwise by statute, violations of~~whether arising under federal or state ~~securities laws~~statutory or common law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirements or otherwise, that ~~such holders~~the Debtors, the Reorganized Debtors, the Estates, or their ~~estates,~~ affiliates, ~~heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them~~ would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, ~~the Reorganized Debtors, or their Estates,~~ the Chapter 11 Cases, the Restructuring, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the ABL DIP Facility, the Term Loan DIP Facility, the Exit ABL Facility, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements ~~or interactions~~ between any Debtor and any Released Party, the restructuring of ~~any~~ Claims ~~or~~and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation, or consummation of the Plan, the Solicitation Materials, the Restructuring Support Agreement, the Definitive Documents

---

[1] "*Released Parties*" means, collectively, (i) the Debtors, (ii) the Reorganized Debtors, (iii) the Supporting Noteholders, (iv) SK Second Reserve, L.P., a Delaware limited partnership; (v) the agents and lenders under the Exit ABL Facility, (vi) the holders of the Exit Notes and Holdco Notes and any agents or trustees thereunder, (vii) the agents and lenders under the ABL DIP Facility, (viii) the agents and lenders under the Term Loan DIP Facility, (ix) the Backstop Parties, (x) the Supporting Sponsors, (xi) the agents and lenders under the Prepetition ABL Credit Agreement, (xii) the indenture trustees and collateral trustees in respect of the Priming Notes and the 10.5% Notes; and (xiii) with respect to each of the foregoing Persons (i)–(xii), each of their affiliates, predecessors, successors, assigns, subsidiaries, current and former officers and directors, principals, equity holders, members, partners, managers, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors, employees of affiliates who worked on matters related to the Debtors or the Chapter 11 Cases and other professionals, affiliated investment funds or investment vehicles, managed accounts or funds, and such Persons' respective heirs, executors, estates, and nominees, in each case in their capacity as such; *provided*, that in each case, an Entity shall not be a Released Party if it: (x) elects to opt out of the releases contained in the Plan; or (y) timely files with the Bankruptcy Court on the docket of the Chapter 11 Cases an objection to the releases contained in the Plan that is not resolved before Confirmation; *provided*, *further*, that NALCO Co, LLC, Ingenero, Inc., and Suez WTS USA, Inc. shall not be Released Parties.

(including the documents in the Plan Supplement) or related agreements, instruments, or other documents~~,~~ relating thereto, ~~or~~ the solicitation of votes with respect to the Plan, and any contract, instrument, agreement or other document entered into in connection with any of the foregoing, or any preference, fraudulent transfer or other avoidance action related to the debtors arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, in all cases based upon any act or omission, transaction, agreement, event, or other ~~occurrences~~occurrence taking place on or before the Effective Date, other than ~~Claims~~claims or Causes of Action arising out of or related to any act or omission of a Released Party that constitutes intentional fraud or willful misconduct as determined by a Final Order.  For the avoidance of doubt, claims and Causes of Action retained in the Plan Supplement are not released and expressly preserved.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post -Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, or any Claim or obligation arising under the Plan.[1]

Entry of the Confirmation Order by the Bankruptcy Court shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases in Section 10.7(~~b~~a) of the Plan (the "~~Third Party Release~~Debtor Releases"), which includes, by reference, each of the related provisions and definitions under the Plan, and, furthermore, shall constitute the Bankruptcy Court's finding that the ~~Third Party Release is~~Debtor Releases are:  (~~I~~i) ~~consensual, (II) essential to the confirmation of the Plan, (III) given~~ in exchange for the good and valuable consideration provided by the Released Parties, (~~IV~~ii) a good faith settlement and compromise of the ~~Claims~~claims and Causes of Action released by the ~~Third Party Release~~Debtors, the Reorganized Debtors and the Estates, (~~V~~iii) in the best interests of the Debtors, the Estates and all Holders of Claims and ~~their estates~~Interests, (~~VI~~iv) fair, equitable and reasonable, (~~VII~~v) given and made after due notice and opportunity for hearing, and (~~VIII~~vi) a bar to any of the ~~Releasing Parties~~Debtors, the Reorganized Debtors or the Estates asserting any ~~Claim~~claim or Cause of Action released pursuant to the ~~Third Party~~Debtor Release.

---

[1] ~~"*Released Parties*" means, collectively, (i) the Debtors, (ii) the Reorganized Debtors, (iii) the Supporting Noteholders, (iv) SK Second Reserve, L.P., a Delaware limited partnership; (v) the agents and lenders under the Exit ABL Facility, (vi) the holders of the Exit Notes and Holdco Notes and any agents or trustees thereunder, (vii) the agents and lenders under the ABL DIP Facility, (viii) the agents and lenders under the Term Loan DIP Facility, (ix) the Backstop Parties, (x) the Supporting Sponsors, (xi) the agents and lenders under the Prepetition ABL Credit Agreement, (xii) the indenture trustees and collateral trustees in respect of the Priming Notes and the 10.5% Notes; and (xiii) with respect to each of the foregoing Persons in clauses (i)-(xii), each of their affiliates, predecessors, successors, assigns, subsidiaries, current and former officers and directors, principals, equity holders, members, partners, managers, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors, employees of affiliates who worked on matters related to the Debtors or the Chapter 11 Cases and other professionals, affiliated investment funds or investment vehicles, managed accounts or funds, and such Persons' respective heirs, executors, estates, and nominees, in each case in their capacity as such; *provided*, that in each case, an Entity shall not be a Released Party if it: (x) elects to opt out of the releases contained in the Plan; or (y) timely files with the Bankruptcy Court on the docket of the Chapter 11 Cases an objection to the releases contained in the Plan that is not resolved before Confirmation.~~

(b)      **Releases by ~~the Third Parties~~Holders of Claims and Interests**.

As of the Effective Date, except for the rights and remedies that remain in effect from and after the Effective Date to enforce the Plan and the obligations contemplated by the Definitive Documents~~,~~ (including the documents in the Plan Supplement) or as otherwise provided in any order of the Bankruptcy Court, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, the Released Parties will be deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Releasing Parties,[2] from any and all ~~Claims~~claims and Causes of Action whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, contract, tort, or otherwise by statute, violations of federal or state securities laws or otherwise, that such holders or their estates, affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Reorganized Debtors, or their Estates, the Chapter 11 Cases, the Restructuring, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interactions between any Debtor and any Released Party, the restructuring of any Claims or Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation, or consummation of the Plan, the Solicitation Materials, the Restructuring Support Agreement, the Definitive Documents (including the documents in the Plan Supplement) or related agreements, instruments, or other documents, relating thereto, or the solicitation of votes with respect to the Plan, and any contract, instrument, agreement or other document entered into in connection with any of the foregoing, or any preference, fraudulent transfer or other avoidance action related to the Debtors arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, in all cases based upon any act or omission, transaction, agreement, event, or other occurrences taking place on or before the Effective Date, other than ~~Claims~~claims or Causes of Action arising out of or related to any act or omission of a Released Party that constitutes intentional fraud or willful misconduct as determined by a Final Order.[2]

---

[2] "*Releasing Parties*" means, collectively, and in each case in its capacity as such: (a) the holders of all Claims that vote to or are deemed to accept the Plan, (b) the holders of all Claims whose vote to accept or reject the Plan is solicited but that do not vote either to accept or to reject the Plan, (c) the holders of all Claims or Interests that vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth herein, (d) the holders of all Claims and Interests that were given notice of the opportunity to opt out of granting the releases set forth herein but did not opt out, and (e) the Released Parties other than the Debtors (*provided*, that with respect to Released Parties identified in clause (xiii) of the definition thereof, each such Person constitutes a Releasing Party under this clause (e) solely with respect to claims that such Person could have properly asserted on behalf of a Person identified in clauses (i) through (xii) of the definition of Released Parties).

[2]      ~~"*Releasing Parties*" means, collectively, and in each case in its capacity as such: (a) the holders of all Claims that vote to or are deemed to accept the Plan, (b) the holders of all Claims whose vote to accept or reject the~~

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post -Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, or any Claim or obligation arising under the Plan.

Entry of the Confirmation Order by the Bankruptcy Court shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases in **Section 10.7(b)** of the Plan (the "**Third Party Release**"), which includes, by reference, each of the related provisions and definitions under the Plan, and, furthermore, shall constitute the Bankruptcy Court's finding that the Third Party Release is (~~I~~i) consensual, (~~II~~ii) essential to the confirmation of the Plan, (~~III~~iii) given in exchange for the good and valuable consideration provided by the Released Parties, (~~IV~~iv) a good faith settlement and compromise of the ~~Claims~~claims and Causes of Action released by the Third Party Release, (~~V~~v) in the best interests of the Debtors and their estates, (~~VI~~vi) fair, equitable and reasonable, (~~VII~~vii) given and made after due notice and opportunity for hearing, and (~~VIII~~viii) a bar to any of the Releasing Parties asserting any ~~Claim~~claim or Cause of Action released pursuant to the Third Party Release.

~~(c)   Release of Liens.   Except as otherwise specifically provided in the Plan or in any contract, instrument, release, or other agreement or document contemplated under or executed in connection with the Plan, including the Exit Facility Documents, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the estates shall be fully released and discharged, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns, in each case, without any further approval or order of the Bankruptcy Court and without any action or filing being required to be made by the Debtors.~~

## 10.8    *Exculpation.*[3]

---

~~that vote to or are deemed to accept the Plan, (b) the holders of all Claims whose vote to accept or reject the Plan is solicited but that do not vote either to accept or to reject the Plan, (c) the holders of all Claims or Interests that vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth herein, (d) the holders of all Claims and Interests that were given notice of the opportunity to opt out of granting the releases set forth herein but did not opt out, and (e) the Released Parties.~~

[3]    ~~"*Exculpated Parties*" means, collectively, (i) the Debtors, (ii) the Reorganized Debtors, (iii) any statutory committee appointed in the Chapter 11 Cases, (iv) the Supporting Noteholders, (v) the Backstop Parties, (vi) the agents and lenders under the Exit ABL Facility, (vii) the agents and lenders under the Prepetition ABL Credit Agreement, (viii) the Supporting Sponsors, (ix) the agents and lenders under the DIP Facilities (x) the holders of the Exit Notes and HoldCo Notes and any agents or trustees thereunder and (xi) with respect to each of the foregoing Persons in clauses (i) through (x), such Persons' predecessors, successors, assigns, subsidiaries, affiliates, current and former officers and directors, principals, equity holders, members, partners, managers, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors, and other~~

To the fullest extent permitted by applicable law, no exculpated party will have or incur, and each Exculpated Party[3] will be released and exculpated from, any ~~Claim~~claim or ~~cause~~Cause of ~~action~~Action in connection with or arising out of the administration of the Chapter 11 Cases; the negotiation and pursuit of the ABL DIP Facility, the Priming Notes DIP Roll-Up, the Term Loan DIP Facility, the Exit ABL Facility, the Exit Notes, Holdco Notes, the Debt Rights Offering, the Equity Rights Offering, the Backstop Agreements, the Management Incentive Plan, the Disclosure Statement, the Restructuring Support Agreement, the Restructuring, and the Plan, the Solicitation Materials and any other Definitive Documents (including the documents in the Plan Supplement), or the solicitation of votes for, or confirmation of, the Plan; the funding of the Plan; the occurrence of the Effective Date; the administration of the Plan or the property to be distributed under the Plan; the issuance of securities under or in connection with the Plan; the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors; or the transactions in furtherance of any of the foregoing; other than ~~Claims~~claims or Causes of Action arising out of or related to any act or omission of an Exculpated Party that constitutes intentional fraud or willful misconduct as determined by a final order, but in all respects such Persons will be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distribution of securities pursuant to the Plan and, therefore, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan, including the issuance of securities thereunder. The exculpation will be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.

### ~~10.8~~10.9    *Injunction Related to Releases and Exculpation.*

The Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or entity, whether directly, derivatively, or otherwise, of any ~~Claims~~claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, or liabilities released or exculpated pursuant to the Plan, including the claims, obligations,

---

~~professionals, affiliated investment funds or investment vehicles, managed accounts or funds, and such Persons' respective heirs, executors, estates, and nominees, in each case in their capacity as such.~~

[3] "*Exculpated Parties*" means, collectively, (i) the Debtors, (ii) the Reorganized Debtors, (iii) any statutory committee appointed in the Chapter 11 Cases, (iv) the Supporting Noteholders, (v) the Backstop Parties, (vi) the agents and lenders under the Exit ABL Facility, (vii) the agents and lenders under the Prepetition ABL Credit Agreement, (viii) the Supporting Sponsors, (ix) the agents and lenders under the DIP Facilities (x) the holders of the Exit Notes and HoldCo Notes and any agents or trustees thereunder and (xi) with respect to each of the foregoing Persons in clauses (i) through (x), such Persons' predecessors, successors, assigns, subsidiaries, affiliates, current and former officers and directors, principals, equity holders, members, partners, managers, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors, and other professionals, affiliated investment funds or investment vehicles, managed accounts or funds, and such Persons' respective heirs, executors, estates, and nominees, in each case in their capacity as such.

suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities released or exculpated in the Plan or the Confirmation Order.

**10.10   *Release of Liens.***

 **Except as otherwise specifically provided in the Plan or in any contract, instrument, release, or other agreement or document contemplated under or executed in connection with the Plan, including the Exit Facility Documents, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the estates shall be fully released and discharged, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns, in each case, without any further approval or order of the Bankruptcy Court and without any action or filing being required to be made by the Debtors.**

**<u>Exhibit C</u>**

**Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| TPC GROUP INC., *et al.*, | Case No. 22-10493 (CTG) |
| Debtors.[1] | Jointly Administered |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) DEADLINE FOR
CASTING VOTES TO ACCEPT OR REJECT THE PLAN, AND (III) THE HEARING
TO CONSIDER CONFIRMATION OF THE PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     On June 15, 2022, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed (a) the *Joint Chapter 11 Plan of TPC Group Inc. and its Debtor Affiliates* [D.I. [●]] (as may be amended, modified, or supplemented, the "**Plan**") and (b) the *Disclosure Statement for Joint Chapter 11 Plan of TPC Group Inc. and its Debtor Affiliates* [D.I. [●]] (as may be amended, modified or supplemented, the "**Disclosure Statement**").[2]

2.     Pursuant to an order, dated [●], 2022 [D.I. [●]] (the "**Order**"), the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") approved the Disclosure Statement.

3.     A hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") will be held before The Honorable Craig T. Goldblatt, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Courtroom 7, Wilmington, Delaware 19801, **on** ~~October 24~~November 7**, 2022, at 10:00 a.m. (prevailing Eastern Time)**, to continue thereafter from day to day as necessary.     The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Bankruptcy Court.

4.     Objections to confirmation of the Plan, if any, must (a) be in writing and (b) be filed with the Bankruptcy Court and served upon:  (i) co-counsel for the Debtors (y) Baker Botts

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248).  Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement and the Plan, as applicable.

L.L.P., 2001 Ross Avenue, Suite 900, Dallas, TX 75201, Attn.: Jim R. Prince (jim.prince@bakerbotts.com) and Baker Botts L.L.P., 30 Rockefeller Plaza, New York, NY 10112, Attn: Scott R. Bowling (scott.bowling@bakerbotts.com), and (z) Morris, Nichols, Arsht & Tunnell, L.L.P. 1201 N Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19801, Attn.: Robert J. Dehney (rdehney@morrisnichols.com), Curtis S. Miller (cmiller@morrisnichols.com), and Andrew R. Remming (aremming@morrisnichols.com);Counsel to Prepetition Senior Priority Notes Trustee and Prepetition Senior Priority Notes Trustee, Foley & Lardner L.L.P., 321 N. Clark St., Suite 3000, Chicago, IL 60654, Attn: Mark Radtke (mradtke@foley); (ii) counsel to the Prepetition ABL Agent, Haynes & Boone, L.L.P., 1221 McKinney Street, Suite 4000, Houston, TX 77010, Attn: Charles A. Beckham, Jr. (charles.beckham@haynesboone.com) and Tim Johnston (tim.johnston@haynesboone.com); (iii) counsel to the ABL DIP Agent, Goldberg Kohn Ltd., 55 East Monroe, Suite 3300, Chicago, Illinois 60603, Attn: Dimitri Karcazes (dimitri.karcazes@goldbergkohn.com) and Prisca Kim (prisca.kim@goldbergkohn.com); (iv) counsel to the Term DIP Agents, Pryor Cashman L.L.P., 7 Times Square, New York, New York 10036, Attn: Seth H. Lieberman (slieberman@pryorcashman.com), Patrick Sibley (psibley@pryorcashman.com), and Conrad K. Chiu (cchiu@pryorcashman.com); (v) counsel to the Term DIP Lenders, Paul Hastings, L.L.P., 200 Park Avenue, New York, New York 10166, Attn: Kristopher M. Hansen (krishansen@paulhastings.com), Erez E. Gilad (erezgilad@paulhastings.com), and Jonathan D. Canfield (joncanfield@paulhastings.com); (vi) co-counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Philip C. Dublin, Naomi Moss and Edan Lisovicz (pdublin@akingump.com, nmoss@akingump.com, elisovicz@akingump.com), and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Justin Alberto, Patrick J. Reilley and Andrew Roth-Moore (jalberto@coleschotz.com, preilley@coleschotz.com, aroth moore@coleschotz.com); and (vii) Office of the United States Trustee, 844 N. King Street, Room 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); so that they are received no later than **October ~~13~~24, 2022, at 4:00 p.m. (prevailing Eastern Time)**.  The Debtors and any other party in interest supporting the Plan may file any reply to any such objections and/or any affidavits or declarations in support of approval of the Plan by no later than **~~October 19~~November 2, 2022, at 4:00 p.m. (prevailing Eastern Time) (or two (2) Business Days prior to the date of any adjourned Confirmation Hearing)**.

5.      Pursuant to the Order, the Court approved the use of certain materials in the solicitation of votes to accept or reject the Plan and certain procedures for the tabulation of votes to accept or reject the Plan.  If you are a holder of a Claim against the Debtors as of **September ~~6~~22, 2022** and entitled to vote, you have received with this Notice, a ballot form (a "**Ballot**"), and instructions for completing the Ballot.

6.      For a vote to accept or reject the Plan to be counted, the holder of a Ballot must complete all required information on the Ballot, execute the Ballot, and return the completed Ballot in accordance with the instructions, so that it is received by **October ~~13~~28, 2022, at 4:00 p.m. (prevailing Eastern Time)** (the "**Voting Deadline**"), which deadline may be extended by the Debtors.  Any failure to follow the instructions included with the Ballot, or to return a properly completed Ballot so that it is received by the Voting Deadline, may disqualify such

Ballot and vote on the Plan.  **You may also be eligible to submit a Ballot electronically.  If you wish to do so, please visit the following web address and follow the instructions on that web address:**  https://cases.ra.kroll.com/TPCGroup/EBallot-Home.  The rules and procedures for the tabulation of the votes are outlined in the Order.

7.     If a Holder of a Claim wishes to challenge the allowance or disallowance of a Claim for voting purposes under the Tabulation Procedures (as defined in the Order), such person or entity must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "**Rule 3018 Motion**") and serve the Rule 3018 Motion on the Debtors so that it is received no later than ~~September 27~~**October 10, 2022, at 4:00 p.m. (prevailing Eastern Time)**.  The Debtors, or any other party in interest, shall have until **October ~~12~~24, 2022, at 4:00 p.m. (prevailing Eastern Time)** to file and serve any responses to such motions.  Replies, if any, shall be filed no later than ~~October 19~~**November 2, 2022, at 4:00 p.m. (prevailing Eastern Time)**.  Unless the Bankruptcy Court orders otherwise, such Claim will not be counted for voting purposes in excess of the amount determined in accordance with the Tabulation Procedures.

8.     **PLEASE TAKE FURTHER NOTICE THAT EXHIBIT 1 ATTACHED HERETO SETS FORTH THE INJUNCTION, EXCULPATION AND RELEASE PROVISIONS SET FORTH IN ARTICLE 10 OF THE PLAN.**

**EACH OF THE RELEASING PARTIES ARE DEEMED TO PROVIDE THE RELEASE CONTAINED IN SECTION 10.7(b) OF THE PLAN, AS SET FORTH ON EXHIBIT 1, EXCEPT AS OTHERWISE PROVIDED IN THE PLAN**.

9.     Copies of the Disclosure Statement, the Plan, and the Order may be obtained and/or are available free of charge (a) by accessing the Debtors' restructuring website at https://cases.ra.kroll.com/TPCGroup; (b) by writing to TPC Group Inc. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232; (c) by email at tpcgroupinfo@ra.kroll.com with a reference to "TPC Group Inc." in the subject line; or (d) by telephone at (844) 596-2260 (U.S./Canada, toll-free) or +1 (646) 214-8808 (International); or for a fee via PACER at http://ecf.deb.uscourts.gov.

Dated: [DATE], 2022
       Wilmington, Delaware

/s/ [DRAFT]

**BAKER BOTTS L.L.P.**
James R. Prince (admitted *pro hac vice*)
Kevin Chiu (admitted *pro hac vice*)
2001 Ross Avenue, Suite 900
Dallas, Texas 75201-2980
Telephone:    (214) 953-6500
Facsimile:    (214) 953-6503
Email:       jim.prince@bakerbotts.com
            kevin.chiu@bakerbotts.com

-and-

BAKER BOTTS L.L.P.
Scott R. Bowling (admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone:    (212) 408-2500
Facsimile:    (212) 259-2501
Email:
scott.bowling@bakerbotts.com

-and-

BAKER BOTTS L.L.P.
David R. Eastlake (admitted *pro hac vice*)
Lauren N. Randle (admitted *pro hac vice*)
910 Louisiana Street
Houston, Texas 77002
Telephone:    (713) 229-1234
Facsimile:    (713) 229-1522
Email:
david.eastlake@bakerbotts.com
lauren.randle@bakerbotts.com

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Robert J. Dehney (No. 3578)
Curtis S. Miller (No. 4583)
Daniel B. Butz (No. 4227)
Matthew O. Talmo (No. 6333)
Brian Loughnane (No. 6853)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email:    rdehney@morrisnichols.com
          cmiller@ morrisnichols.com
          dbutz@ morrisnichols.com
          mtalmo@ morrisnichols.com
          bloughnane@ morrisnichols.com

*Proposed Attorneys for Debtors
and Debtors in Possession*

**Exhibit 1**

**RELEASE PROVISIONS, EXCULPATION, AND RELATED INJUNCTIONS**

10.6    *Plan Injunction.*

Except as otherwise provided in the Plan or in the Confirmation Order, from and after the Effective Date, all Persons who have held, hold, or may hold Claims or Interests, and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, are, with respect to any such Claim or Interest, permanently enjoined after the entry of the Confirmation Order from: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative, or other forum) against or affecting, directly or indirectly, a Debtor, a Reorganized Debtor, or an Estate or the property of any of the foregoing, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (i) or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree, or order against a Debtor, a Reorganized Debtor, or an Estate or its property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (ii) or any property of any such transferee or successor; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against a Debtor, a Reorganized Debtor, or an Estate or any of its property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons mentioned in this subsection (iii) or any property of any such transferee or successor; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan to the full extent permitted by applicable law; and (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; *provided*, that nothing contained in the Plan shall preclude such Persons who have held, hold, or may hold Claims against, or Interests in, a Debtor, a Reorganized Debtor, or an Estate from exercising their rights and remedies, or obtaining benefits, pursuant to and consistent with the terms of the Plan.

~~By accepting distributions pursuant to the Plan, each holder of an Allowed Claim or Interest shall be deemed to have affirmatively and specifically consented to be bound by the Plan, including the injunctions set forth in Section 10.6 of the Plan.~~

10.7. *Releases.*

(a)    **Releases by the Debtors.**

As of the Effective Date, except for the rights and remedies that remain in effect from and after the Effective Date to enforce the Plan and the obligations ~~contemplated by~~ set forth in the Definitive Documents, (including the documents in the Plan

Supplement~~) or~~, except as ~~otherwise~~ provided for in ~~any order of~~ the ~~Bankruptcy Court~~Schedule of Retained Claims and Causes of Actions, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, the Released Parties[1] will be deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged, by the ~~Releasing Parties~~Debtors, the Reorganized Debtors, and the Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives and any and all other Persons that may purport to assert any Cause of Action derivatively, by or through the foregoing Persons, from any and all ~~Claims~~claims and Causes of Action ~~whatsoever~~ (including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or ~~their~~the Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, whether in law, or equity, whether sounding in tort or ~~contract~~ ~~tort, or otherwise by statute, violations of~~whether arising under federal or state ~~securities laws~~statutory or common law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirements or otherwise, that ~~such holders~~the Debtors, the Reorganized Debtors, the Estates, or their ~~estates,~~ affiliates, ~~heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them~~ would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, ~~the Reorganized Debtors, or their Estates,~~ the Chapter 11 Cases, the Restructuring, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the ABL DIP Facility, the Term Loan DIP Facility, the Exit ABL Facility, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements ~~or interactions~~ between any Debtor and any Released Party, the restructuring of ~~any~~ Claims ~~or~~and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation, or consummation of the Plan, the Solicitation Materials, the Restructuring Support Agreement, the Definitive Documents

---

[1] "*Released Parties*" means, collectively, (i) the Debtors, (ii) the Reorganized Debtors, (iii) the Supporting Noteholders, (iv) SK Second Reserve, L.P., a Delaware limited partnership; (v) the agents and lenders under the Exit ABL Facility, (vi) the holders of the Exit Notes and Holdco Notes and any agents or trustees thereunder, (vii) the agents and lenders under the ABL DIP Facility, (viii) the agents and lenders under the Term Loan DIP Facility, (ix) the Backstop Parties, (x) the Supporting Sponsors, (xi) the agents and lenders under the Prepetition ABL Credit Agreement, (xii) the indenture trustees and collateral trustees in respect of the Priming Notes and the 10.5% Notes; and (xiii) with respect to each of the foregoing Persons (i)–(xii), each of their affiliates, predecessors, successors, assigns, subsidiaries, current and former officers and directors, principals, equity holders, members, partners, managers, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors, employees of affiliates who worked on matters related to the Debtors or the Chapter 11 Cases and other professionals, affiliated investment funds or investment vehicles, managed accounts or funds, and such Persons' respective heirs, executors, estates, and nominees, in each case in their capacity as such; *provided*, that in each case, an Entity shall not be a Released Party if it: (x) elects to opt out of the releases contained in the Plan; or (y) timely files with the Bankruptcy Court on the docket of the Chapter 11 Cases an objection to the releases contained in the Plan that is not resolved before Confirmation; *provided*, *further*, that NALCO Co, LLC, Ingenero, Inc., and Suez WTS USA, Inc. shall not be Released Parties.

(including the documents in the Plan Supplement) or related agreements, instruments, or other documents~~,~~ relating thereto, ~~or~~ the solicitation of votes with respect to the Plan, and any contract, instrument, agreement or other document entered into in connection with any of the foregoing, or any preference, fraudulent transfer or other avoidance action related to the debtors arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, in all cases based upon any act or omission, transaction, agreement, event, or other ~~occurrences~~occurrence taking place on or before the Effective Date, other than ~~Claims~~claims or Causes of Action arising out of or related to any act or omission of a Released Party that constitutes intentional fraud or willful misconduct as determined by a Final Order.  **For the avoidance of doubt, claims and Causes of Action retained in the Plan Supplement are not released and expressly preserved.**

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post -Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, or any Claim or obligation arising under the Plan.[1]

Entry of the Confirmation Order by the Bankruptcy Court shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases in Section 10.7(~~b~~a) of the Plan (the "~~Third Party Release~~Debtor Releases"), which includes, by reference, each of the related provisions and definitions under the Plan, and, furthermore, shall constitute the Bankruptcy Court's finding that the ~~Third Party Release is~~Debtor Releases are:  (~~I~~i) ~~consensual, (II) essential to the confirmation of the Plan, (III) given~~ in exchange for the good and valuable consideration provided by the Released Parties, (~~IV~~ii) a good faith settlement and compromise of the ~~Claims~~claims and Causes of Action released by the ~~Third Party Release~~Debtors, the Reorganized Debtors and the Estates, (~~V~~iii) in the best interests of the Debtors, the Estates and all Holders of Claims and ~~their estates~~Interests, (~~VI~~iv) fair, equitable and reasonable, (~~VII~~v) given and made after due notice and opportunity for hearing, and (~~VIII~~vi) a bar to any of the ~~Releasing Parties~~Debtors, the Reorganized Debtors or the Estates asserting any ~~Claim~~claim or Cause of Action released pursuant to the ~~Third Party~~Debtor Release.

~~[1] "Released Parties" means, collectively, (i) the Debtors, (ii) the Reorganized Debtors, (iii) the Supporting Noteholders, (iv) SK Second Reserve, L.P., a Delaware limited partnership; (v) the agents and lenders under the Exit ABL Facility, (vi) the holders of the Exit Notes and Holdco Notes and any agents or trustees thereunder, (vii) the agents and lenders under the ABL DIP Facility, (viii) the agents and lenders under the Term Loan DIP Facility, (ix) the Backstop Parties, (x) the Supporting Sponsors, (xi) the agents and lenders under the Prepetition ABL Credit Agreement, (xii) the indenture trustees and collateral trustees in respect of the Priming Notes and the 10.5% Notes; and (xiii) with respect to each of the foregoing Persons in clauses (i)-(xii), each of their affiliates, predecessors, successors, assigns, subsidiaries, current and former officers and directors, principals, equity holders, members, partners, managers, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors, employees of affiliates who worked on matters related to the Debtors or the Chapter 11 Cases and other professionals, affiliated investment funds or investment vehicles, managed accounts or funds, and such Persons' respective heirs, executors, estates, and nominees, in each case in their capacity as such; provided, that in each case, an Entity shall not be a Released Party if it: (x) elects to opt out of the releases contained in the Plan; or (y) timely files with the Bankruptcy Court on the docket of the Chapter 11 Cases an objection to the releases contained in the Plan that is not resolved before Confirmation.~~

(b)        Releases by ~~the Third Parties~~Holders of Claims and Interests.

As of the Effective Date, except for the rights and remedies that remain in effect from and after the Effective Date to enforce the Plan and the obligations contemplated by the Definitive Documents~~,~~ (including the documents in the Plan Supplement) or as otherwise provided in any order of the Bankruptcy Court, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, the Released Parties will be deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Releasing Parties,[2] from any and all ~~Claims~~claims and Causes of Action whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, contract, tort, or otherwise by statute, violations of federal or state securities laws or otherwise, that such holders or their estates, affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Reorganized Debtors, or their Estates, the Chapter 11 Cases, the Restructuring, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interactions between any Debtor and any Released Party, the restructuring of any Claims or Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation, or consummation of the Plan, the Solicitation Materials, the Restructuring Support Agreement, the Definitive Documents (including the documents in the Plan Supplement) or related agreements, instruments, or other documents, relating thereto, or the solicitation of votes with respect to the Plan, and any contract, instrument, agreement or other document entered into in connection with any of the foregoing, or any preference, fraudulent transfer or other avoidance action related to the Debtors arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, in all cases based upon any act or omission, transaction, agreement, event, or other occurrences taking place on or before the Effective Date, other than ~~Claims~~claims or Causes of Action arising out of or related to any act or omission of a Released Party that constitutes intentional fraud or willful misconduct as determined by a Final Order.[2]

---

[2] "*Releasing Parties*" means, collectively, and in each case in its capacity as such: (a) the holders of all Claims that vote to or are deemed to accept the Plan, (b) the holders of all Claims whose vote to accept or reject the Plan is solicited but that do not vote either to accept or to reject the Plan, (c) the holders of all Claims or Interests that vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth herein, (d) the holders of all Claims and Interests that were given notice of the opportunity to opt out of granting the releases set forth herein but did not opt out, and (e) the Released Parties other than the Debtors (*provided*, that with respect to Released Parties identified in clause (xiii) of the definition thereof, each such Person constitutes a Releasing Party under this clause (e) solely with respect to claims that such Person could have properly asserted on behalf of a Person identified in clauses (i) through (xii) of the definition of Released Parties).

[2]      ~~"*Releasing Parties*" means, collectively, and in each case in its capacity as such: (a) the holders of all Claims that vote to or are deemed to accept the Plan, (b) the holders of all Claims whose vote to accept or reject the~~

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post -Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, or any Claim or obligation arising under the Plan.

Entry of the Confirmation Order by the Bankruptcy Court shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases in **Section 10.7(b)** of the Plan (the "**Third Party Release**"), which includes, by reference, each of the related provisions and definitions under the Plan, and, furthermore, shall constitute the Bankruptcy Court's finding that the Third Party Release is (~~I~~i) consensual, (~~II~~ii) essential to the confirmation of the Plan, (~~III~~iii) given in exchange for the good and valuable consideration provided by the Released Parties, (~~IV~~iv) a good faith settlement and compromise of the ~~Claims~~claims and Causes of Action released by the Third Party Release, (~~V~~v) in the best interests of the Debtors and their estates, (~~VI~~vi) fair, equitable and reasonable, (~~VII~~vii) given and made after due notice and opportunity for hearing, and (~~VIII~~viii) a bar to any of the Releasing Parties asserting any ~~Claim~~claim or Cause of Action released pursuant to the Third Party Release.

~~(c) Release of Liens. Except as otherwise specifically provided in the Plan or in any contract, instrument, release, or other agreement or document contemplated under or executed in connection with the Plan, including the Exit Facility Documents, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the estates shall be fully released and discharged, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns, in each case, without any further approval or order of the Bankruptcy Court and without any action or filing being required to be made by the Debtors.~~

**10.8    *Exculpation.*** [3]

---

~~that vote to or are deemed to accept the Plan, (b) the holders of all Claims whose vote to accept or reject the Plan is solicited but that do not vote either to accept or to reject the Plan, (c) the holders of all Claims or Interests that vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth herein, (d) the holders of all Claims and Interests that were given notice of the opportunity to opt out of granting the releases set forth herein but did not opt out, and (e) the Released Parties.~~

[3] ~~"*Exculpated Parties*" means, collectively, (i) the Debtors, (ii) the Reorganized Debtors, (iii) any statutory committee appointed in the Chapter 11 Cases, (iv) the Supporting Noteholders, (v) the Backstop Parties, (vi) the agents and lenders under the Exit ABL Facility, (vii) the agents and lenders under the Prepetition ABL Credit Agreement, (viii) the Supporting Sponsors, (ix) the agents and lenders under the DIP Facilities (x) the holders of the Exit Notes and HoldCo Notes and any agents or trustees thereunder and (xi) with respect to each of the foregoing Persons in clauses (i) through (x), such Persons' predecessors, successors, assigns, subsidiaries, affiliates, current and former officers and directors, principals, equity holders, members, partners, managers, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors, and other~~

**To the fullest extent permitted by applicable law, no exculpated party will have or incur, and each Exculpated Party[3] will be released and exculpated from, any ~~Claim~~claim or ~~cause~~Cause of ~~action~~Action in connection with or arising out of the administration of the Chapter 11 Cases; the negotiation and pursuit of the ABL DIP Facility, the Priming Notes DIP Roll-Up, the Term Loan DIP Facility, the Exit ABL Facility, the Exit Notes, Holdco Notes, the Debt Rights Offering, the Equity Rights Offering, the Backstop Agreements, the Management Incentive Plan, the Disclosure Statement, the Restructuring Support Agreement, the Restructuring, and the Plan, the Solicitation Materials and any other Definitive Documents (including the documents in the Plan Supplement), or the solicitation of votes for, or confirmation of, the Plan; the funding of the Plan; the occurrence of the Effective Date; the administration of the Plan or the property to be distributed under the Plan; issuance of securities under or in connection with the Plan; the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors; or the transactions in furtherance of any of the foregoing; other than ~~Claims~~claims or Causes of Action arising out of or related to any act or omission of an Exculpated Party that constitutes intentional fraud or willful misconduct as determined by a final order, but in all respects such Persons will be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distribution of securities pursuant to the Plan and, therefore, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan, including the issuance of securities thereunder. The exculpation will be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.**

### ~~10.8~~10.9        *Injunction Related to Releases and Exculpation.*

The Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or entity, whether directly, derivatively, or otherwise, of any ~~Claims~~claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, or liabilities released or exculpated pursuant to the Plan, including the claims, obligations,

---

~~professionals, affiliated investment funds or investment vehicles, managed accounts or funds, and such Persons' respective heirs, executors, estates, and nominees, in each case in their capacity as such.~~

[3] "*Exculpated Parties*" means, collectively, (i) the Debtors, (ii) the Reorganized Debtors, (iii) any statutory committee appointed in the Chapter 11 Cases, (iv) the Supporting Noteholders, (v) the Backstop Parties, (vi) the agents and lenders under the Exit ABL Facility, (vii) the agents and lenders under the Prepetition ABL Credit Agreement, (viii) the Supporting Sponsors, (ix) the agents and lenders under the DIP Facilities (x) the holders of the Exit Notes and HoldCo Notes and any agents or trustees thereunder and (xi) with respect to each of the foregoing Persons in clauses (i) through (x), such Persons' predecessors, successors, assigns, subsidiaries, affiliates, current and former officers and directors, principals, equity holders, members, partners, managers, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors, and other professionals, affiliated investment funds or investment vehicles, managed accounts or funds, and such Persons' respective heirs, executors, estates, and nominees, in each case in their capacity as such.

suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities released or exculpated in the Plan or the Confirmation Order.

### 10.10  *Release of Liens.*

Except as otherwise specifically provided in the Plan or in any contract, instrument, release, or other agreement or document contemplated under or executed in connection with the Plan, including the Exit Facility Documents, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the estates shall be fully released and discharged, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns, in each case, without any further approval or order of the Bankruptcy Court and without any action or filing being required to be made by the Debtors.

**<u>Exhibit D</u>**

Disclosure Statement

Document comparison by Workshare Compare on Thursday, September 22, 2022 8:11:04 AM

| Input: | |
|---|---|
| Document 1 ID | iManage://WIL-DMS/WILM/16112258/1 |
| Description | #16112258v1<WILM> - TPC - Solicitation Order (Revised - filed 9.2.22) |
| Document 2 ID | iManage://WIL-DMS/WILM/16127980/2 |
| Description | #16127980v2<WILM> - TPC - Updated Solicitation Order (9-21-22) |
| Rendering set | Standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 190 |
| Deletions | 187 |
| Moved from | 2 |
| Moved to | 2 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 381 |