**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| TPC GROUP INC., *et al.*, | Case No. 22-10493 (CTG) |
| Debtors.[1] | Jointly Administered |
| | **Hearing Date:**<br>**October 13, 2022 at 11:00 a.m. (ET)**<br>**Objection Deadline:**<br>**October 6, 2022 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE
EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY
FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby move (the "**Motion**") as follows:

**REQUESTED RELIEF**

1. Pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**") and rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors hereby move for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), extending the periods during which (1) the Debtors have the exclusive right to file a chapter 11 plan (the "**Exclusive Filing Period**") by four months from September 29, 2022 to January 30, 2023, and (2) the Debtors have the exclusive right to solicit acceptances thereof (the "**Exclusive Solicitation Period**" and together with the Exclusive Filing

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77002.

Period, the "**Exclusive Periods**") by four months from November 28, 2022 to March 28, 2023.

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The Debtors consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      The statutory bases for the relief requested herein is section 1121(d) of the Bankruptcy Code and Local Rule 9006-2.

## GENERAL BACKGROUND

4.      On June 1, 2022 (the "**Petition Date**"), each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5.      On June 14, 2022 the United States Trustee (the "**U.S. Trustee**") for the District of Delaware appointed an official committee of unsecured creditors (the "**Creditors' Committee**").  No party has requested the appointment of a trustee or examiner in these cases.

6.      The Debtors are the leading North American producer and processor of intermediate and specialty chemicals and fuel derivatives. Their products are critical to a wide

range of end-markets and applications, including synthetic rubber, fuels, lubricants, plastics, and surfactants. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Del Genio in Support of Debtors' Chapter 11 Petitions and Related Requests for Relief* [D.I. 27] (the "**First Day Declaration**"),[2] filed on June 1, 2022, and incorporated herein by reference.

## THE DEBTORS HAVE MADE SIGNIFICANT PROGRESS IN THESE CASES

7.      Before first day hearing in these cases, Bayside Capital, Inc. and Cerberus Capital Management, L.P. (collectively, the "**Objecting Noteholders**") initiated an adversary proceeding against TPC Group Inc. (the "**Adversary Proceeding**"). The Objecting Noteholders requested expedited consideration of the Adversary Proceeding to allow their complaint for declaratory relief to be determined before final approval of the Debtors' debtor-in-possession financing motion (the "**DIP Motion**").  Within the first month of these cases, the Debtors fully litigated two summary judgment motions with the Objecting Noteholders.

8.      On July 8, 2022, this Court entered a judgment in the Debtors' favor [A.D.I. 74] (the "**Judgment**") and the Objecting Noteholders immediately sought a stay of the judgment pending appeal. [A.D.I. 78]. This Court denied that motion.  [A.D.I. 82].  Thereafter, the Objecting Noteholders sought a stay of the Judgment pending appeal from the United States District Court for the District of Delaware.  The District Court ultimately denied the Objecting Noteholders' request for a stay.  *In re TPC Group Inc.*, No. 22-cv-9274 (RGA) [D.I. 37] (D. Del. July 26, 2022).

---

[2]      Capitalized terms used herein but undefined shall have the meaning ascribed to them in the First Day Declaration or the Backstop Motion (as defined below), as applicable.

9.      As a result of the delay caused by the Adversary Proceeding and the pendency of the Objecting Noteholders' request for a stay in the District Court, the hearing to consider the DIP Motion on a final basis was adjourned twice: once from June 29, 2022 to July 15, 2022 and then again from July 15, 2022 to July 29, 2022.  This Court ultimately entered an order approving the DIP motion on a final basis on August 2, 2022 [D.I. 566] (the "**Final DIP Order**").

10.     Despite the expedited Adversary Proceeding and the delays in receiving the Final DIP Order, the Debtors filed their *Chapter 11 Plan of Reorganization of TPC Group Inc. and Its Debtor Affiliates* [D.I. 216] (as may be amended, the "**Plan**") and *Disclosure Statement for Joint Chapter 11 Plan of Reorganization of TPC Group Inc. and Its Debtor Affiliates* [D.I. 217] (as may be amended, the "**Disclosure Statement**") within the first month of these cases, on June 15, 2022.

11.     On July 22, 2022, the Debtors filed the *Motion of Debtors for an Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Solicitation Materials and Procedures for Distribution Thereof, (IV) Approving Forms of Ballots and Establishing Procedures for Plan Voting, (V) Scheduling Hearing and Establishing Notice and Objection Procedures in Respect of Confirmation of Plan, and (VI) Granting Related Relief* [D.I. 490] (the "**Solicitation Procedures Motion**"), seeking approval of the Disclosure Statement and authority to solicit acceptances of the Plan.  The hearing to consider the Disclosure Statement and Solicitation Procedures Motion was originally scheduled for August 16, 2022.

12.     Also on July 22, 2022, the Debtors filed the *Motion of Debtors for Order (I) Authorizing Entry into Backstop Agreements, (II) Approving Obligations Thereunder, (III) Approving Rights Offering Procedures and Related Forms, (IV) Authorizing Debtors to Conduct*

*the Rights Offering Transactions, and (V) Granting Related Relief* [D.I. 491] (the "**Backstop Motion**"), seeking authority to conduct the Rights Offering Transactions and enter into the Backstop Agreements, among other things.  A hearing to consider the Backstop Motion is currently scheduled for September 29, 2022 at 3:00 p.m. (ET).

13.    To allow time for the Debtors to negotiate with their significant stakeholders, including the PNO Plaintiffs, the Committee, the Ad Hoc Noteholder Group, and the Objecting Noteholders, the Debtors adjourned the hearing on the Disclosure Statement three times.  Although a consensual plan was not ultimately been agreed to by all parties, the Debtors were able to consensually resolve most of the objections to the Disclosure Statement and during this time period were also able to facilitate an agreement in principle with the Objecting Noteholders that, once documented, will resolve not only the Objecting Noteholders' and Mockingbird Credit Opportunities' objections to the Backstop Motion, but also their objections to the Plan.

14.    On September 22, 2022, this Court held a hearing to consider the adequacy of the Disclosure Statement and the Solicitation Procedures Motion (the "**Disclosure Statement Hearing**").  This Court approved the Disclosure Statement, and, on September 27, 2022, entered an order (the "**Disclosure Statement Order**") authorizing the Debtors to solicit votes on the Plan.  [D.I. 855].  Accordingly, the Debtors are in the process of soliciting votes to accept or reject the Plan, and a hearing for the Court to consider confirmation of the Plan is scheduled for November 7, 2022.

15.    The Debtors also updated their long-range business plan and successfully renegotiated substantially all of the Debtors' significant crude C4 raw material supply contracts, improving the terms for each contract.  In particular, since the Petition Date, the Debtors have

filed, and the Court has approved, the assumption of several core commercial agreements critical to the business (the "**Assumption Motions**").[3]   The Assumption Motions preserved highly valuable commercial relationships with key suppliers and customers that are the product of years, and in some cases decades, of hard work and commercial collaboration.

## BASIS FOR RELIEF

16.    Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to propose and file a plan.  Section 1121(c)(3) of the Bankruptcy Code provides that if the debtor proposes and files a plan within the initial 120-day exclusive period, the debtor then has until 180 days after the commencement of the chapter 11 case to solicit and obtain acceptances of such plan.  Pursuant to section 1121(d)(1) of the Bankruptcy Code, "on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section."

---

[3]    *Order (I) Approving the Debtors' Assumption of Commercial Contracts, as Amended, and (II) Granting Related Relief* [D.I. 190]; *Order (I) Approving the Debtors' Assumption of a Commercial Supply Contract with Formosa, as Amended, and (II) Granting Related Relief* [D.I. 347]; *Order (I) Approving the Debtors' Assumption of a Sales Contract with Trafigura Trading, LLC, and (II) Granting Related Relief* [D.I. 412]; *Order (I) Approving the Debtors' Assumption of Commercial Supply Contracts with CPChem, as Amended, and (II) Granting Related Relief* [D.I. 440]; *Order (I) Approving the Debtors' Assumption of a Commercial Supply Contract with Sasol, as Amended, and (II) Granting Related Relief* [D.I. 446]; *Order (I) Approving the Debtors' Assumption of Commercial Supply Contracts with Nova, as Amended, and (II) Granting Related Relief* [D.I. 447]; *Order(I) Approving the Debtors' Assumption of a Commercial Supply Contract with Shintech, as Amended, and (II) Granting Related Relief* [D.I. 481]; *Order (I) Approving the Debtors Assumption of a Commercial Supply Contract with LACC, as Amended, and (II) Granting Related Relief* [D.I. 572]; *Order (I) Approving the Debtors' Assumption of a Commercial Agreement with Pasadena Performance Products, (II) Approving the Debtors' Use of Estate Property to Pay for Pipeline Connection Costs on Behalf of Non-Debtor Subsidiaries to Realize the Value of Debtors' Commercial Agreement with Pasadena Performance Products, and (III) Granting Related Relief* [D.I. 665]*;* and *Debtors' Motion for Entry of an Order (I) Approving the Debtors' Assumption of Commercial Contracts with Linde, as Amended, (II) Approving the Debtors' Entry into a Post-Petition Commercial Contract with Linde, and (III) Granting Related Relief* [D.I. 843].

17.     Local Rule 9006-2 provides that "if a motion to extend the time to take any action is filed before the expiration of the period proscribed by the Code . . . [then] the time shall automatically be extended until the Court acts on the motion."

18.     Although the term "cause" under section 1121(d)(1) is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement" with its creditors.  H.R. Rep. No. 595, 95th Cong., 1st Sess. 232 (1977); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987); *In re Public Serv. Co. of N.H.*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent . . . [is] to promote maximum flexibility.").  To facilitate this legislative intent, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and non-financial information concerning the ramifications of any proposed plan for disclosure to creditors.  *See, e.g.*, *McLean*, 87 B.R. at 833–34; *In re Texaco, Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

19.     The decision to extend a debtor's exclusive periods is committed to the bankruptcy court's sound discretion, guided by the facts and circumstances of each case.  *See, e.g.*, *First Am. Bank of N.Y. v. S.W. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986).  Courts consider a variety of factors in determining whether "cause" exists to warrant an extension of the exclusive periods, including:  (a) the size and complexity of the case; (b) the debtor's progress in resolving issues facing the estate; and (c) whether an extension of time will harm the debtor's creditors.  *See, e.g., In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409–10 (E.D.N.Y. 1989) (listing factors); *In re Dow Corning Corp.*, 208 B.R. 661, 664–65 (Bankr. E.D. Mich. 1997) (citing *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996)).  The existence of good faith progress and the need for additional time to continue

such progress are particularly significant factors that establish cause for extending the exclusive

periods under section 1121(d) of the Bankruptcy Code. *See Express One Int'l, Inc.*, 194 B.R. at

101; *In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986).

20.     Cause exists to extend the Exclusive Periods in this chapter 11 case.  First,

the Debtors and their professionals have made significant progress in moving the case toward a

successful completion, including spending considerable time addressing numerous issues

involving creditors and other parties in interest.  Notably, since the Petition Date, the Debtors

have, among other things: (a) put forth the Plan and accompanying Disclosure Statement; (b)

obtained approval of the Disclosure Statement and authorization to solicit acceptances of the

Plan; (c) litigated extensively with the Objecting Noteholders in the Adversary Proceeding; (d)

obtained this Court's approval of the Final DIP Order; (e) negotiated the terms of the Rights

Offering Transactions and Backstop Agreements; (f) renegotiated substantially all of Debtors'

material commercial supply contracts; (g) prepared and filed their schedules of assets and

liabilities and statement of financial affairs [*see*, *e.g.*, D.I. 666]; (h) obtained Court orders to

retain critical professionals and establish procedures for the interim compensation of

professionals; (i) responded to extensive diligence and discovery requests propounded by the

Committee; and (j) addressed other matters to facilitate the orderly administration of the

Debtors' bankruptcy case.

21.     Second, the extension request is reasonable and is consistent with the

efficient prosecution of these chapter 11 cases in that it will provide the Debtors the additional

time necessary to administer claims and solicit acceptances to the Plan in accordance with the

already-approved process provided in the Disclosure Statement Order.  Allowing the Exclusive

Periods to lapse now would defeat the purpose of section 1121 and deprive the Debtors of the

benefit of a meaningful and reasonable opportunity to confirm the Plan.  Further, to permit other parties in interest to potentially propose an alternative plan at this early stage of the chapter 11 cases will only serve as an unnecessary complication and distraction. Consequently, the relief requested herein is necessary.

22.     Third, creditors will not be harmed by extending exclusivity at this time. This Motion is the Debtors' first motion to extend the Exclusive Periods.  The Debtors intend to use the extended Exclusive Periods to, among other things, resolve outstanding claims and attempt to negotiate and confirm a consensual plan.  As such, the Debtors submit that creditors will not be prejudiced by this extension of the Exclusive Periods.

23.     For all the foregoing reasons, the Debtors submit that sufficient cause exists to extend the Exclusive Filing Period through and including January 30, 2023, and the Exclusive Solicitation Period through and including March 28, 2023.

## NOTICE

24.     Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036-6745 (Attn. Phillip C. Dublin and Naomi Moss); (iii) counsel to the DIP ABL Lender, Goldberg Kohn, 55 E Monroe St., Ste 3300, Chicago, IL 60603 (Attn: Dimitri G. Karcazes and Prisca M. Kim); (iv) counsel to the Ad Hoc Noteholder Group, Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 (Attn: Kristopher M. Hansen, Kenneth Pasquale, Erez E. Gilad, Jonathan D. Canfield and Gabe E. Sasson); and (v) any other party entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no further notice of this Motion is required under the circumstances.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order

substantially in the form of the Proposed Order attached as **Exhibit A** and grant such other relief

as is just and proper under the circumstances.

Dated: September 28, 2022
          Wilmington, Delaware

*/s/ Brian Loughnane*

**BAKER BOTTS L.L.P.**
James R. Prince (admitted *pro hac vice*)
Kevin Chiu (admitted *pro hac vice*)
2001 Ross Avenue, Suite 900
Dallas, Texas 75201-2980
Telephone:     (214) 953-6500
Facsimile:     (214) 953-6503
Email: jim.prince@bakerbotts.com
          kevin.chiu@bakerbotts.com

-and-

BAKER BOTTS L.L.P.
Scott R. Bowling (admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone:     (212) 408-2500
Facsimile:     (212) 259-2501
Email: scott.bowling@bakerbotts.com

-and-

BAKER BOTTS L.L.P.
David R. Eastlake (admitted *pro hac vice*)
Lauren N. Randle (admitted *pro hac vice*)
910 Louisiana Street
Houston, Texas 77002
Telephone:     (713) 229-1234
Facsimile:     (713) 229-1522
Email: david.eastlake@bakerbotts.com
          lauren.randle@bakerbotts.com

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Robert J. Dehney (No. 3578)
Curtis S. Miller (No. 4583)
Daniel B. Butz (No. 4227)
Matthew O. Talmo (No. 6333)
Brian Loughnane (No. 6853)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email:    rdehney@morrisnichols.com
             cmiller@ morrisnichols.com
             dbutz@ morrisnichols.com
             mtalmo@ morrisnichols.com
             bloughnane@ morrisnichols.com

*Attorneys for Debtors*
*and Debtors in Possession*

-10-