**Exhibit A**

*In re TPC Group Inc., et al.*, No. 22-10493 (CTG)
**Plan Settlement Term Sheet**

The below chart sets forth the outline for the material terms of amendments to the *Second Amended Joint Chapter 11 Plan of TPC Group Inc. and Its Debtor Affiliates* [D.I. 857-1] (the "Plan") memorializing a settlement regarding the treatment of General Unsecured Claims under the Plan. The parties will work in good faith to amend the Plan to effectuate the terms of the settlement set forth herein. Nothing in the amendments will (i) characterize or determine whether any claim constitutes property of the Debtors' estates, or (ii) apply to any plan of reorganization other than the Plan.

| Terms | Notes |
|---|---|
| $30 million in cash | - Paid on Plan Effective Date.<br>- Portion of cash, determined by the UCC and not to exceed $3 million, will be used to fund professional fees and expenses and administrative costs of a GUC Trust, including the fees of the GUC Trustee. Amount determined by the UCC shall be reasonably acceptable to MDL Settlement Committee and disclosed in the Plan Supplement, and approved by the Court in the Confirmation Order.<br>- Each holder of an Allowed General Unsecured Claim to receive its Pro Rata share of the GUC Trust Interest which shall entitle such holder to receive its Pro Rata share of the GUC Trust Assets.<br>- The GUC Trust Agreement shall be in form and substance acceptable to the Debtors, Ad Hoc Noteholder Group, UCC, and MDL Leadership. |
| Assignment of Debtors' Causes of Action against (the "Assigned Causes of Action"):<br>- Third parties in connection with the PNO Explosion[1] (*e.g.*, Nalco, Suez, Ingenero, etc. but excluding the Supporting Sponsors (as defined in the Plan), SK Second Reserve, L.P., and their affiliates and related parties and excluding carriers and their affiliates and related parties under the Debtors' property damage and business interruption policies)<br>- Preference recipients (except with respect to go-forward trade counterparties, Claims and Causes of Action released under Section 10.7(a) of the amended Plan, or to the extent resolved by critical vendor and executory contract assumption agreements) | - Applicable Debtor to assume executory contract(s) with Nalco under assumed Plan[2]; provided, that such assumption shall not include any settlement or release of causes of action against Nalco being transferred to the GUC Trust.<br>- Debtors will assign privileges with respect to the Assigned Causes of Action to the GUC Trust, which shall not waive any such privileges without the express written consent of the Reorganized Debtors.<br>- Debtors, Ad Hoc Noteholder Group and UCC to agree on scope and duration of a robust cooperation agreement among the Reorganized Debtors and the GUC Trustee in respect of the Assigned Causes of Action, with such cooperation to be provided at no cost to GUC Trust.<br>- Professionals for the Debtors, the UCC and the Ad Hoc Noteholder Group shall review all potential preferences and work cooperatively to determine which claims shall be assigned to the GUC Trust. |

---

[1] With respect to any entity against which an estate cause of action against a third party is assigned to the GUC Trust herein, the Debtors/Reorganized Debtors shall assign to and/or pay over upon receipt to the GUC Trust all amounts that are payable or paid to the Debtors/Reorganized Debtors or their estates, or each of them, in conjunction with any proceeds that are recovered in any subrogation proceedings against any such entity, whether brought by the Debtors'/Reorganized Debtors' insurers or otherwise, including but not limited to any recovery of deductibles and/or uninsured losses.

[2] Out of abundance of caution, the Debtors have listed two Nalco documents that contain indemnity language on rejection list.

| Terms | Notes |
|---|---|
| MDL Plaintiffs' claims allowed in aggregate amount of $500 million | <ul><li>Amended Plan to provide for allowance of the MDL Plaintiffs' claims in the aggregate amount of $500 million solely for plan distribution purposes and for no other purpose, subject to the MDL Plaintiffs providing information to the Debtors and the Ad Hoc Noteholder Group (on a professionals' eyes only basis) supporting such amount.</li><li>MDL Plaintiffs to take the lead on substantiating claims in Court as part of confirmation of amended Plan, if required. Plan and any related definitive documents to provide that allowed amount is not an admission as to existence, or quantum, of liability of any person and may not be offered or otherwise relied upon in any subsequent proceeding for any purpose other than determining the rights of holders of General Unsecured Claims against the GUC Trust and making distributions on account of Allowed General Unsecured Claims.</li></ul> |
| Waiver of 10.5% Notes' Deficiency Claim | <ul><li>10.5% Notes waive recovery in respect of unsecured portion of claim (which, for clarification, is not a change to the current Plan).</li></ul> |
| Exculpation and Third-Party Releases | <ul><li>Definition of Exculpated Parties will remain the same as under current Plan, except definition of Exculpated Parties to be amended to include (a) the UCC, its members and professionals, and (b) MDL leadership firms, in each case, to the fullest extent permitted by applicable law. Debtors will use reasonable efforts to obtain exculpation for the Supporting Sponsors, SK Second Reserve, L.P., and MDL leadership firms, but if denied by the Court, the Plan will be amended accordingly.</li><li>Notwithstanding any ballots submitted by them in connection with solicitation of votes on the Plan (including any attempted "opt out" elections made on such ballots), each UCC member and each MDL Plaintiff represented by counsel agrees to grant the releases set forth in Section 10.7(b) of the Plan as to all Released Parties (as defined in the Plan) other than SK Second Reserve, L.P., the Supporting Sponsors and any party related to SK Second Reserve, L.P. or the Supporting Sponsors listed in clause (xiii) of the definition of "Released Parties" (including, for the avoidance of doubt, SK Capital Partners LP) but including any such party in a capacity as an employee, officer or director of the Debtors. Such agreement will be set forth in the Confirmation Order.</li><li>MDL Plaintiffs represented by counsel will be permitted to opt out (on a consolidated basis through counsel and without the need to make "opt out" elections on individual Class 4 ballots) of the releases set forth in Section 10.7(b) of the Plan solely with respect to SK Second Reserve, L.P., the Supporting Sponsors and any party related to SK Second Reserve, L.P. or the Supporting Sponsors listed in clause (xiii) of the definition of "Released Parties" (including, for the avoidance of doubt, SK Capital Partners LP) except in any such party's capacity as an officer, director or employee of the Debtors.</li><li>At no time will any of the MDL Plaintiffs, their attorneys, or any of their successors or assigns pursue, or cause or knowingly permit the prosecution of, in any state, federal, or foreign court or any other tribunal, any claim or Cause of Action against any officer, director, employee, or member of the board of managers of Sawgrass Holdings GP LLC arising from, related to, or in connection with the PNO Explosions. Any claim or Cause of Action subject to this covenant is not transferrable absent the transferee's prior written agreement to be bound to this covenant and any such transfer of any claim or Cause of Action that does not comply with the terms and procedures set forth herein, including the prior written agreement by the transferee to be bound by this covenant, shall be deemed void ab initio. For the avoidance of doubt and as further clarity, this provision applies only to these specific individuals, and nothing herein prevents the pursuit or prosecution of claims or Causes of Action against any entity not released by the MDL Plaintiffs in which those persons may hold an officer, director, employee or board of manager position.</li></ul> |
| Creditor Releases | <ul><li>The UCC, UCC members, MDL Leadership and each unsecured creditor that votes to accept the Plan (other than third parties whom the Debtors' Causes of Action against are to be assigned to the GUC Trust (*e.g.*, Nalco, Ingenero, Suez, etc.)), and their respective professionals, will receive releases under the Plan to the fullest extent permitted by applicable law by the Debtors and the Releasing Parties (as defined in the Plan); *provided*, *however*, that SK Second Reserve, L.P. and the Supporting Sponsors shall not provide releases to any Holders of Class 4 General Unsecured Claims under the Plan unless such Holders grant the releases set forth in Section 10.7(b) of the Plan to SK Second Reserve, L.P. and the Supporting Sponsors.</li></ul> |

| Terms | Notes |
|---|---|
| Objections to General Unsecured Claims | - On or after the Plan Effective Date, the GUC Trust shall have the exclusive right to object to or settle unsecured claims or to continue the prosecution of objections to General Unsecured Claims, except as provided below in respect of Lion's claims and disputes.  Prior to the Plan Effective Date, the Debtors, in consultation with the Ad Hoc Noteholder Group (or subject to the consent of the Ad Hoc Noteholder Group, if required pursuant to the Restructuring Support Agreement), shall not object to or settle any General Unsecured Claims without the consent of the UCC, such consent not to be unreasonably withheld; it being understood that any resolution of any such General Unsecured Claim by the Debtors shall not create any Claim, Interest or liability other than a General Unsecured Claim.<br>- Prior to the Plan Effective Date, the UCC shall take the lead on unsecured claim reconciliation with respect to the General Unsecured Claims of Air Liquide and Indorama (but, for the avoidance of doubt, excluding the General Unsecured Claims of Lion which shall be subject to the Debtors' prior resolution of the Lion contract rejection motion and adversary proceeding), provided that (i) the UCC shall consult with the Debtors and the Ad Hoc Noteholder Group with respect to any resolution of such claims of Air Liquide and Indorama, (ii) any allowance of General Unsecured Claims of Air Liquide in excess of $22 million shall require the consent of the Debtors and the Ad Hoc Noteholder Group (such consent not to be unreasonably withheld), and (iii) in any case, the resolution of any such claim described in the foregoing clauses (i) and (ii) shall not create any Claim, Interest or liability other than a General Unsecured Claim.  Any resolution of General Unsecured Claims filed by Lion shall be subject to the UCC's reasonable consent prior to the Plan Effective Date, and the GUC Trustee's and Reorganized Debtors' reasonable consent after the Plan Effective Date. |
| MDL Plaintiffs' and UCC Professional Fees | - Reasonable and documented post-petition fees and out-of-pocket expenses of MDL Plaintiffs' professionals (Stutzman, Bromberg, Esserman & Plifka, P.C., Hogan McDaniel and Sullivan Hazeltine Allinson LLC) in an amount not to exceed $625,000[3] to be paid by the Debtors or Reorganized Debtors, as applicable, on the later of the Plan Effective Date or within 10 business days following delivery to the Reorganized Debtors of final invoices.<br>- The UCC and MDL Plaintiffs agree to take all actions reasonably appropriate to limit any further significant accrual of professional fees and expenses, including stopping all fee accrual with respect to all litigation work streams.  For the avoidance of doubt, the UCC and its professionals shall continue to acquit their fiduciary duties to the Debtors' unsecured creditors. |
| Other Plan and Confirmation Order provisions | - Any provisions impacting the treatment of General Unsecured Claims shall be in form and substance acceptable to the Debtors, the UCC and the Ad Hoc Noteholder Group, each acting reasonably.<br>- The Debtors/Reorganized Debtors will have no interest in the MDL Plaintiffs' pursuit of direct claims against the Sponsors and third parties in connection with the PNO Explosion or in any party's defenses thereto; *provided*, that the Debtors/Reorganized Debtors will not be prohibited from responding to requests for documents, testimony, or factual information by any party.<br>- Absent further agreement, the Plan shall not include any form of non-consensual channeling injunction for Nalco, other parties against whom Causes of Action are being transferred to the GUC Trust or the Sponsors or their affiliates.<br>- Trustee of the GUC Trust, and any trust advisory board or committee members, if applicable, together with its or their compensation arrangements, to be selected and negotiated by the UCC and the MDL Settlement Committee, shall be disclosed in the Plan Supplement and shall be approved by the Court in its Confirmation Order. Any trust advisory board or committee will comprise creditors constituting a fair representation of all Class 4 General Unsecured Claims/beneficiaries of GUC Trust.<br>- In the event of any litigation arising out of the Plan post-Effective Date between the GUC Trust and the Reorganized Debtors, the losing party shall be responsible for the prevailing party's fees and expenses associated with such litigation. |

---

[3] To the extent such amount is insufficient to cover the total amount of such fees and expenses, such amount will be distributed to each firm on a pro rata basis based on the fees and expenses incurred by each firm.

| Terms | Notes |
|---|---|
| Creditor support | • The UCC and its members, the MDL Plaintiffs, and the Ad Hoc Noteholder Group will support confirmation of an amended Plan incorporating the above terms and the Debtors shall agree to any reasonable extension of the plan voting deadline requested by the UCC to obtain creditor support not to exceed two weeks and confirmation to be set and heard no later than the end of November 2022, subject to the Court's availability. The MDL Plaintiffs shall vote to accept the amended Plan. Unless otherwise agreed by the Debtors and the Ad Hoc Noteholder Group, the UCC will draft a letter to be approved by the Court and distributed to Class 4 General Unsecured Creditors encouraging Class 4 General Unsecured Creditors to vote to accept the amended Plan. |
| MDL Plaintiffs' Motion Regarding Automatic Stay | • Section 10.9 of the Plan shall be amended as follows:<br>   o Existing Section 10.9 shall be renumbered as Section 10.9(a).<br>   o A new Section 10.9(b) will be added and will provide: "For the avoidance of doubt, the Bankruptcy Court will determine whether claims and Causes of Action that are the subject of the Motion for Clarification [D.I. 848] are property of the Estates. Any claims or Causes of Action determined not to be property of the Estates and for which the MDL Plaintiffs have not granted the releases set forth in Section 10.7(b) hereof are not enjoined by Section 10.9(a)."<br>• All pending motions regarding the automatic stay shall be adjourned to save estate resources until the earlier of 10 Business Days after entry of the Confirmation Order and the Plan Effective Date (but, subject to the Bankruptcy Court's availability, in no event later than December 21, 2022), with all parties' rights reserved.<br>• The Bankruptcy Court's disposition of the Motion for Clarification shall not affect the validity of this Plan Settlement or excuse any Party from its performance of its obligations under this Plan Settlement. |
| UCC's Standing Motion and Objection to Plan Exclusivity | • The UCC's Standing Motion and Objection to Plan Exclusivity to be adjourned to save estate resources pending confirmation and Plan Effective Date and both be withdrawn with prejudice on or as soon as reasonably practicable after the Plan Effective Date. |
| Debtors' Estimation Motion | • The Debtors' Estimation Motion and related objection deadline to be adjourned to save estate resources pending confirmation and Plan Effective Date and be withdrawn with prejudice on or as soon as reasonably practicable after the Plan Effective Date. |
| Insurance Settlement Motion | • The UCC and its members, and the MDL Plaintiffs, agree not to oppose any prospective settlement filed with the Court between the Debtors and their Insurers to resolve the PNO Claim, except to the extent it may adversely impact any Causes of Action to be transferred to the GUC Trust or other third party, non-released claims. |
| Discovery | • The Debtors, the Ad Hoc Noteholder Group, the UCC and its members, the Supporting Sponsors, and the MDL Plaintiffs, to withdraw all outstanding discovery requests made to one another in connection with these chapter 11 cases and work collaboratively in support of confirmation of the amended Plan without taking further formal discovery. |
| Class Certification | • All pending motions regarding class claims shall be adjourned to save estate resources until no earlier than 21 days after the Plan Effective Date, with all parties' rights reserved, and then either withdrawn without prejudice or renewed by the movants for resolution by the GUC Trust, but may not be offered or otherwise relied upon in any subsequent proceeding for any purpose other than determining the rights of holders of General Unsecured Claims against the GUC Trust and making distributions on account of Allowed General Unsecured Claims. |